UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: HID BALLASTS | : : | |
| THIS DOCUMENT RELATES TO: | : : | 2:13-cv-01702-MOB-MKM 2:13-cv-01703-MOB-MKM |
| DEALERSHIP ACTIONS END-PAYOR ACTIONS | : : | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT NORTH AMERICAN LIGHTING, INC.'S
MOTION TO DISMISS THE DEALERSHIP AND END-PAYOR COMPLAINTS**

Defendant North American Lighting ("NAL"), by and through counsel, hereby moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan to dismiss the Dealership Consolidated Amended Class Action Complaint ("Dealership CAC") (Case No. 1702, Doc. No. 25) and the End-Payors' Consolidated Amended Class Action Complaint ("EP CAC") (Case No. 1703, Doc. No. 9) (collectively, the "Complaints" or "Indirect Purchaser Plaintiffs' (IPPs') Complaints") in their entirety for failure to state a claim against NAL upon which relief can be granted. In support of the foregoing Motion, NAL states as follows:

1. This Motion is based on the grounds discussed in the Brief in Support of the Motion contained herein; Defendants' Collective Motion to Dismiss the End-Payors' and the Automobile Dealers' Consolidated Amended Class Action Complaints (filed contemporaneously hereto); the arguments of counsel; and other further matters as this Court may consider.

2.	As required by Eastern District of Michigan Local Rule 7.1(a), counsel for NAL sought concurrence from counsel for the End-Payor Plaintiffs and Dealership Plaintiffs on September 4, 2014, via telephone conference. During this call, counsel for NAL explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of Indirect Purchaser Plaintiffs' Complaints).

WHEREFORE, Defendant NAL respectfully requests that the Court issue an order GRANTING this Motion to Dismiss with prejudice and awarding NAL such other and further relief as the Court deems just.

Dated:  September 19, 2014                                          Respectfully submitted,

**ARNOLD & PORTER LLP**

By:    *s/ Franklin R. Liss*
Franklin R. Liss (DC Bar #440289)
Barbara H. Wootton (DC Bar #470764)
Tiana Russell (DC Bar #975463)
Lauren K. Peay (DC Bar #982275)
555 Twelfth Street NW
Washington, DC 20004
Telephone:  (202) 942-5969
Facsimile:  (202) 942-5999
Email:  frank.liss@aporter.com
barbara.wootton@aporter.com
tiana.russell@aporter.com
lauren.peay@aporter.com

**DYKEMA GOSSETT PLLC**

By: *s/ Brian M. Moore*
Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0700
Facsimile: (248) 203-0763
Email: hiwrey@dykema.com
bmoore@dykema.com

*Attorneys for Defendant North American Lighting, Inc.*

3

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311 <br> : Honorable Marianne O. Battani |
| In Re: HID BALLASTS | : |
| THIS DOCUMENT RELATES TO: <br><br> DEALERSHIP ACTIONS <br> END-PAYOR ACTIONS | : 2:13-cv-01702-MOB-MKM <br> : 2:13-cv-01703-MOB-MKM <br><br> : **ORAL ARGUMENT REQUESTED** |

**DEFENDANT NORTH AMERICAN LIGHTING, INC.'S BRIEF IN SUPPORT
OF MOTION TO DISMISS THE DEALERSHIP AND END-PAYOR COMPLAINTS**

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUE PRESENTED ................................................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .................................................... iii

TABLE OF AUTHORITIES ................................................................................................... iv-v

PRELIMINARY STATEMENT ................................................................................................. 1

INTRODUCTION ...................................................................................................................... 1

I.    THE IPPs' COMPLAINTS FAIL TO STATE A CLAIM AGAINST
    NAL AND MUST BE DISMISSED ............................................................................... 2

CONCLUSION ........................................................................................................................... 8

## STATEMENT OF THE ISSUE PRESENTED

1.  Whether under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and related, controlling Sixth Circuit precedent, the Dealership and End-Payor Plaintiffs have alleged facts sufficient to meet the standard for pleading an antitrust conspiracy as to North American Lighting, Inc.?

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896 (6th Cir. 2009)

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430 (6th Cir. 2008)

*Mich. Div.–Monument Builders of N.A. v. Mich. Cemetery Ass'n,* 524 F.3d 726 (6th Cir. 2008)

**Rules**

Fed. R. Civ. P. 12(b)(6)

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................2, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................2, 3, 5, 6

*Carrier Corp. v. Outokumpu Oyj*,
  673 F.3d 430 (6th Cir. 2012) ................................................................................ 3, 7-8

*Corrigan v. U.S. Steel Corp.*,
  478 F.3d 718 (6th Cir. 2007) ........................................................................................6

*Expert Masonry, Inc. v. Boone Cnty., Ky.*,
  440 F.3d 336 (6th Cir. 2006) ........................................................................................3

*Hinds Cnty. v. Wachovia Bank N.A.*,
  620 F. Supp. 2d 499 (S.D.N.Y. 2009).........................................................................6

*In re Auto. Parts Antitrust Litig.*,
  No. 2:12-cv-00101, 2013 WL 2456584 (E.D. Mich. June 6, 2013) (Battani, J.) ......2

*In re Auto. Parts Antitrust Litig.*,
  No. 2:12-cv-00102, 2013 WL 2456613 (E.D. Mich. June 6, 2013) (Battani, J.) ......7

*In re Auto. Parts Antitrust Litig*,
  No. 2:12-cv-00100, 2013 WL 2456013 (E.D. Mich June 6, 2013) (Battani, J.) .......7

*In re Refrigerant Compressors Antitrust Litig.*,
  No. 2:09-md-02042, 2012 WL 2114997 (E.D. Mich. June 11, 2012)...............5, 6, 7

*In re Travel Agent Comm'n Antitrust Litig.*,
  583 F.3d 896 (6th Cir. 2009) ............................................................................2, 3, 5, 7

*Mich. Div.-Monument Builders of N.A. v. Mich. Cemetery Ass'n*,
  458 F. Supp. 2d 474 (E.D. Mich. 2006)..................................................................3, 7

*Mich. Div.–Monument Builders of N.A. v. Mich. Cemetery Ass'n,*
  524 F.3d 726 (6th Cir. 2008) ........................................................................................3

*Precision, Inc. v. Kenco/Williams, Inc.*,
  66 Fed. Appx. 1 (6th Cir. 2003) ...................................................................................6

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
   552 F.3d 430 (6th Cir. 2008) ....................................................................................3, 4, 6, 7

**STATUTES**

Sherman Act Section 1..........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8....................................................................................................................1

Fed. R. Civ. P. 12(b)(6).....................................................................................................1, 2

**PRELIMINARY STATEMENT**

Defendant North American Lighting, Inc. ("NAL") respectfully submits this Brief in support of its motion to dismiss the Dealership Consolidated Amended Class Action Complaint ("Dealership CAC") (Case No. 1702, Doc. No. 25) and the End-Payors' Consolidated Amended Class Action Complaint ("EP CAC") (Case No. 1703, Doc. No. 9) (collectively, the "Complaints" or "Indirect Purchaser Plaintiffs' (IPPs') Complaints") in their entirety because they fail to state a claim against NAL under Federal Rule of Civil Procedure 12(b)(6).  NAL also joins in Defendants' Collective Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints.

**INTRODUCTION**

The Dealership Plaintiffs and End-Payor Plaintiffs ("IPPs") filed consolidated amended class action complaints on June 21, 2014 and June 13, 2014, respectively.  The Complaints allege that a number of defendants conspired to fix prices of HID ballasts in violation of various antitrust laws.  Among the defendants named are NAL, a Michigan corporation, and Koito Manufacturing Co., Ltd. ("Koito"), a Japanese corporation.  Both Complaints identify NAL as a Michigan corporation that sells HID ballasts in the United States and has its principal place of business in Illinois, and allege that NAL is a "wholly-owned and/or controlled" subsidiary of Koito.  *See* Dealership CAC ¶ 123; EP CAC ¶ 92.

The allegations in the Complaints do not satisfy plaintiffs' pleading obligations under Federal Rule of Civil Procedure 8 as to NAL.  The Complaints' specific allegations relating to NAL amount to nothing more than factual statements regarding NAL as a corporate entity, and allegations regarding its relationship with Koito.  The Complaints fail to make any concrete allegations about NAL's involvement in the purported conspiracy, and because NAL is a distinct

corporate entity from Koito, the alleged conduct of Koito cannot be imputed to NAL.  As they do not plausibly allege involvement by NAL in the alleged antitrust conspiracy, the Complaints against NAL should be dismissed.

I.  **THE IPPs' COMPLAINTS FAIL TO STATE A CLAIM AGAINST NAL AND MUST BE DISMISSED**

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court made clear that, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint alleging an antitrust conspiracy must do more than recite conclusory labels such as "conspiracy" or "agreement."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Rather, plaintiffs bear the burden of pleading factual allegations that are "enough to raise a right to relief above the speculative level" and that demonstrate that relief is "plausible on its face."  *Id.* at 555, 570; *see also In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009).  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).  "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  *Travel Agent*, 583 F.3d at 903 (*quoting Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).  Indeed, as this Court ruled in *Wire Harnesses*, at a minimum a complaint must "include[] allegations that inform Collective Defendants what wrongdoing they are alleged to have committed and . . . enable Collective Defendants to respond [to them]."  *In re Auto. Parts Antitrust Litig.*, No. 2:12-cv-00101, 2013 WL 2456584, at *5 (E.D. Mich. June 6, 2013) (Battani, J.).  And in the antitrust context, the Sixth Circuit has recognized that it is the Court's responsibility to "retain the power to insist on some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Mich. Div.–Monument Builders of N.A. v. Mich. Cemetery Ass'n,* 524

F.3d 726, 731 (6th Cir. 2008) (quoting *Twombly,* 550 U.S. at 558)); *see also Travel Agent*, 583 F.3d at 909 (*citing Twombly*, 550 U.S. at 558-59).

Furthermore, a Sherman Act Section 1 claim must include allegations that *each* defendant named in the complaint "engaged in a conspiracy, combination, or contract." *Expert Masonry, Inc. v. Boone Cnty., Ky.*, 440 F.3d 336, 342-43 (6th Cir. 2006). As the Sixth Circuit has explained, "[g]eneric pleading, alleging misconduct against defendants without specifics as to the role each played in the alleged conspiracy, was specifically rejected under *Twombly*." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008); *see also Travel Agent*, 583 F.3d at 905 (requiring a complaint to "specify how these defendants are involved in the alleged conspiracy"). References to a group of defendants in general that are unaccompanied by any specific allegations as to the particular defendant are not sufficient. *See Mich. Div.-Monument Builders v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006), *aff'd* 524 F.3d 726 (6th Cir. 2008) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual . . . defendant."). Indeed, the Sixth Circuit requires that, "[t]o survive a motion to dismiss", conspiracy allegations "must be specific enough to establish the relevant 'who, what, where, when, how or why'" and that they "specify how [each] defendant [was] involved in the alleged conspiracy." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 445 (6th Cir. 2012) (citing *Travel Agent*, 583 F.3d at 905).

IPPs' Complaints do not satisfy plaintiffs' pleading obligations under Rule 8 with respect to NAL as they fail to allege any facts that plausibly connect NAL specifically to the purported conspiracy to fix prices for HID ballasts. Here, the IPPs have failed to specify how NAL was

3

involved in any alleged wrongdoing. IPPs' Complaints include only minimal references to NAL. The few allegations that do reference NAL, even taking into account the vague allegations against "Defendants," are merely statements of its business locations and sales that cannot support a plausible inference that NAL met with other defendants to form a conspiracy, agreed to fix prices, and then charged their customers supracompetitive prices. *See, e.g., Total Benefits*, 552 F.3d at 436. With respect to NAL, the End-Payors and Dealership Plaintiffs each make only a single specific allegation as to NAL's "involvement" in the alleged conspiracy:

- Defendant North American Lighting, Inc. is a Michigan corporation with its principal place of business in Illinois. It is a subsidiary of and wholly-owned and/or controlled by its parent, Koito Manufacturing Co., Ltd. North American Lighting, Inc. manufactured, marketed, and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period. EP CAC ¶ 92.

- Defendant North American Lighting, Inc. is a Michigan corporation with its principal place of business in Illinois. It is a subsidiary of and wholly-owned and/or controlled by its parent, Koito Manufacturing, Co., Ltd. North American Lighting, Inc. manufactured, marketed, and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period, including by firms that sold such HID Ballasts to Plaintiffs and/or Class members. At all times during the Class period the activities of North American Lighting, Inc. were under the control and direction of Koito Manufacturing Co., Ltd. which controlled its policies, sales, and finances. Dealership CAC ¶ 123.

4

These barebones references to NAL that constitute a single paragraph in each complaint are nothing more than the IPPs' attempt to shoehorn NAL into the alleged conspiracy between Japanese HID ballast suppliers concerning sales to Japanese auto makers, which is the focus of their 268 and 315 paragraph long complaints. These allegations fall squarely within the type of vague allegations that cannot support a plausible inference of conspiracy under *Twombly* and *Iqbal*.

In lumping NAL's name in with the other Defendants, Plaintiffs ignore basic pleading requirements as they fail to make a single allegation of NAL's particular involvement in the alleged conspiracy. Plaintiffs' conspiracy claims against NAL cannot be sustained solely on the basis of group allegations against "defendants" generally, according to controlling Sixth Circuit precedent. *Travel Agent*, 583 F.3d at 905 ("Plaintiffs attempt to implicate these defendants in the purported conspiracy by relying on several vague allegations contained in the Amended Complaint that refer to 'defendants' or 'defendants' executives.' However, plaintiffs' reliance on these indeterminate assertions is misplaced because they represent precisely the type of naked conspiratorial allegations rejected by the Supreme Court in *Twombly.*"); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2114997, at *8 (E.D. Mich. June 11, 2012) (dismissing complaint alleging an antitrust conspiracy because "its allegations are vague and reference "Defendants' without specific factual allegations as to the numerous individual defendants named in this case").

Allegations, like those in the Complaints, simply stating that NAL sold HID ballasts in the U.S., are insufficient. *See Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512 (S.D.N.Y. 2009) (finding that allegations that "merely aver that … Defendants were involved in the sale" of the product at issue are "insufficient to state a § 1 claim[.]"). Similarly, the

5

allegation that NAL was a market participant is plainly insufficient to state a claim. *See Total Benefits*, 552 F.3d at 436-37 (affirming dismissal where plaintiffs did not specify "the role each [defendant] played in the alleged conspiracy" (*citing Twombly*, 550 U.S. at 565 n.10)).

Furthermore, a complaint must include allegations against each defendant, and simply making allegations against a parent corporation is insufficient to serve as an allegation against a subsidiary or affiliate.[1] *See Refrigerant Compressors*, 2012 WL 2114997, at *6-8 (denying motion to dismiss with respect to a Japanese corporation defendant which had pled guilty, but dismissing antitrust conspiracy complaint as to that defendant's wholly-owned U.S. subsidiary, because the complaint lacked specific allegations of the wrongdoing of the domestic subsidiary); *see also Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007) ("A parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned . . . . The burden of proof to demonstrate grounds for piercing the corporate veil is on the party seeking to [pierce the corporate veil and] impose liability on the parent corporation."). IPPs cannot evade these requirements by merely supplementing allegations about the parent corporation's illegal conduct with allegations about the structure of the parent-subsidiary relationship. *See Mich. Div.-Monument Builders,* 458 F. Supp. 2d at 485. Rather, the plaintiffs must plausibly allege wrongdoing by NAL specifically. *See Total Benefits*, 552 F.3d at 436; *Refrigerant Compressors*, 2012 WL 2114997, at *7. IPPs' factual allegations do not show "how [NAL was] involved in the alleged conspiracy," and accordingly do not make their antitrust claims against NAL facially plausible. *Travel Agent*, 583 F.3d at 905.

---

[1] Moreover, IPPs have not alleged facts that would permit the Court to disregard the corporate separation of NAL and Koito. The conclusory assertion that NAL was "wholly-owned and/or controlled" by Koito, *see* EP CAC ¶ 92; Dealership CAC ¶ 123, does not meet the stringent standard for veil piercing under Michigan law. *See Precision, Inc. v. Kenco/Williams, Inc.*, 66 Fed. Appx. 1, 4 (6th Cir. 2003) (finding that Michigan courts will pierce the corporate veil where there is complete identity between the two entities and the use of the corporate form was improper).

Finally, the threadbare allegations in the IPPs' Complaints distinguish them from the allegations at issue in this Court's opinions declining to dismiss complaints as to U.S. subsidiaries in the *Wire Harnesses* case. For example, the differences between the allegations here and the allegations at issue in the complaint filed against TRAM, Inc. and Tokai Rika, Inc., are very stark. There, the complaint included allegations that the parent company had pled guilty to specific conduct that occurred at TRAM, its U.S. subsidiary. *In re Automotive Parts Antitrust Litigation*, No. 2:12-cv-00100, 2013 WL 2456013 at *3 (E.D. Mich June 6, 2013) (Battani, J.). Here, there is no such allegation. In addition, the Sixth Circuit precedent relied upon by this Court in its opinion declining to dismiss the complaint in *Wire Harnesses* as to G.S. Electech's U.S. subsidiaries is distinguishable from the facts at hand. *See In re Automotive Parts Antitrust Litig.*, Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456613 (E.D. Mich. June 6, 2013) (Battani, J.) (citing *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)). There, the Sixth Circuit found that the plaintiff's allegations against U.S. subsidiaries were sufficient to survive the motion to dismiss relying primarily on allegations that the defendant entities "were operated and deliberately portrayed to the outside world as a 'single global enterprise' in which key executives overlapped between the U.S. and European entities and vital management personnel rotated through positions on both sides of the Atlantic." *Carrier Corp.*, 673 F.3d at 446. Because of these "more important[]" allegations regarding the global unity of the entities, the court found that "[u]nder such circumstances," requiring the plaintiff "to delineate in the complaint the role each subsidiary played in the conspiracy is unnecessary." *Id.* at 445-46. The IPPs' complaints here are lacking such allegations, and accordingly the Sixth Circuit's pronouncement relieving plaintiffs of the obligation of delineating the role each subsidiary played in the conspiracy is inapplicable.

7

The deficiencies in the IPPs' allegations as to NAL here are readily apparent against the backdrop of more fulsome complaints.  Because the IPPs have failed to put forth any allegations that could support a plausible inference of participation in any anticompetitive agreement by NAL, their Complaints should be dismissed in their entirety as to NAL.

## CONCLUSION

For the foregoing reasons, NAL respectfully requests that the Court dismiss with prejudice all claims asserted against it by the Dealership plaintiffs and End-Payor plaintiffs.

Dated:  September 19, 2014　　　　　　　Respectfully submitted,

**ARNOLD & PORTER LLP**

By: *s/ Franklin R. Liss*
　　Franklin R. Liss (DC Bar #440289)
　　Barbara H. Wootton (DC Bar #470764)
　　Tiana Russell (DC Bar #975463)
　　Lauren K. Peay (DC Bar #982275)
　　555 Twelfth Street NW
　　Washington, DC 20004
　　Telephone:  (202) 942-5969
　　Facsimile:  (202) 942-5999
　　Email:  frank.liss@aporter.com
　　barbara.wootton@aporter.com
　　tiana.russell@aporter.com
　　lauren.peay@aporter.com

**DYKEMA GOSSETT PLLC**

By: *s/ Brian M. Moore*
　　Howard B. Iwrey (P39635)
　　Brian M. Moore (P58584)
　　39577 Woodward Avenue
　　Bloomfield Hills, Michigan 48304
　　Telephone:  (248) 203-0700
　　Facsimile:  (248) 203-0763
　　Email:  hiwrey@dykema.com
　　bmoore@dykema.com

　　*Attorneys for Defendant North American Lighting, Inc.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, I electronically filed the foregoing MOTION TO DISMISS THE DEALERSHIP AND END-PAYOR COMPLAINTS, and BRIEF IN SUPPORT, with the Clerk of the Court using the ECF system which will send notification of such filing to the ECF participants.

Dated:  September 19, 2014       **DYKEMA GOSSETT PLLC**

By: *s/ Brian M. Moore*_____
   Brian M. Moore (P39635)
   *Attorney for Defendant North American Lighting, Inc.*
   39577 Woodward Avenue
   Bloomfield Hills, Michigan 48304
   Telephone:  (248) 203-0700
   Facsimile:  (248) 203-0763
   Email:  bmoore@dykema.com