# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: Anti-Vibration Rubber Parts<br>In Re: Radiators<br>In Re: Switches<br>In Re: Motor Generators<br>In Re: HID Ballasts<br>In Re: Electronic Power Steering Assemblies<br>In Re: Fan Motors<br>In Re: Power Window Motors<br>In Re: Windshield Washer Systems | 2:13-cv-00802<br>2:13-cv-00803<br>2:13-cv-01002<br>2:13-cv-01003<br>2:13-cv-01302<br>2:13-cv-01303<br>2:13-cv-01502<br>2:13-cv-01503<br>2:13-cv-01702<br>2:13-cv-01703<br>2:13-cv-01902<br>2:13-cv-01903<br>2:13-cv-02102<br>2:13-cv-02103<br>2:13-cv-02302<br>2:13-cv-02303<br>2:13-cv-02802<br>2:13-cv-02803 |
| This Document Relates to:<br><br>All Auto Dealer Actions<br>All End-Payor Actions | **Oral Argument Requested** |

## DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

PLEASE TAKE NOTICE that, by their counsel listed below, Defendants[1] respectfully

move this Court for an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

dismissing all federal and state law claims in the Auto Dealers' and End-Payors' Consolidated

---

[1] *See* Exhibit A.

Amended Class Action Complaints ("CACs").[2]   This motion is based on the supporting memorandum of law, oral argument of counsel, and such other and further material as the Court may consider.[3]

As required by Local Rule 7.1(a), counsel for Defendants sought concurrence from counsel for the Auto Dealer and End-Payor plaintiffs on September 4, 2014, via telephone conference.  During that call, counsel for Defendants explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of the CACs).

WHEREFORE, Defendants respectfully requests that this Court issue an Order dismissing all federal and state law claims in the Auto Dealers' and End-Payors' Consolidated Amended Class Action Complaints.

Dated: September 19, 2014                    Respectfully submitted,

                                    */s/ Marguerite M. Sullivan*
                                    Marguerite M. Sullivan
                                    William H. Rawson
                                    LATHAM & WATKINS LLP
                                    555 Eleventh Street NW, Suite 1000
                                    Washington, DC 20004-1304
                                    Tel.: (202) 637-2200
                                    Fax: (202) 637-2201
                                    marguerite.sullivan@lw.com
                                    william.h.rawson@lw.com

---

[2]  Specifically, the CACs are (i) the Auto Dealers' Consolidated Amended Class Action Complaints in Anti-Vibration Rubber Parts (Doc. No. 28), Radiators (Doc. No. 31), Switches (Doc. No. 23), Motor Generators (Doc. No. 3), HID Ballasts (Doc. No. 25), Electronic Power Steering Assemblies (Doc. No. 17), Fan Motors (Doc. No. 21), Power Window Motors (Doc. No. 22), and Windshield Washer Systems (Doc. No. 29), and (ii) the End-Payors' Consolidated Amended Class Action Complaints in Anti-Vibration Rubber Parts (Doc. No. 20), Radiators (Doc. No. 28), Switches (Doc. No. 11), Motor Generators (Doc. No. 10), HID Ballasts (Doc. No. 9), Electronic Power Steering Assemblies (Doc. No. 9), Fan Motors (Doc. No. 13), Power Window Motors (Doc. No. 18), and Windshield Washer Systems (Doc. No. 8).

[3] Defendants also move to dismiss the CACs on other grounds by virtue of their individual and case-specific motions to dismiss.

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel.: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Counsel for Defendant*
*Ichikoh Industries, Ltd.*


*/s/ Steven F. Cherry* (with consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com

*Counsel for DENSO Corporation,*
*DENSO International America, Inc., ASMO Co.,*
*Ltd., ASMO North America, LLC, and ASMO*
*Manufacturing, Inc.*


*/s/ Steven M. Zarowny* (with consent)
Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 DENSO Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
STEVE_ZAROWNY@DENSO-diam.com

*Counsel for Defendant DENSO International*
*America, Inc.*

3

/s/ George A. Nicoud III  (with consent)
George A. Nicoud III
Joel S. Sanders
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com
JSanders@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com
LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

/s/ Terrence J. Truax    (with consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN, AUGUST &
CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111

4

gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation,
Mitsubishi Electric US Holdings, Inc., and
Mitsubishi Electric Automotive America, Inc.*

*/s/ Craig P. Seebald*  (with consent)
Craig P. Seebald
Alden L. Atkins
 Lindsey R. Vaala
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC 20037
Tel.: (202) 639-6585
Fax: (202) 879-8995
cseebald@velaw.com
aatkins@velaw.com
lvaala@velaw.com

*Counsel for Hitachi, Ltd., Hitachi Automotive
Systems, Ltd., and Hitachi Automotive Systems
Americas, Inc.*

*/s/ James L. Cooper*  (with consent)
James L. Cooper
Danielle Garten
Adam Pergament
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Tel.: (202) 942-5000
Fax: (202) 942-5999
*james.cooper@aporter.com*
*danielle.garten@aporter.com*
*adam.pergament@aporter.com*

Fred K. Herrmann
Joanne G. Swanson
Kerr, Russell
500 Woodward Avenue

5

Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
fherrmann@kerr-russell.com
jgs@krwlaw.com

*Counsel for Yamashita Rubber Co., Ltd. and YUSA Corporation*

*/s/ J. Clayton Everett, Jr.* (with consent)
J. Clayton Everett, Jr.
Eyitayo St. Matthew-Daniel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
jeverett@morganlewis.com
tstmatthew-daniel@morganlewis.com

*Counsel for Tokai Rubber Industries, Ltd. and DTR Industries, Inc.*

*/s/ Steven A. Reiss* (with consent)
Steven A. Reiss
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

Frederick R. Juckniess
Schiff Hardin LLP
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Tel.: (734) 222-1504
fjuckniess@schiffhardin.com

6

*Counsel for Bridgestone Corporation and*
*Bridgestone APM Company*


/s/ Steven A. Reiss  (with consent)
Steven A. Reiss
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

Fred K. Herrmann
Matthew L. Powell
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
Fax: (313) 961-0388
fhermann@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Calsonic Kansei Corporation and*
*CalsonicKansei North America, Inc.*


/s/ David C. Giardina  (with consent)
David C. Giardina
Courtney A. Rosen
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
crosen@sidley.com

7

*/s/ Bradley J. Schram*  (with consent)
Bradley J. Schram (MI Bar # P26337)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfiled Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,*
*Toyo Automotive Parts (USA), Inc., Toyo Tire North*
*America OE Sales LLC, and Toyo Tire North*
*America Manufacturing Inc.*


*/s/ Matthew J. Reilly* (with consent)
Matthew J. Reilly
Abram J. Ellis
David T. Shogren
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, DC  20004
Tel.: (202) 636-5500
Fax: (202) 636-5502
matt.reilly@stblaw.co m
aellis@stblaw.com
dishogren@stblaw.com

George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Defendants Stanley Electric Co., Ltd.,
Stanley Electric U.S. Co., Inc. and II Stanley Co.,
Inc.*


 */s/* Franklin R. Liss  (with consent)
Franklin R. Liss
Barbara H. Wootton
Tiana Russell
Lauren K. Peay
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Tel:  (202) 942-5969
Fax: (202) 942-5999
frank.liss@aporter.com
barbara.wootton@aporter.com
tiana.russell@aporter.com
lauren.peay@aporter.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel:  (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore @dykema.com

*Counsel for Defendants Koito Manufacturing Co.,
Ltd. and North American Lighting, Inc.*

9

*/s/ Heather L. Kafele*  (with consent)
Heather L. Kafele
Keith R. Palfin
Alison R. Welcher
SHEARMAN & STERLING LLP
801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
Tel.: (202) 508-8097
Fax: (202) 508-8100
heather.kafele@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com

Brian M. Akkashian
PAESANO AKKASHIAN, PC
132 N. Old Woodward Avenue
Birmingham, MI 48009
Tel.: (248) 792-6886
bakkashian@paesanoakkashian.com

*Counsel for JTEKT Corporation and JTEKT Automotive North America, Inc.*

*/s/ David F. DuMouchel*  (with consent)
David F. DuMouchel
George B. Donnini
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820

10

Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Counsel for Defendants TRAM, Inc. and*
*Tokai Rika Co., Ltd.*


*/s/ Peter L. Simmons*   (with consent)
Peter L. Simmons
Steven M. Witzel
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
peter.simmons@friedfrank.com
steven.witzel@friedfrank.com

Thomas J. Tallerico
Jason R. Gourley
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
Telephone: (248) 743-6073
Facsimile: (248) 743-6002
ttallerico@bodmanlaw.com
jgourley@bodmanlaw.com

*Counsel for Defendants T.RAD Co., Ltd., and*
*T.RAD North America, Inc.*

11

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Anti-Vibration Rubber Parts | 2:13-cv-00802 |
| In Re: Radiators | 2:13-cv-00803 |
| In Re: Switches | 2:13-cv-01002 |
| In Re: Motor Generators | 2:13-cv-01003 |
| In Re: HID Ballasts | 2:13-cv-01302 |
| In Re: Electronic Power Steering Assemblies | 2:13-cv-01303 |
| In Re: Fan Motors | 2:13-cv-01502 |
| In Re: Power Window Motors | 2:13-cv-01503 |
| In Re: Windshield Washer Systems | 2:13-cv-01702 |
| | 2:13-cv-01703 |
| | 2:13-cv-01902 |
| | 2:13-cv-01903 |
| | 2:13-cv-02102 |
| | 2:13-cv-02103 |
| | 2:13-cv-02302 |
| | 2:13-cv-02303 |
| | 2:13-cv-02802 |
| | 2:13-cv-02803 |
| This Document Relates to: All Auto Dealer Actions All End-Payor Actions | **Oral Argument Requested** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Plaintiffs lack Article III constitutional standing because they fail to sufficiently allege a causal connection between their alleged injury and Defendants' allegedly unlawful conduct and because they fail to allege that they purchased one of the small number of car models that contain HID ballasts, replacement HID ballasts, motor generators, or replacement motor generators.

2. Whether Auto Dealers ("ADs") lack constitutional standing to assert claims under the laws of Hawaii and North Dakota, where no ADs allegedly reside or suffered injury.

3. Whether Plaintiffs lack antitrust standing to bring their state antitrust claims under the laws of Arizona, California, the District of Columbia, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

4. Whether Plaintiffs' antitrust claims under the laws of the District of Columbia, Mississippi, New York, North Carolina, South Dakota, Tennessee, West Virginia, and Wisconsin, and consumer protection law claims under the laws of California, Massachusetts, Montana, New York, and North Carolina, must be dismissed because Plaintiffs fail to allege the requisite sufficient nexus with or impact on intrastate commerce.

5. Whether Plaintiffs are barred from recovering under the antitrust laws of Nebraska, New Hampshire, Utah, and Oregon for alleged anticompetitive conduct that occurred before the date that each of those states passed laws that "repeal" *Illinois Brick*.

6. Whether Plaintiffs are barred from maintaining claims as class actions under the antitrust law of Illinois and the consumer protection laws of Montana and South Carolina because the relevant statutes explicitly prohibit such suits.

7. Whether ADs' antitrust claims under Hawaii law fail because ADs did not give the state of Hawaii an opportunity to prosecute.

8. Whether Plaintiffs lack standing to assert consumer protection claims under the laws of Arkansas, New York, and Vermont because their claims are too remote.

9. Whether Plaintiffs are barred from bringing their California, New York, and North Carolina consumer protection claims, and End-Payors ("EPs") are barred from bringing their Massachusetts and Montana consumer protection claims, because they fail to allege a sufficient nexus between Defendants' alleged conduct and intrastate commerce.

10. Whether Plaintiffs are barred from bringing their Arkansas and New Mexico consumer protection claims because price-fixing claims cloaked as consumer protection claims are not actionable in Arkansas and New Mexico and because they fail to allege "unconscionable" conduct.

11. Whether Plaintiffs' consumer protection claims under the laws of Florida and New York must be dismissed because Plaintiffs fail to meet the special pleading requirements of those states' laws.

12. Whether EPs are barred from recovering under their Massachusetts and Rhode Island consumer protection claims because, as indirect purchasers, EPs lack standing and, for Rhode Island, because price-fixing claims cloaked as consumer protection claims are not actionable.

13. Whether ADs can bring unjust enrichment claims under the laws of thirty-one states and the District of Columbia if there are no surviving antitrust or consumer protection claims under the laws of those states.

14. Whether ADs' claims for unjust enrichment under the laws of Florida, Kansas, Maine, Michigan, Minnesota, North Carolina, North Dakota, South Carolina, and Utah must be dismissed because ADs fail to plead that they conferred a direct benefit on defendants.

15. Whether ADs are barred from maintaining unjust enrichment claims in nineteen states (Arizona, Arkansas, California, Florida, Illinois, Iowa, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, and South Carolina) and the District of Columbia because ADs received the benefit of their bargains.

16. Whether ADs' claims for unjust enrichment under the laws of Kansas, Missouri, Nevada, New Hampshire, South Dakota, Tennessee, Vermont, and Wisconsin must be dismissed because Defendants provided consideration for the benefit they received.

17. Whether ADs' claim for unjust enrichment under California law must be dismissed because California does not recognize a cause of action for unjust enrichment.

18. Whether ADs' unjust enrichment claims under the laws of Arizona, Hawaii, Illinois, Iowa, Massachusetts, Minnesota, Mississippi, Nevada, New York, South Carolina, Tennessee, Utah, and West Virginia must be dismissed because ADs fail to meet the special pleading requirements of those states' laws.

19. Whether Plaintiffs' antitrust and consumer protection claims, and ADs' unjust enrichment claims, are barred, in whole or in part, by each state's statute of limitations.

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ........................................................................ ii

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................2

I.      THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR LACK OF
        CONSTITUTIONAL STANDING ...............................................................................2

II.     THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON
        STATUTORY OR OTHER GROUNDS.........................................................................3

        A.      Arizona.............................................................................................4
        B.      Arkansas...........................................................................................5
        C.      California..........................................................................................6
        D.      District of Columbia .........................................................................7
        E.      Florida..............................................................................................8
        F.      Hawaii ............................................................................................10
        G.      Illinois ............................................................................................11
        H.      Iowa ...............................................................................................13
        I.      Kansas ............................................................................................14
        J.      Maine .............................................................................................15
        K.      Massachusetts ................................................................................16
        L.      Michigan ........................................................................................17
        M.      Minnesota ......................................................................................18
        N.      Mississippi .....................................................................................20
        O.      Missouri .........................................................................................21
        P.      Montana .........................................................................................21
        Q.      Nebraska ........................................................................................23
        R.      Nevada ...........................................................................................24
        S.      New Hampshire ..............................................................................25
        T.      New Mexico ...................................................................................26
        U.      New York .......................................................................................27
        V.      North Carolina ...............................................................................29
        W.      North Dakota .................................................................................30
        X.      Oregon ...........................................................................................31
        Y.      Rhode Island ..................................................................................33
        Z.      South Carolina ...............................................................................33
        AA.     South Dakota .................................................................................35
        BB.     Tennessee .......................................................................................36
        CC.     Utah ...............................................................................................37
        DD.     Vermont .........................................................................................39
        EE.     West Virginia .................................................................................40
        FF.     Wisconsin .......................................................................................41

III.    ALTERNATIVELY, THE COURT SHOULD DISMISS AUTO DEALERS'
        UNJUST ENRICHMENT CLAIMS BECAUSE AUTO DEALERS CANNOT
        USE UNJUST ENRICHMENT TO RECOVER ON FAILED ANTITRUST AND
        CONSUMER PROTECTION THEORIES ........................................................................42

CONCLUSION..........................................................................................................................44

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## CASES

*Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*,
  815 F. Supp. 1266 (D. Minn. 1993) *aff'd sub nom.*, 29 F.3d 1283 (8th Cir. 1994) ................. 20

*Au v. Au*,
  626 P.2d 173 (Haw. 1981) ....................................................................................... 11

*Baier v. Ford Motor Co.*,
  No. C04-2039, 2005 WL 928615 (N.D. Iowa Apr. 21, 2005) ................................... 14

*Bank of Ravenswood v. Domino's Pizza*,
  646 N.E.2d 1252 (Ill. App. Ct. 1995) ...................................................................... 12

*Batek v. Curators of the Univ. of Mo.*,
  920 S.W.2d 895 (Mo. 1996) ..................................................................................... 22

*Beaver v. Inkmart, LLC*,
  No. 12-60028, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) ..................................... 9

*Berenda v. Langford*,
  914 P.2d 45 (Utah 1996) .......................................................................................... 40

*Bomar v. Moser*,
  251 S.W.3d 234 (Ark. 2007) ...................................................................................... 5

*Brown & Root Indus. Serv. v. Indus. Comm'n*,
  947 P.2d 671 (Utah 1997) ......................................................................................... 38

*California v. Infineon Techs. AG*,
  No. C 06-4333 PJH, 2008 WL 1766775 (N.D. Cal. Apr. 15, 2008) ......................... 38

*Carnival Corp. v. Rolls-Royce PLC*,
  No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ..................................... 9

*Cevenini v. Archbishop of Wash.*,
  707 A.2d 768 (D.C. Ct. App. 1998) ........................................................................... 8

*Chandler v. Wackenhut Corp.*,
  No. 1:08-CV-1197,  2010 WL 307908 (W.D. Mich. Jan. 19, 2010)
  *aff'd*, 465 F. App'x 425 (6th Cir. 2012) .................................................................. 19

*Chaney v. Fields Chevrolet Co*,
  503 P.2d 1239 (Or. 1972) ......................................................................................... 33

*Christy v. Miulli*,
    692 N.W.2d 694 (Iowa 2005) ................................................................. 13

*Colosimo v. Roman Catholic Bishop of Salt Lake City*,
    156 P.3d 806 (Utah 2007) ...................................................................... 40

*Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*,
    858 P.2d 66 (N.M. 1993) ....................................................................... 28

*Crawford v. Paul Davis Restoration Triad Inc.*,
    No. COA02-1040, 2003 WL 21436156 (N.C. App. June 17, 2003) ........................ 30

*Delco Oil, Inc. v. Pannu*,
    856 So. 2d 1070 (Fla. Dist. Ct. App. 2003) ............................................... 10

*Doe v. St. Benedict's Abbey*,
    189 P.3d 580 (Kan. Ct. App. Aug. 8, 2008) ............................................... 15

*Fernandes v. Havkin*,
    731 F. Supp. 2d 103 (D. Mass. 2010) ...................................................... 17

*First Fed. Savings & Loan Ass'n of Wisconsin v. Dade Fed. Savings & Loan Ass'n*,
    403 So.2d 1097 (Fla. Dist. Ct. App. 1981) ............................................... 10

*Five for Entm't S.A. v. Rodriguez*,
    877 F. Supp. 2d 1321 (S.D. Fla. 2012) ..................................................... 9

*Fox v. City of Pompano Beach*,
    984 So.2d 664 (Fla. Dist. Ct. App. 2008) ................................................. 10

*Frank Cooke, Inc. v. Hurwitz*,
    406 N.E.2d 678 (Mass. App. Ct. 1980) ..................................................... 17

*Friends Univ. v. W.R. Grace & Co.*,
    608 P.2d 936 (Kan. 1980) ...................................................................... 14

*Hanna Mining Co. v. InterNorth, Inc.*,
    379 N.W.2d 663 (Minn. Ct. App. 1986) ................................................... 20

*Harkness v. Fitzgerald*,
    701 A.2d 370 (Me. 1997) ....................................................................... 15

*Hesse v. Vinatieri*,
    302 P.2d 699 (Cal. Dist. Ct. App. 1956) .................................................... 7

*Hinkle v. Hargens*,
    81 N.W.2d 888 (S.D. 1957) .................................................................... 36

*Hinkson v. Sauthoff,*
   74 N.W.2d 620 (Wis. 1956) ........................................................................ 43

*Holman v. Hansen,*
   773 P.2d 1200 (Mont. 1989).......................................................................... 23

*In re Apple iPhone Antitrust Litig.,*
   No. 11-cv-06714, 2013 WL 4425720 (N.D. Cal. 2013)............................... 3

*In re Chocolate Confectionary Antitrust Litig.,*
   749 F. Supp. 2d 224 (M.D. Penn. 2010)..................................................... 10

*In re DDAVP Indirect Purchaser Antitrust Litig.,*
   903 F. Supp. 2d 198 (S.D.N.Y. 2012) ........................................................ 43

*In re Digital Music Antitrust Litig.,*
   812 F. Supp. 2d 390 (S.D.N.Y. 2011) .......................................... 11, 43, 44

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
   516 F. Supp. 2d 1072 (N.D. Cal. 2007)...................................................... 23

*In re Flonase Antitrust Litigation,*
   692 F. Supp. 2d 524 (E.D. Pa. 2010).......................................................... 44

*In re Ford Motor Co. E-350 Van Products Liab. Litig. (No. II),*
   No. 03-4558, 2010 WL 2813788 (D.N.J. July 9, 2010) ............................ 12

*In re K-Dur Antitrust Litig.,*
   No. 01-1652 (JAG), 2008 WL 2660780 (D.N.J. Feb. 28, 2008)............... 43

*In re Magnesium Oxide Antitrust Litig.,*
   No. 10-5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) .......................... 16

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.,*
   350 F. Supp. 2d 160 (D. Me. 2004)...................................................... 44, 45

*In re New Motor Vehicles Canadian Export Antitrust Litig.,*
   MDL No. 1532, 2011 WL 13988485 (D. Maine, Apr. 11, 2011) ....... 10, 45

*In re Silk,*
   937 A.2d 900 (N.H. 2007)........................................................................... 26

*In re Terazosin Hydrochloride Antitrust Litig.,*
   160 F. Supp. 2d 1365 (S.D. Fla. 2001)....................................................... 44

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
   Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447 (N.D. Cal. Mar. 25, 2011)................. 32

*Kante v. Nike, Inc.*,
  No. CV 07-1407-HU, 2008 WL 5246090 (D. Or. Dec. 16, 2008)
  *aff'd sub nom. Azewen-Jik Kante v. Nike, Inc.*, 364 F. App'x 388 (9th Cir. 2010) .................. 33

*Kobritz v. Severance*,
  912 A.2d 1237 (Me. 2007) .................................................................. 16

*Lamprey v. Britton Const., Inc.*,
  37 A.3d 359 (N.H. 2012) .................................................................. 26

*Lauter v. Anoufrieva*,
  642 F. Supp. 2d 1060 (C.D. Cal. 2009) ..................................................... 7

*Martin v. Howard*,
  784 A.2d 291 (R.I. 2001) .................................................................. 34

*McKinnon v. Honeywell Int'l, Inc.*,
  977 A.2d 420 (Me. 2009) .................................................................. 15

*Melchior v. New Line Prods. Inc.*,
  131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003) ............................................... 6

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*,
  761 So.2d 1256 (Fla. Dist. Ct. App. 2000) ............................................... 9

*Ockey v. Lehmer*,
  189 P.3d 51 (Utah 2008) .................................................................. 39

*Olson v. Weehlock*,
  680 P.2d 719 (Or. Ct. App. 1984) ......................................................... 32

*Orlak v. Loyola Univ. Health Sys.*,
  885 N.E.2d 999 (Ill. 2007) ............................................................... 12

*Owen v. Gen. Motors Corp.*,
  533 F.3d 913 (8th Cir. 2008) ............................................................. 22

*Oxbow Carbon and Minerals LLC v. Union Pacific R.R. Co.*,
  926 F. Supp. 2d 36 (D.D.C. 2013) ......................................................... 3

*Pahlad v. Brustman*,
  33 A.D.3d 518 (N.Y. App. Div. 2006) ...................................................... 29

*Pembee Mfg. Corp. v. Cape Fear Constr. Co.*,
  317 S.E.2d 41 (N.C. Ct. App. 1984) ...................................................... 30

*People v. Coleman*,
  794 N.E.2d 275 (Ill. 2002) ............................................................... 12

ix

*Porter v. Spader*,
239 P.3d 743 (Ariz. Ct. App. 2010) ................................................................ 4

*Portsmouth Country Club v. Town of Greenland*,
883 A.2d 298 (N.H. 2005) ............................................................................... 26

*Puritan Med. Ctr., Inc. v. Cashman*,
596 N.E.2d 1004 (Mass. 1992) ........................................................................ 18

*Rodrigue v. Valco Enter.*,
726 A.2d 61 (Vt. 1999) .................................................................................... 41

*Roether v. Nat'l Union Fire Ins. Co.*,
200 N.W. 818 (N.D. 1924) ............................................................................... 31

*Rucinsky v. Hentchel*,
881 P.2d 616 (Mont. 1994) .............................................................................. 23

*Rundgren v. Bank of New York Mellon*,
777 F. Supp. 2d 1224 (D. Haw. 2011) ............................................................ 11

*Russell/Packard Dev., Inc. v. Carson*,
78 P.3d 616 (Utah Ct. App. 2003), *aff'd*, 108 P.3d 741 (Utah 2005) .............. 40

*Ryan v. Roman Catholic Bishop of Providence*,
941 A.2d 174 (R.I. 2008) ................................................................................. 34

*Sattler v. Bailey*,
400 S.E.2d 220 (W. Va. 1990) ......................................................................... 42

*Schumacher v. Schumacher*,
627 N.W.2d 725 (Minn. Ct. App. 2001) .......................................................... 19

*Shadrick v. Coker*,
963 S.W.2d 726 (Tenn. 1998) ......................................................................... 38

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
737 F. Supp. 2d 380 (E.D. Pa. 2010) ............................................................... 43

*Sills v. Oakland Gen. Hosp.*,
559 N.W.2d 348 (Mich. Ct. App. 1997) .......................................................... 18

*Snapp & Assocs. Ins. Servs. Inc. v. Robertson*,
96 Cal. App. 4th 884 (Cal. Ct. App. 2002) ....................................................... 7

*Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*,
493 N.W.2d 137 (Minn. Ct. App. 1992) .......................................................... 19

*Spann v. Diaz,*
  987 So.2d 443 (Miss. 2008) ........................................................................ 21

*Stark v. Advanced Magnetics, Inc.,*
  736 N.E.2d 434 (Mass. App. Ct. 2000) ...................................................... 17

*State ex. Rel. Susedik v. Knutson,*
  191 N.W.2d 23 (Wis. 1971) ........................................................................ 43

*State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.,*
  572 N.W.2d 321 (Minn. Ct. App. 1997) ...................................................... 20

*Stephens v. Equitable Life Assurance Soc'y of U.S.,*
  850 So.2d 78 (Miss. 2003) .......................................................................... 21

*Strassburg v. Citizens State Bank,*
  581 N.W.2d 510 (S.D. 1998) ...................................................................... 36

*Strong v. Univ. of S.C. Sch. of Med.,*
  447 S.E.2d 850 (S.C. 2002) ........................................................................ 35

*Stuart & Sons, L.P. v. Curtis Publ'g Co.,*
  456 F. Supp. 336 (D. Conn. 2006) ...................................................... passim

*Tovrea Land & Cattle Co. v. Linsenmeyer,*
  412 P.2d 47 (Ariz. 1966) .............................................................................. 4

*Upah v. Ancona Bros. Co.,*
  521 N.W.2d 895 (Neb. 1994) ...................................................................... 24

*Walker v. USAA Cas. Ins. Co.,*
  474 F. Supp. 2d 1168 (E.D. Cal. 2007)
  *aff'd sub nom. Walker v. Geico Gen. Ins. Co.,* 558 F.3d 1025 (9th Cir. 2009) ............................ 6

*Washa v. Miller,*
  546 N.W.2d 813 (Neb. 1996) ...................................................................... 24

*Watts v. Mulliken's Estate,*
  115 A. 150 (Vt. 1921) .................................................................................. 41

*Wilkerson v. Christian,*
  No. 1:06-cv-00871, 2008 WL 483445 (M.D.N.C. Feb. 19, 2008) ................ 30

*Winn v. Sunrise Hosp. & Med. Ctr.,*
  277 P.3d 458 (Nev. 2012) ............................................................................ 25

*Yancey v. Remington Arms Co., LLC,*
  1:12-cv-477 et al., 2013 WL 5462205 (M.D. N.C. Sept. 30, 2013) ............ 30

*Yarbro, Ltd. v. Missoula Fed. Credit Union,*
   50 P.3d 158 (Mont. 2002) ........................................................................ 23

*Zoe G. v. Frederick F. G.,*
   208 A.D.2d 675 (N.Y. App. Div. 1994) ................................................. 29

## STATUTES

12 Vt. Stat. Ann. § 511 .................................................................................. 40

14 Me. Rev. Stat. Ann. § 752 ........................................................................ 15

740 ILCS 10/7(2) ......................................................................................... 12

Ariz. Rev. Stat. Ann. § 44-1410 ..................................................................... 4

Ark. Code Ann. § 4-88-115 ............................................................................ 5

Cal. Bus. & Prof. Code § 16750.1 ................................................................. 7

Cal. Bus. & Prof. Code § 17208 ..................................................................... 7

D.C. Code § 12-301(8) ................................................................................... 8

D.C. Code § 28-4511 ...................................................................................... 8

Fla. Stat. Ann. § 95.11(3) ............................................................................... 9

Haw. Rev. Stat. § 480-13.3(a) ...................................................................... 10

Haw. Rev. Stat. § 480-24 .............................................................................. 11

Iowa Code Ann. § 553.16(1) ......................................................................... 13

Kan. Stat. Ann. § 60-512(2) .......................................................................... 14

Mass. Gen. Laws Ann. Ch. 93 § 13 .............................................................. 17

Mass. Gen. Laws ch 93A 1, 2 ....................................................................... 16

Mich. Comp. Laws Ann. § 445.781 .............................................................. 18

Minn. Stat. Ann. § 325D.64 .......................................................................... 19

Miss. Code Ann. § 15-1-49 ........................................................................... 20

Mo. Rev. Stat. § 516.120 .............................................................................. 21

Mont. Code Ann. § 27-2-102(3) ................................................................... 23

Mont. Code Ann. § 27-2-11 ................................................................. 23

Mont. Code Ann. § 30-14-133(1) ........................................................ 22

N.C. Gen. Stat. § 75-16.2 .................................................................... 30

N.D. Cent. Code § 51-08.1-10(1) ....................................................... 31

N.H. Rev. Stat. Ann. § 356:12 ............................................................ 26

N.M. Stat. Ann. § 57-1-12 .................................................................. 27

N.Y. C.P.L.R. § 214(2) ....................................................................... 29

N.Y. Gen. Bus. Law § 340(5) .............................................................. 29

Neb. Rev. Stat. Ann. § 59-1612 .......................................................... 24

Nev. Rev. Stat. Ann. § 598A.220 ........................................................ 25

Or. Rev. Stat. Ann. § 646.140 ............................................................. 33

R.I. Gen Laws § 6-36-23 ..................................................................... 33

S.C. Code Ann. § 39-5-140(a) ............................................................. 34

S.C. Code Ann. § 39-5-150 .................................................................. 35

S.D. Codified Laws § 37-1-14.4 .......................................................... 36

Tenn. Code Ann. § 28-3-105 ............................................................... 37

Utah Code Ann. § 68-3-3 ..................................................................... 38

Utah Code Ann. § 76-10-919 ............................................................... 38

Utah Code Ann. § 7610-925 ................................................................ 39

W. Va. Code Ann. § 47-18-11 ............................................................. 42

Wisc. Stat. Ann. § 133.18(2) ............................................................... 42

## RULES

Fed. R. Civ. P. 12(b)(1) ....................................................................... 45

Fed. R. Civ. P. 12(b)(6) ....................................................................... 45

## INDEX OF EXHIBITS

| | |
|---|---|
| EXHIBIT A | List of Defendants Joining the Motion |
| EXHIBIT B | Citations to Individual Complaints |
| EXHIBIT C | Summary of Defendants' Arguments for Dismissal of Plaintiffs' Claims Based on Statute of Limitations |
| EXHIBIT D | *Baier v. Ford Motor Co.*, 2005 WL 928615 (N.D. Iowa Apr. 21, 2005) |
| EXHIBIT E | *Beaver v. Inkmart, LLC*, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) |
| EXHIBIT F | *California v. Infineon Techs. AG*, 2008 WL 1766775 (N.D. Cal. Apr. 15, 2008) |
| EXHIBIT G | *Carnival Corp. v. Rolls-Royce PLC*, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) |
| EXHIBIT H | *Chandler v. Wackenhut Corp.*, 2010 WL 307908 (W.D. Mich. Jan. 19, 2010) |
| EXHIBIT I | *Crawford v. Paul Davis Restoration Triad Inc.*, 2003 WL 21436156 (N.C. App. June 17, 2003) |
| EXHIBIT J | *In re Apple iPhone Antitrust Litig.*, 2013 WL 4425720 (N.D. Cal. 2013) |
| EXHIBIT K | *In re Ford Motor Co. E-350 Van Products Liab. Litig. (No. II)*, 2010 WL 2813788 (D.N.J. July 9, 2010) |
| EXHIBIT L | *In re K-Dur Antitrust Litig.*, 2008 WL 2660780 (D.N.J. Feb. 28, 2008) |
| EXHIBIT M | *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) |
| EXHIBIT N | *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 2011 WL 13988485 (D. Maine, Apr. 11, 2011) |
| EXHIBIT O | *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1113447 (N.D. Cal. Mar. 25, 2011) |
| EXHIBIT P | *Kante v. Nike, Inc.*, 2008 WL 5246090 (D. Or. Dec. 16, 2008) |
| EXHIBIT Q | *Wilkerson v. Christian*, 2008 WL 483445 (M.D.N.C. Feb. 19, 2008) |
| EXHIBIT R | *Yancey v. Remington Arms Co., LLC*, 2013 WL 5462205 (M.D. N.C. Sept. 30, 2013) |

## <u>INTRODUCTION</u>

The Auto Dealers ("AD") and End-Payors ("EP") (collectively "Plaintiffs") in these nine separate product cases allege that they were indirectly injured by conspiracies to fix prices for various automotive parts that the defendants in each case sold to automobile manufacturers. Plaintiffs seek to represent classes of two kinds of indirect purchasers: (1) those who indirectly acquired the different auto parts when they allegedly purchased or leased cars that contained each part, and (2) those who indirectly purchased a stand-alone auto part as a replacement part to be installed in their cars. *See* Auto Dealers' Consolidated Amended Class Action HID Ballasts Complaint ("AD Compl.") ¶¶ 2, 212-14; End-Payors' Consolidated Amended Class Action HID Ballasts Complaint ("EP Compl.") ¶¶ 2, 169-71.[4]

The Court should dismiss Plaintiffs' federal and state law claims in their entirety.  As indirect purchasers, Plaintiffs lack both Article III constitutional standing and antitrust standing. Plaintiffs' lack of standing is even more transparent here than in the prior auto parts cases because, unlike in those cases, several of the auto parts at issue in these cases – such as HID ballasts and motor generators – are not found in all cars sold in the United States.  Indeed, most cars do *not* contain these components.  Plaintiffs deliberately do not allege the specific vehicles they purchased, to prevent the Court from confirming that Plaintiffs actually purchased the components that they complain about, and thus *might* have been injured by any alleged conspiracy.  The Court should require them to do so.

Second, Plaintiffs' state claims fail for numerous state-specific reasons.  In many instances, Plaintiffs fail even to allege the basic facts necessary to give rise to their state claims.

The Court should dismiss all of Plaintiffs' claims in these nine cases.

---

[4] Here and throughout, for corresponding citations to the complaints in the nine actions other than HID Ballasts, *see* Exhibit B.

1

## ARGUMENT

### I.     THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR LACK OF CONSTITUTIONAL STANDING

The Court should dismiss the Auto Dealer and End-Payor claims because Plaintiffs do not have Article III constitutional standing.  As in the other auto parts cases in which the defendants moved to dismiss for lack of constitutional standing – including *Bearings*, *Fuel Senders*, *Heater Control Panels (HCP)*, *Instrument Panel Clusters (IPC)*, *Occupant Safety Systems (OSS)*, and *Wire Harnesses (WH)* (collectively, the "Prior Auto Parts Cases") – Plaintiffs do not sufficiently allege a causal connection between their alleged injury and Defendants' alleged unlawful conduct.[5]

Although the Court held that Plaintiffs adequately pled constitutional standing in several of those cases,[6] EPs' lack of standing in these cases is more pronounced.  Unlike in the Prior Auto Parts Cases, some of the component products at issue here – HID ballasts and motor generators – are not found in all cars sold in the United States.  HID ballasts are installed only in cars that contain headlamps that utilize high intensity discharge, or HID, technology.  And generally, only high-end luxury cars contain HID headlamps.  Similarly, motor generators are installed only in electric and hybrid electric cars.  Thus, EPs must do more than repeat the same

---

[5] Defendants incorporate by reference herein, but will not repeat, the arguments contained in the previous motions to dismiss regarding Plaintiffs' lack of constitutional standing.  *See Bearings*, 2:12-cv-00502, Doc. 82 at 9-12; *Fuel Senders*, 2:12-cv-00302, Doc. 89 at 7-18; *HCP*, 12-cv-00402, Doc. 97 at 8-15; *IPC*, 2:12-cv-00202, Doc. 43 at 5-10; *OSS*, 2:12-cv-00602, Doc. 60 at 6-10; *WH*, 2:12-md-02311, Doc. 230 at 5-11 (collectively, "Previous Motions to Dismiss").  *See also Bearings*, 2:12-cv-00502, Doc. 92 at 5-7; *Fuel Senders*, 2:12-cv-00302, Doc. 97 at 3-7; *HCP*, 12-cv-00402, Doc. 114 at 5-9; *IPC*, 2:12-cv-00202, Doc. 63 at 1-7; *OSS*, 2:12-cv-00602, Doc. 67 at 2-4; *WH*, 2:12-cv-00103, Doc. 89 at 3-6 (collectively, "Previous Reply Briefs").  In addition to Plaintiffs' failure to plead the elements of Article III standing, Plaintiffs do not have standing to assert claims under the laws of states in which no plaintiff resides (Hawaii and North Dakota), and thus, the Court should dismiss their claims under those state laws as well.  *See id.*

[6] *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99 (collectively, "Previous Orders").

mantra that they have asserted in the Prior Auto Parts Cases:  that they "purchased at least one HID Ballast indirectly from at least one Defendant."  EP Compl.  ¶¶ 2, 25-82.  Indeed these same EPs produced discovery in *WH* that shows that they purchased cars that likely *did not* contain HID ballasts or motor generators.  Thus, there is a real question as to whether EPs have standing to assert claims based on allegedly inflated prices on HID ballasts or motor generators, in particular.  *See Oxbow Carbon & Minerals LLC v. Union Pac. R.R.*, 926 F. Supp. 2d 36, 43 (D.D.C. 2013) (dismissing plaintiffs' claims for lack of Article III standing because plaintiffs failed to set forth "adequate facts concerning how any individual plaintiff was harmed" by the alleged price fixing); *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714, 2013 WL 4425720 at *6 (N.D. Cal. Aug. 15, 2013) (dismissing plaintiffs' Section 2 claims for lack of Article III standing because plaintiffs' failed to allege facts "showing that each named Plaintiff [had] *personally suffered* an injury-in-fact based on Apple's alleged conduct," and noting that such a showing "requires that Plaintiffs at least purchased [the price-fixed product]").

The Court should dismiss Plaintiffs' claims for lack of constitutional standing, and require Plaintiffs, at a minimum, to allege facts that establish that they purchased either cars that contain the component parts at issue or replacement component parts for installation in those cars.  These facts are available to Plaintiffs; Plaintiffs should be required to plead them.

## II.   THE COURT SHOULD DISMISS PLAINTIFFS' STATE LAW CLAIMS ON STATUTORY OR OTHER GROUNDS

Plaintiffs' state antitrust and consumer protection claims, and ADs' state unjust enrichment claims, are deficient for numerous state-specific reasons.  As the Court has requested in Prior Auto Parts Cases, Defendants will address those reasons state by state.

A.     **Arizona** (No New Authority)[7]

The Court should dismiss Plaintiffs' Arizona claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Arizona antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Arizona unjust enrichment claim because ADs fail to plead the absence of a legal remedy and because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Arizona's statute of limitations bars Plaintiffs' Arizona antitrust claims and ADs' Arizona unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Arizona is four years, and the same limitation applies to unjust enrichment claims that are based on the same allegations.  Ariz. Rev. Stat. Ann. § 44-1410; *Stuart & Sons, L.P. v. Curtis Publ'g Co.*, 456 F. Supp. 2d 336, 343 (D. Conn. 2006) (to prevent opportunistic pleading, where a plaintiff asserts an equitable claim based on the same conduct used to support a statutory claim, both claims are controlled by the statute of limitations applicable to the statutory claim).

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations based on fraudulent concealment, Arizona requires that Plaintiffs allege with particularity positive acts of concealment that misled them.  *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966); *Porter v. Spader*, 239 P.3d 743, 747 (Ariz. Ct. App. 2010).  They do not do so.  Thus, the Court should apply the statute of limitations

---

[7] Per the Court's September 2, 2014, Order on Briefing, in Section II, Defendants identify any Previously Uncited Authority at the beginning of each state sub-section.

and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.  *See* Exhibit [C].

> **B.**  **Arkansas** (No New Authority)

The Court should dismiss Plaintiffs' Arkansas claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Arkansas consumer protection claims because (i) Plaintiffs fail to allege "unconscionable" conduct, (ii) price-fixing claims cloaked as consumer protection claims are not actionable in Arkansas, and (iii) Plaintiffs are too remote to have standing.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Arkansas unjust enrichment claim because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Arkansas' statute of limitations bars Plaintiffs' Arkansas consumer protection claims and ADs' Arkansas unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for consumer protection claims in Arkansas is five years, and this limitation applies to unjust enrichment claims that are based on the same allegations.  Ark. Code Ann. § 4-88-115; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations based on fraudulent concealment, Arkansas requires that Plaintiffs plead with particularity a positive act of fraud that is actively concealed and is not discoverable by reasonable diligence.  *Bomar v. Moser*, 251 S.W.3d 234, 241-42 (Ark. 2007).  Plaintiffs do not do so.  Thus, the Court should apply the statute of limitations and dismiss

Plaintiffs' claims for damages based on purchases prior to five years before Plaintiffs filed their original complaints.

     **C.**      **California** (No New Authority)

The Court should dismiss Plaintiffs' California claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' California antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss Plaintiffs' California consumer protection claims because, for the reasons explained in the Previous Motions to Dismiss, Plaintiffs fail to allege a sufficient nexus to California. *See* Previous Motions to Dismiss.

**Third**, the Court should dismiss ADs' California unjust enrichment claim because, as the Court previously recognized in *Fuel Senders*, *IPC*, and *HCP*, the cause of action *does not exist* under California law. The Court dismissed plaintiffs' California unjust enrichment claims in those cases for that reason, and it should do so here as well. *See Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *HCP*, 12-cv-00402, Doc. 130; s*ee also Melchior v. New Line Prods. Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself" (internal quotations and citation omitted)); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007) ("Because California law does not recognize [p]laintiff's claim for unjust enrichment, there are no facts [p]laintiff could prove to support this claim."), *aff'd sub nom. Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009).

Alternatively, the Court should dismiss ADs' California unjust enrichment claim because, as the defendants in the Prior Auto Parts Cases explained in their motions to dismiss, the ADs received the benefit of their bargain. *See* Previous Motions to Dismiss. However, if the Court

dismisses this claim on the same grounds as it did in *Fuel Senders, IPC* and *HCP*, it need not consider this alternative basis for dismissal.

**Fourth**, California's statute of limitations bars Plaintiffs' California antitrust and consumer protection claims, and ADs' California unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust and consumer protection claims in California is four years, and the same limitation applies to unjust enrichment claims that rely on the same allegations. Cal. Bus. & Prof. Code §§ 16750.1, 17208; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations based on fraudulent concealment, California requires that Plaintiffs plead with particularity both affirmative acts and due diligence, *Hesse v. Vinatieri*, Cal. App. 2d 448, 451-52 (1956), *Snapp & Associates Insurance Services, Inc. v. Robertson*, 96 Cal. App. 4th 884, 890-91 (2002), and that the affirmative acts caused the failure to have notice of the alleged claims. *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1100 (C.D. Cal. 2008). Plaintiffs do not satisfy any of these requirements. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### D.    **District of Columbia** (No New Authority)

The Court should dismiss Plaintiffs' District of Columbia claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' District of Columbia antitrust claims because Plaintiffs do not have antitrust standing under AGC or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' District of Columbia unjust enrichment claim because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Third**, the statute of limitations in the District of Columbia bars Plaintiffs' District of Columbia antitrust and consumer protection claims, and ADs' District of Columbia unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for consumer protection and antitrust claims in the District of Columbia is three and four years, respectively, and these limitations apply equally to unjust enrichment claims asserted based on the same allegations. D.C. Code §§ 12-301(8), 28-4511; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations based on fraudulent concealment, the District of Columbia requires that Plaintiffs plead with particularity affirmative acts or due diligence. *Cevenini v. Archbishop of Wash.*, 707 A.2d 768, 773–74 (D.C. 1998). Plaintiffs do not do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' consumer protection and unjust enrichment claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints, and Plaintiffs' antitrust claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints

### E. **Florida** (New Authority)

The Court should dismiss Plaintiffs' Florida claims.

**First**, Plaintiffs' Florida consumer protection claims fail because Plaintiffs do not allege that Defendants engaged in any conduct in Florida. Florida's consumer protection law applies only to unfair or deceptive conduct that occurred within the state of Florida. *Five for Entm't S.A.*

*v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012) ("FDUTPA applies only to actions that occurred within the state of Florida."); *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009).[8]  Plaintiffs do not allege any specific conduct by any Defendant within Florida.  The Court should dismiss Plaintiffs' Florida consumer protection claims for that reason alone.

Alternatively, the Court should dismiss Plaintiffs' Florida consumer protection claims because, as explained in the Previous Motions to Dismiss, Plaintiffs fail to plead fraud or deceit with the required particularity.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Florida unjust enrichment claim because ADs do not plead that they conferred a direct benefit on Defendants and because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Florida's statute of limitations bars Plaintiffs' Florida consumer protection claims and ADs' Florida unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust and consumer protection claims in Florida is four years, and the same limitation applies to unjust enrichment claims that are based on the same allegations.  Fla. Stat. Ann. § 95.11(3); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Florida requires that

---

[8] These four cases are new authority.

Plaintiffs plead with particularity both affirmative acts and due diligence. *First Fed. Sav. & Loan Ass'n v. Dade Fed. Sav. & Loan Ass'n*, 403 So.2d 1097, 1100 (Fla. Dist. Ct. App. 1981); *Delco Oil, Inc. v. Pannu*, 856 So. 2d 1070, 1073 (Fla. Dist. Ct. App. 2003); *Fox v. City of Pompano Beach*, 984 So. 2d 664, 668 (Fla. Dist. Ct. App. 2008). Plaintiffs have not done either. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### F.   Hawaii (New Authority)

The Court should dismiss Plaintiffs' Hawaii claims.

**First**, the Court should dismiss ADs' Hawaii antitrust claims because ADs did not give the state of Hawaii an opportunity to prosecute, as Hawaii's antitrust statute requires. Haw. Rev. Stat. § 480-13.3(a). *See also In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, MDL No. 1532, 2011 WL 1398485, at *8 (D. Me. Apr. 13, 2011); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232-33 (M.D. Pa. 2010).[9] The Court recognized this requirement in *WH* but found that plaintiffs satisfied the requirement because the attorney general declined to prosecute the sealed wire harness complaint and then unsealed the complaint and gave plaintiffs permission to proceed. *WH*, 2:12-md-02311, Doc. 99 at 17 n.1. Here, however, ADs did not file their complaint under seal and do not allege that they otherwise satisfied the statutory requirement.

Alternatively, the Court should dismiss ADs' Hawaii antitrust claims because, as explained in the Previous Motions to Dismiss, ADs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

---

[9] These two cases are new authority.

**Second**, the Court should dismiss ADs' Hawaii unjust enrichment claim because, as explained in the Previous Motions to Dismiss, Hawaii does not permit unjust enrichment claims where, as here, a statutory claim is available. *See* Previous Motions to Dismiss.

**Third**, Hawaii's statute of limitations bars ADs' Hawaii antitrust and unjust enrichment claims, and EPs' Hawaii consumer protection claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust, consumer protection, and unjust enrichment claims in Hawaii is four years. Haw. Rev. Stat. § 480-24; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Hawaii requires that Plaintiffs plead affirmative acts with particularity. *Rundgren v. Bank of N.Y. Mellon*, 777 F. Supp. 2d 1224, 1230 (D. Haw. 2011); *Au v. Au*, 626 P.2d 173, 178 (Haw. 1981). Plaintiffs have not done so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### G.     **Illinois** (No New Authority)

The Court should dismiss ADs' Illinois claims.

**First**, the Court should dismiss ADs' Illinois antitrust claim because, as the Court has previously held, Illinois does not allow indirect purchaser plaintiffs to assert antitrust claims as class actions. *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99; *see also In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 415-16 (S.D.N.Y. 2011). As in *WH*, *IPC*, *Fuel Senders*, and *HCP*,

11

ADs here are admittedly indirect purchaser plaintiffs.  AD Compl. ¶ 137.  Thus, the Court should dismiss their antitrust claim on the same ground as it dismissed the same claims in those cases.

Alternatively, the Court should dismiss ADs' Illinois antitrust claim because, as explained in the Previous Motions to Dismiss, ADs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Illinois unjust enrichment claim because ADs do not allege a duty owed to them by Defendants and because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Illinois' statute of limitations bars ADs' Illinois antitrust and unjust enrichment claims.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Illinois is four years, and the limitation applies equally to unjust enrichment claims that are based on the same allegations.  740 Ill. Comp. Stat. 10/7(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  *See* AD Compl. ¶¶ 238-49.  To toll the statute of limitations for fraudulent concealment, Illinois requires that ADs plead with particularity affirmative acts upon which ADs detrimentally relied, *Bank of Ravenswood v. Domino's Pizza, Inc.*, 646 N.E.2d 1252, 1261 (Ill. App. Ct. 1995); *Orlak v. Loyola University Health System*, 885 N.E.2d 999, 1009 (Ill. 2007), or due diligence by ADs.  *People v. Coleman*, 794 N.E.2d 275, 293 (Ill. 2002); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, No. 03-4558, 2010 WL 2813788, at *22 (D.N.J. July 9, 2010).  ADs do not plead either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

12

**H.**     **Iowa** (No New Authority)

The Court should dismiss Plaintiffs' Iowa claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Iowa antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss ADs' Iowa unjust enrichment claim because, as explained in the Previous Motions to Dismiss, ADs fail to allege a direct relationship between themselves and Defendants.  *See* Previous Motions to Dismiss.

Alternatively, the Court should dismiss ADs' Iowa unjust enrichment claim because, as explained in the Previous Motions to Dismiss, ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Iowa's statute of limitations bars Plaintiffs' Iowa antitrust claims and ADs' Iowa unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Iowa is four years, and the same limitation applies to unjust enrichment claims that are based on the same allegations.  Iowa Code § 553.16(1); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Iowa requires that Plaintiffs plead with particularity affirmative concealment, due diligence, and detrimental reliance. *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005); *Baier v. Ford Motor Co.*, No. C04-2039, 2005 WL 928615, at *4-5 (N.D. Iowa Apr. 21, 2005).  Plaintiffs do not plead any of these requirements.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs'

13

claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

I.      **Kansas** (No New Authority)

The Court should dismiss Plaintiffs' Kansas claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Kansas antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Kansas unjust enrichment claim because ADs fail to plead they conferred a direct benefit on Defendants and because ADs received consideration for the benefit conferred.  *See* Previous Motions to Dismiss.

**Third**, Kansas' statute of limitations bars Plaintiffs' Kansas antitrust claims and ADs' Kansas unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Kansas is three years, and the limitation applies equally to unjust enrichment claims that rely on the same allegations.  Kan. Stat. Ann. § 60-512(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Kansas requires that Plaintiffs plead with particularity affirmative concealment, due diligence, and detrimental reliance.  *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980); *Doe v. St. Benedict's Abbey*, 189 P.3d 580 (Kan. Ct. App. Aug. 8, 2008).  Plaintiffs have not plead any of these allegations.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs'

14

claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints.

> **J.     Maine** (No New Authority)

The Court should dismiss Plaintiffs' Maine claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Maine antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Maine unjust enrichment claim because ADs fail to allege they conferred a direct benefit on Defendants.  *See* Previous Motions to Dismiss.

**Third**, Maine's statute of limitations bars Plaintiffs' Maine antitrust claims and ADs' Maine unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Maine is six years, and the limitation applies equally to unjust enrichment claims based on the same allegations.  14 Me. Rev. Stat. § 752; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Maine requires that Plaintiffs plead with particularity affirmative concealment, detrimental reliance, and due diligence.  *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 426 (Me. 2009); *Harkness v. Fitzgerald*, 701 A.2d 370, 372 (Me. 1997); *Kobritz v. Severance*, 912 A.2d 1237, 1241 (Me. 2007).  Plaintiffs have not done so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to six years before Plaintiffs filed their original complaints.

**K.   Massachusetts** (No New Authority)

The Court should dismiss Plaintiffs' Massachusetts claims.

**First**, the Court should dismiss EPs' Massachusetts consumer protection claim because EPs fail to allege a sufficient nexus to Massachusetts.  To state a Massachusetts consumer protection claim, EPs must plead facts establishing that Defendants' alleged "unlawful conduct affect[ed] trade and commerce in [Massachusetts]."  *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *25 (D.N.J. Oct. 20, 2011) (citing Mass. Gen. Laws ch. 93A, §§ 1, 2).  Like the indirect purchasers in *Magnesium Oxide*, EPs here allege only that (a) Defendants restrained trade in a market that "includes Massachusetts," by "affecting, fixing, controlling and/or maintaining at artificial and noncompetitive levels" the prices at which HID ballasts and cars containing HID ballasts "were sold, distributed or obtained in Massachusetts"; (b) HID ballasts "price competition was restrained, suppressed, and eliminated in Massachusetts"; and (c) HID ballasts "prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Massachusetts."  *Compare* EP Compl. ¶ 262[10] *with Magnesium Oxide*, 2011 WL 5008090, at *26.  Because such allegations "are conclusory and do not tie [Plaintiffs'] injuries to the alleged conspiracy's effect on trade and commerce in [Massachusetts]," EPs' consumer protection claims must be dismissed.

Alternatively, the Court should dismiss EPs' Massachusetts consumer protection claim because, as explained in the Previous Motions to Dismiss, EPs lack standing. *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss ADs' Massachusetts unjust enrichment claim because, as explained in the Previous Motions to Dismiss, Massachusetts does not permit unjust

---

[10] And the relevant paragraphs of the other complaints, *at* Exhibit B.

16

enrichment claims where, as here, a statutory claim is available.  *See* Previous Motions to Dismiss.

Alternatively, the Court should dismiss ADs' Massachusetts unjust enrichment claim because, as explained in the Previous Motions to Dismiss, ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Massachusetts' statute of limitations bars EPs' Massachusetts consumer protection claim and ADs' Massachusetts unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60, Doc. 60.  The statute of limitations for antitrust claims in Massachusetts is four years, and the limitation applies equally to unjust enrichment claims based on the same allegations.  Mass. Gen. Laws ch. 93, § 13; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Massachusetts requires that Plaintiffs plead with particularity "affirmative act[s] done with intent to deceive," *Stark v. Advanced Magnetics, Inc.*, 736 N.E.2d 434, 442 (Mass. App. Ct. 2000) (quotation and citation omitted), and the "exercise of reasonable diligence."  *Frank Cooke, Inc. v. Hurwitz*, 406 N.E.2d 678, 683 (Mass. App. Ct. 1980); *Puritan Med. Ctr., Inc. v. Cashman*, 596 N.E.2d 1004, 1010 (Mass. 1992).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### L.    **Michigan** (No New Authority)

The Court should dismiss Plaintiffs' Michigan claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Michigan antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Michigan unjust enrichment claim because ADs fail to allege that they conferred a direct benefit on Defendants and because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Third**, Michigan's statute of limitations bars Plaintiffs' Michigan antitrust claims and ADs' Michigan unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Michigan is four years, and the limitation applies equally to unjust enrichment claims based on the same allegations. Mich. Comp. Laws § 445.781; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Michigan requires that Plaintiffs plead with particularity "affirmative acts or misrepresentations that were designed to prevent subsequent discovery," *Sills v. Oakland General Hospital*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996), and "due diligence until discovery of the facts." *Chandler v. Wackenhut Corp.*, No. 1:08-CV-1197, 2010 WL 307908, at *4-5 (W.D. Mich. Jan. 19, 2010) (quotation and citation omitted), *aff'd*, 465 F. App'x 425 (6th Cir. 2012). Plaintiffs do not allege either. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

## M. **Minnesota** (No New Authority)

The Court should dismiss Plaintiffs' Minnesota claims.

**First**, the Court should dismiss ADs' Minnesota unjust enrichment claim because, as explained in the Previous Motions to Dismiss, Minnesota does not allow a remedy in equity where, as here, there is an adequate remedy at law. *See* Previous Motions to Dismiss. ADs claim legal remedies under the antitrust and consumer protection laws of dozens of states, and thus cannot claim the absence of a legal remedy. *Id.* ADs' Minnesota unjust enrichment claim also fails because ADs do not plead that they conferred a direct benefit on Defendants. *Id*.

Alternatively, the Court should dismiss ADs' Minnesota unjust enrichment claim because, as the defendants explained in their motions to dismiss in the Prior Auto Parts Cases, ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Second**, Minnesota's statute of limitations bars Plaintiffs' Minnesota antitrust claims and ADs' Minnesota unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Minnesota is four years, and the same limitation applies to unjust enrichment claims that rely on the same allegations. Minn. Stat. § 325D.64; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Minnesota requires that Plaintiffs plead with particularity an "affirmative act designed to and which does prevent the discovery of the cause of action," *State Farm Mutual Automobile Insurance Co. v. Ford Motor Co.*, 572 N.W.2d 321, 325 (Minn. Ct. App. 1997), as well as due diligence and reliance. *Hanna Mining Co. v. InterNorth, Inc.*, 379 N.W.2d 663, 667 (Minn. Ct. App. 1986); *Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*, 815 F. Supp. 1266, 1275 (D. Minn. 1993) *aff'd*, 29 F.3d 1283 (8th Cir. 1994). Plaintiffs do not allege either. Thus, the Court should apply the statute of

limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### N.    Mississippi (No New Authority)

The Court should dismiss Plaintiffs' Mississippi claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Mississippi antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Mississippi unjust enrichment claim because ADs fail to allege that they mistakenly paid Defendants, and because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Third**, Mississippi's statute of limitations bars Plaintiffs' Mississippi antitrust claims and ADs' Mississippi unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Mississippi is three years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. Miss. Code Ann. § 15-1-49; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Mississippi requires that Plaintiffs plead with particularity "some affirmative act or conduct . . . [that] prevented discovery of the claim," and "due diligence . . . performed [by the plaintiffs]." *Stephens v. Equitable Life Assurance Soc'y of the U.S.*, 850 So. 2d 78, 84 (Miss. 2003). *See also Spann v. Diaz*, 987 So. 2d 443, 449 (Miss. 2008). Plaintiffs fail to do so. Thus, the Court should apply the statute of

limitations and dismiss Plaintiffs' claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints.

**O.    Missouri** (No New Authority)

The Court should dismiss Plaintiffs' Missouri claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Missouri unjust enrichment claim because ADs received the benefit of their bargain and because Defendants provided consideration for the benefit that ADs received. *See* Previous Motions to Dismiss.

**Second**, Missouri's statute of limitations bars EPs' Missouri consumer protection claim and ADs' Missouri unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for consumer protection claims in Missouri is five years, and the limitation applies equally to unjust enrichment claims that are based on the same allegations. Mo. Rev. Stat. § 516.120; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Missouri requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence. *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 919-20 (8th Cir. 2008); *Batek v. Curators of the Univ. of Mo.*, 920 S.W.2d 895, 900 (Mo. 1996). Plaintiffs have not done so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to five years before Plaintiffs filed their original complaints.

**P.    Montana** (No New Authority)

The Court should dismiss EPs' Montana claims.

**First**, the Court should dismiss EPs' Montana consumer protection claim because Montana's Consumer Protection Act expressly bars class claims. The Act provides that "[a] consumer who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an individual *but not a class action*." Mont. Code Ann. § 30-14-133(1) (emphasis added). The Court has not ruled on this argument in the Prior Auto Parts Cases as to end-payor plaintiffs, *see Fuel Senders*, 2:12-cv-00302, Doc. 104 at 47, because end-payor plaintiffs have stipulated three times to dismissal of this claim. *See HCP*, 12-cv-00402, Doc. 130; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99.[11]

**Second**, the Court also should dismiss EPs' Montana consumer protection claim because EPs fail to allege a specific nexus between Defendants' conduct and intrastate commerce. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (dismissing plaintiffs' claims under Montana's consumer protection statute in part because plaintiffs failed to allege "any conduct or activity taking place within [Montana] that sets forth a basis for connecting plaintiffs' individual claims with representative claims under . . . Montana . . . statutes."). As in *DRAM I*, EPs here fail to allege *any* offending conduct in Montana.

---

[11] Although the Court rejected this argument with respect to ADs' claim under Montana's Consumer Protection Act in the *Wire Harness* case, *see WH*, 2:12-cv-00102, Doc. 99 at 57, it did so because Defendants did "not provide any analysis or support post *Shady Grove* to support their position." *Id.* Defendants have now provided that analysis, but ADs no longer pursue a claim under Montana's Consumer Protection Act as the Court found that the Act did not provide a right of action to businesses like the ADs', *id.* at 56, and EP plaintiffs stipulate to dismiss the claim when challenged.

**Third**, Montana's statute of limitations bars EPs' Montana consumer protection claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for consumer protection claims in Montana is two years.  Mont. Code Ann. § 27-2-11.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Montana requires that EPs plead with particularity both affirmative acts and due diligence.  Mont. Code Ann. § 27-2-102(3); *Yarbro, Ltd. v. Missoula Fed. Credit Union*, 50 P.3d 158, 163 (Mont. 2002); *Holman v. Hansen*, 773 P.2d 1200, 1203 (Mont. 1989); *Rucinsky v. Hentchel*, 881 P.2d 616, 618 (Mont. 1994).  EPs have not pled either.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to two years before Plaintiffs filed their original complaints.

### Q.     Nebraska (No New Authority)

The Court should dismiss Plaintiffs' Nebraska claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Nebraska antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Nebraska's antitrust statute does not apply retroactively.  *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss ADs' Nebraska unjust enrichment claim because, as explained in the Previous Motions to Dismiss, ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, Nebraska's statute of limitations bars Plaintiffs' Nebraska antitrust claims and ADs' Nebraska unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Nebraska is four years, and the

limitation applies equally to unjust enrichment claims based on the same allegations. Neb. Rev. Stat. § 59-1612; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Nebraska requires that Plaintiffs plead with particularity "some affirmative act of fraudulent concealment which prevent[ed] the [Plaintiffs] from discovering [their] cause of action" and that "they exercised due diligence to discover [their] cause of action before the statute of limitations expired." *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994). Plaintiffs have not alleged either. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### R. Nevada (No New Authority)

The Court should dismiss Plaintiffs' Nevada claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Nevada antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Nevada unjust enrichment claim because ADs fail to allege a sufficient impact on intrastate commerce, and because ADs received consideration for the benefit conferred. *See* Previous Motions to Dismiss.

**Third**, Nevada's statute of limitations bars Plaintiffs' Nevada antitrust claims and ADs' Nevada unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Nevada is four years, and the same

24

limitation applies to unjust enrichment claims based on the same allegations. Nev. Rev. Stat. § 598A.220; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Nevada requires that Plaintiffs plead with particularity affirmative concealment and reasonable diligence. *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 466 (Nev. 2012). Plaintiffs have not done so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### S.    New Hampshire (No New Authority)

The Court should dismiss Plaintiffs' New Hampshire claims.

**First**, the Court should dismiss or limit Plaintiffs' New Hampshire antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of New Hampshire's indirect purchaser statute in January 1, 2008. This Court has previously limited plaintiffs' claims in New Hampshire on this basis. *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99; s*ee also In re Silk*, 937 A.2d 900, 904 (N.H. 2007). The Court should do so here too.

The Court also should dismiss Plaintiffs' New Hampshire antitrust claims because, as explained in the Previous Motions to Dismiss, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' New Hampshire unjust enrichment claim because ADs received the benefit of their bargain and received consideration for the benefit conferred. *See* Previous Motions to Dismiss.

**Third**, New Hampshire's statute of limitations bars Plaintiffs' New Hampshire antitrust claims and ADs' New Hampshire unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in New Hampshire is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. N.H. Rev. Stat. Ann. § 356:12; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, New Hampshire requires that Plaintiffs plead with particularity affirmative concealment that "actively misled" them of their alleged cause action, as well as due diligence. *Portsmouth Country Club v. Town of Greenland*, 883 A.2d 298, 304-05 (N.H. 2005); *Lamprey v. Britton Constr., Inc.*, 37 A.3d 359, 367 (N.H. 2012). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

    **T.**    **New Mexico** (No New Authority)

The Court should dismiss Plaintiffs' New Mexico claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' New Mexico antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' New Mexico consumer protection claims because price-fixing claims cloaked as consumer protection claims are not actionable in New Mexico. *See* Previous Motions to Dismiss. And, even if the claims were actionable, Plaintiffs fail to plead that Defendants

engaged in "unconscionable" conduct, as required by New Mexico's consumer protection law. *See* Previous Motions to Dismiss.

**Third**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' New Mexico unjust enrichment claim because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Fourth**, New Mexico's statute of limitations bars Plaintiffs' New Mexico antitrust and consumer protection claims, and ADs' New Mexico unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust and consumer protection claims in New Mexico is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. N.M. Stat. Ann. § 57-1-12; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, New Mexico requires that Plaintiffs plead with particularity that they "exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery notwithstanding such diligence." *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 74 (N.M. 1993). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

    **U.**    **New York** (No New Authority)

The Court should dismiss Plaintiffs' New York claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' New York antitrust claims because Plaintiffs do not have antitrust standing

under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' New York consumer protection claims because Plaintiffs (i) are too remote to have standing; (ii) do not allege any misrepresentations directed at them; and (iii) do not allege a specific nexus between Defendants' alleged conduct and intrastate commerce.  *See* Previous Motions to Dismiss.

**Third**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' New York unjust enrichment claim because New York does not allow the purchaser of a complex product that contains many parts to claim unjust enrichment against a manufacturer of one of the parts, and because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Fourth**, New York's statute of limitations bars Plaintiffs' New York antitrust and consumer protection claims, and ADs' New York unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for consumer protection and antitrust claims in New York is three and four years, respectively, and these limitations also apply to unjust enrichment claims asserted based on the same allegations.  N.Y. Gen. Bus. Law § 340(5); N.Y. C.P.L.R. 214(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, New York requires that Plaintiffs plead with particularity affirmative acts of concealment, reasonable reliance, and due diligence.  *Pahlad v. Brustman*, 33 A.D.3d 518, 519-20 20 (2006); *Zoe G. v. Frederick F. G.*, 208 A.D.2d 675, 675 (1994).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of

28

limitations and dismiss Plaintiffs' consumer protection and unjust enrichment claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints, and Plaintiffs' antitrust claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints

### V.     North Carolina (No New Authority)

The Court should dismiss Plaintiffs' North Carolina claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' North Carolina antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege sufficient impact on intrastate commerce. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' North Carolina consumer protection claims because Plaintiffs do not allege a specific nexus between Defendants' alleged conduct and intrastate commerce. *See* Previous Motions to Dismiss.

**Third**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' North Carolina unjust enrichment claim because ADs do not allege they conferred a direct benefit on Defendants and because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Fourth**, North Carolina's statute of limitations bars Plaintiffs' North Carolina antitrust and consumer protection claims, and ADs' North Carolina unjust enrichment claim. *See* *Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for consumer protection and antitrust claims in North Carolina is four years, and that limitation also applies to unjust enrichment claims asserted based on the same allegations. N.C. Gen. Stat. § 75-16.2; *Stuart & Sons*, 456 F. Supp. 2d at 343.

29

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, North Carolina requires that Plaintiffs plead with particularity affirmative acts of concealment, reasonable and detrimental reliance, and due diligence.  *Yancey v. Remington Arms Co.*, Nos. 1:12-cv-477 et al., 2013 WL 5462205, at *5 (M.D.N.C. Sept. 30, 2013); *Wilkerson v. Christian*, No. 1:06-cv-00871, 2008 WL 483445, at *12 (M.D.N.C. Feb. 19, 2008); *Crawford v. Paul Davis Restoration-Triad Inc.*, No. COA02-1040, 2003 WL 21436156, at *4 (N.C. Ct. App. June 17, 2003); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 317 S.E.2d 41, 44 (N.C. Ct. App. 1984).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### W.    North Dakota (No New Authority)

The Court should dismiss Plaintiffs' North Dakota claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' North Dakota antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' North Dakota unjust enrichment claim because ADs fail to plead they conferred a direct benefit on Defendants and because ADs received the benefit of their bargain.  *See* Previous Motions to Dismiss.

**Third**, North Dakota's statute of limitations bars Plaintiffs' North Dakota antitrust claims and ADs' North Dakota unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in North Dakota is four

30

years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  N.D. Cent. Code § 51-08.1-10(1); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, North Dakota requires that Plaintiffs plead with particularity "some affirmative act or representation designed to prevent, and which does, in fact, prevent discovery of the cause of action," and the use of "reasonable diligence."  *Roether v. Nat'l Union Fire Ins. Co.*, 200 N.W. 818, 822-23 (N.D. 1924).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### X.      Oregon (New Authority)

The Court should dismiss Plaintiffs' Oregon claims.

**First**, the Court should dismiss or limit Plaintiffs' Oregon antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of Oregon's indirect purchaser statute on January 1, 2010.  This Court has previously limited plaintiffs' damages in New Hampshire and Utah on this basis, and should do so for the same reasons here. *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99.  Oregon does not apply statutes retroactively, and Oregon's indirect purchaser statute is no exception.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447, at *2 (N.D. Cal. Mar. 25, 2011); *Olson v.*

*Wheelock*, 680 P.2d 719 (Or. Ct. App. 1984) (finding that Oregon's antitrust statute did not apply retroactively to conduct occurring before the statute was enacted).[12]

The Court also should dismiss Plaintiffs' Oregon antitrust claims because, for the reasons explained in the Previous Motions to Dismiss, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Oregon unjust enrichment claim because ADs received the benefit of their bargain. *See* Previous Motions to Dismiss.

**Third**, Oregon's statute of limitations bars Plaintiffs' Oregon antitrust claims and ADs' Oregon unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Oregon is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. Or. Rev. Stat. § 646.140; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Oregon requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence. *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972); *Kante v. Nike, Inc.*, No. CV 07-1407-HU, 2008 WL 5246090, at *5 (D. Or. Dec. 16, 2008), *aff'd*, 364 F. App'x 388 (9th Cir. 2010). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

---

[12] These two cases are new authority.

32

**Y.    Rhode Island** (No New Authority)

The Court should dismiss EPs' Rhode Island claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss EPs' Rhode Island consumer protection claim because EPs, as indirect purchasers, lack standing and because price-fixing claims cloaked as consumer protection claims are not actionable in Rhode Island.  *See* Previous Motions to Dismiss.

**Second**, Rhode Island's statute of limitations bars EPs' Rhode Island consumer protection claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for consumer protection claims in Rhode Island is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  R.I. Gen. Laws § 6-36-23; *Stuart & Sons*, 456 F. Supp. 2d at 343.

EPs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Rhode Island requires that EPs plead with particularity affirmative acts of concealment, reasonable reliance, and due diligence.  *Ryan v. Roman Catholic Bishop*, 941 A.2d 174, 182-83 (R.I. 2008); *Martin v. Howard*, 784 A.2d 291, 302 (R.I. 2001).  EPs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

**Z.    South Carolina** (No New Authority)

The Court should dismiss Plaintiffs' South Carolina claims.

**First**, the Court should dismiss Plaintiffs' South Carolina consumer protection claims because, as this Court previously held in *HCP*, *Fuel Senders*, and *IPC*, South Carolina's Consumer Protection Act expressly bars class claims by indirect purchasers.  *HCP*, 12-cv-00402,

Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82.   The Act provides that "[a]ny person who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but *not in a representative capacity*, to recover actual damages."   S.C. Code Ann. § 39-5-140(a) (emphasis added).   As in *HCP*, *Fuel Senders*, and *IPC*, Plaintiffs in this putative class action are indisputably indirect purchasers.   This Court should thus dismiss Plaintiffs' South Carolina consumer protection claims.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' South Carolina unjust enrichment claim because ADs fail to plead that Defendants owed them a duty or that they conferred a direct benefit on Defendants, and because ADs received the benefit of their bargain.   *See* Previous Motions to Dismiss.

**Third**, South Carolina's statute of limitations bars Plaintiffs' South Carolina consumer protection claims and ADs' South Carolina unjust enrichment claim.   *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.   The statute of limitations for consumer protection claims in South Carolina is three years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.   S.C. Code Ann. § 39-5-150; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.   AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.   To toll the statute of limitations for fraudulent concealment, South Carolina requires that Plaintiffs plead with particularity deliberate acts of deception and reasonable diligence. *Strong v. Univ. of S.C. Sch. of Med.*, 447 S.E.2d 850, 852 (S.C. 1994).   Plaintiffs fail to do so.

Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints.

   **AA.    South Dakota** (No New Authority)

The Court should dismiss Plaintiffs' South Dakota claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' South Dakota antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' South Dakota unjust enrichment claim because ADs received consideration for the benefit conferred.  *See* Previous Motions to Dismiss.

**Third**, South Dakota's statute of limitations bars Plaintiffs' South Dakota antitrust claims and ADs' South Dakota unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in South Dakota is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  S.D. Codified Laws § 37-1-14.4; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, South Dakota requires that Plaintiffs plead with particularity an affirmative act designed to prevent, and which does prevent, discovery of the cause of action, and due diligence.  *Hinkle v. Hargens*, 81 N.W.2d 888, 891 (S.D. 1957); *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 515 (S.D. 1998).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

**BB.    Tennessee** (No New Authority)

The Court should dismiss Plaintiffs' Tennessee claims.

**First**, the Court should dismiss Plaintiffs' Tennessee antitrust claims because Plaintiffs do not allege sufficient impact on intrastate commerce.  This Court has recognized that to state a claim under Tennessee's antitrust law, Plaintiffs must allege "substantial effects" in Tennessee. *WH*, 2:12-md-02311, Doc. 99.  In *WH*, the Court found that Plaintiffs' allegations were sufficient because "in-state Plaintiffs allege they purchased vehicles containing price-fixed products *in Tennessee*." *Id.*  (emphasis added).  Plaintiffs allegations here fail to meet that requirement.  No Plaintiff alleges to have purchased the alleged products in Tennessee.  EP Compl. ¶ 82.

Alternatively, the Court should dismiss Plaintiffs' Tennessee antitrust claims because, as the defendants explained in their motions to dismiss in the Prior Auto Parts Cases, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss ADs' Tennessee unjust enrichment claim because, as explained in the Previous Motions to Dismiss, ADs received consideration for the benefit conferred, which precludes an unjust enrichment claim in Tennessee.  *See* Previous Motions to Dismiss.

The Court also should dismiss ADs' Tennessee unjust enrichment claim because, for the reasons explained in the Previous Motions to Dismiss, ADs do not allege that they had privity of contract with Defendants or, if they did have privity, that they exhausted their remedies against Defendants, or that exhaustion would be futile.  *See* Previous Motions to Dismiss.

**Third**, Tennessee's statute of limitations bars Plaintiffs' Tennessee antitrust claims and ADs' Tennessee unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Tennessee is three years, and

the limitation also applies to unjust enrichment claims asserted based on the same allegations. Tenn. Code Ann. § 28-3-105; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Tennessee requires that Plaintiffs plead with particularity an "affirmative action on the part of the defendant [that is] something more than mere silence or a mere failure to disclose the known facts", and "reasonable care and diligence."  *Shadrick v. Coker*, 963 S.W.2d 726, 735 (Tenn. 1998) (quotation and citation omitted).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to three years before Plaintiffs filed their original complaints.

### CC.   Utah (No New Authority)

The Court should dismiss Plaintiffs' Utah claims.

**First**, the Court should dismiss or limit Plaintiffs' Utah antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of Utah's indirect purchaser statute on May 1, 2006.  This Court previously limited plaintiffs' damages in Utah on this basis in *Fuel Senders*, *HCP*, *IPC*, and *WH*, and should do so for the same reasons here.  *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99.  Utah enacted its statute allowing indirect purchasers to recover damages on May 1, 2006, Utah Code Ann. § 76-10-3109, and the statute may not be applied retroactively.  *See* Utah Code Ann. § 68-3-3 ("A provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive."); *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997) ("The general rule is that statutes are not applied retroactively unless retroactive application is expressly provided for by the legislature.");

*California v. Infineon Techs. AG*, No. C 06-4333 PJH, 2008 WL 1766775, at *4-5 (N.D. Cal. Apr. 15, 2008) (concluding "that indirect purchaser standing was not available" prior to the amendment to the Utah Antitrust Act that allowed for indirect purchaser claims).

The Court also should dismiss Plaintiffs' Utah antitrust claims because, for the reasons explained in the Previous Motions to Dismiss, Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard. *See* Previous Motions to Dismiss.

**Second**, the Court should dismiss ADs' Utah unjust enrichment claim because, as explained in the Previous Motions to Dismiss, Utah does not permit claims for unjust enrichment where, as here, plaintiffs have an adequate remedy at law. *See* Previous Motions to Dismiss. Utah courts have explicitly applied this rule to bar unjust enrichment claims where there is a contract addressing the transaction at issue, even when the contract is not between the parties to the litigation. *Id*. Because ADs do not allege the absence of an adequate legal remedy nor the absence of a contract governing their purchases of the alleged products, ADs' Utah unjust enrichment claim must be dismissed.

Alternatively, the Court should dismiss ADs' Utah unjust enrichment claim because, as the defendants explained in their motions to dismiss in the Prior Auto Parts Cases, ADs fail to plead that they conferred a direct benefit on Defendants. *See* Previous Motions to Dismiss.

**Third**, Utah's statute of limitations bars Plaintiffs' Utah antitrust claims and ADs' Utah unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in Utah is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. Utah Code Ann. § 7610-925; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. AD Compl. ¶¶ 238-49; EP Compl. ¶¶

200-10.  To toll the statute of limitations for fraudulent concealment, Utah requires that Plaintiffs plead with particularity affirmative acts of concealment and due diligence.  *Russell/Packard Dev., Inc. v. Carson*, 78 P.3d 616, 621 (Utah Ct. App. 2003), *aff'd*, 108 P.3d 741 (Utah 2005); *Colosimo v. Roman Catholic Bishop*, 156 P.3d 806, 817 (Utah 2007); *Berenda v. Langford*, 914 P.2d 45, 51–52 (Utah 1996).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to six years before Plaintiffs filed their original complaints.

   **DD.**   **Vermont** (No New Authority)

The Court should dismiss Plaintiffs' Vermont claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Vermont antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Vermont consumer protection claims because Plaintiffs are too remote to have standing.  *See* Previous Motions to Dismiss.

**Third**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Vermont unjust enrichment claim because ADs received consideration for the benefit conferred.  *See* Previous Motions to Dismiss.

**Fourth**, Vermont's statute of limitations bars Plaintiffs' Vermont antitrust and consumer protection claims, and ADs' Vermont unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust and consumer protection claims in Vermont is six years, and the limitation also applies to unjust enrichment claims relying on the same allegations.  Vt. Stat. Ann. tit. 12, § 511; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations. *See* AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10. To toll the statute of limitations for fraudulent concealment, Vermont requires that Plaintiffs plead with particularity an act of concealment with "an affirmative character designed to prevent, and which does prevent, the discovery of the cause of action", and the "exercise of ordinary diligence." *Watts v. Mulliken's Estate*, 115 A. 150, 152 (Vt. 1921); *Rodrigue v. VALCO Enters., Inc.*, 726 A.2d 61, 64 (Vt. 1999). Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to six years before Plaintiffs filed their original complaints.

### EE.    West Virginia (No New Authority)

The Court should dismiss Plaintiffs' West Virginia claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' West Virginia antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce. *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' West Virginia unjust enrichment claim because ADs fail to allege not only that Defendants' retention of some benefit is "inequitable and unconscionable" but also "how", as required in West Virginia. *See* Previous Motions to Dismiss.

**Third**, West Virginia's statute of limitations bars Plaintiffs' West Virginia antitrust claims and ADs' West Virginia unjust enrichment claim. *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60. The statute of limitations for antitrust claims in West Virginia is four years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations. W. Va. Code Ann. § 47-18-11; *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, West Virginia requires that Plaintiffs plead with particularity "obstruction by the defendant . . . by a positive act" or due diligence.  *Sattler v. Bailey*, 400 S.E.2d 220, 228-29 (W. Va. 1990).  Plaintiffs fail to do so. Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to four years before Plaintiffs filed their original complaints.

### FF.   **Wisconsin** (No New Authority)

The Court should dismiss Plaintiffs' Wisconsin claims.

**First**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss Plaintiffs' Wisconsin antitrust claims because Plaintiffs do not have antitrust standing under *AGC* or any other remoteness standard, and because Plaintiffs do not allege a sufficient impact on intrastate commerce.  *See* Previous Motions to Dismiss.

**Second**, for the reasons explained in the Previous Motions to Dismiss, the Court should dismiss ADs' Wisconsin unjust enrichment claim because ADs received consideration for the benefit conferred.  *See* Previous Motions to Dismiss.

**Third**, Wisconsin's statute of limitations bars Plaintiffs' Wisconsin antitrust claims and ADs' Wisconsin unjust enrichment claim.  *See Bearings*, 2:12-cv-00502, Doc. 82; *OSS*, 2:12-cv-00602, Doc. 60.  The statute of limitations for antitrust claims in Wisconsin is six years, and the limitation also applies to unjust enrichment claims asserted based on the same allegations.  Wisc. Stat. § 133.18(2); *Stuart & Sons*, 456 F. Supp. 2d at 343.

Plaintiffs' conclusory allegation that defendants fraudulently concealed their alleged conduct is not sufficient to toll the statute of limitations.  AD Compl. ¶¶ 238-49; EP Compl. ¶¶ 200-10.  To toll the statute of limitations for fraudulent concealment, Wisconsin requires that

Plaintiffs plead with particularity affirmative conduct, detrimental reliance, and due diligence. *State ex rel. Susedik v. Knutson*, 191 N.W.2d 23, 25-26 (Wis. 1971); *Hinkson v. Sauthoff*, 74 N.W.2d 620, 622 (Wis. 1956).  Plaintiffs fail to do so.  Thus, the Court should apply the statute of limitations and dismiss Plaintiffs' claims for damages based on purchases prior to six years before Plaintiffs filed their original complaints.

### III.   ALTERNATIVELY, THE COURT SHOULD DISMISS AUTO DEALERS' UNJUST ENRICHMENT CLAIMS BECAUSE AUTO DEALERS CANNOT USE UNJUST ENRICHMENT TO RECOVER ON FAILED ANTITRUST AND CONSUMER PROTECTION THEORIES

The Court also should dismiss ADs' unjust enrichment claims under the laws of any states for which the Court dismisses ADs' statutory antitrust and consumer protection claims. This parallel outcome is required because ADs cannot use parasitic unjust enrichment claims to recover on failed statutory antitrust and consumer protection claims.  Allowing ADs to pursue unjust enrichment claims where applicable state laws bar antitrust and consumer protection claims by indirect purchasers would enable ADs to circumvent the legislative policy choices of those states.  Numerous courts have prevented that kind of end-run.  *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 425 (E.D. Pa. 2010); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 232 (S.D.N.Y. 2012); *In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2008 WL 2660780, at *5  (D.N.J. Feb. 28, 2008).[13]   *See also In re Digital Music*, 812 F. Supp. 2d at 412-13 (dismissing indirect purchaser unjust enrichment claims brought where the predicate claim is dismissed); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010) (dismissing plaintiffs' parasitic unjust enrichment claims under Illinois law after finding that plaintiffs' indirect class

---

[13] These three cases are new authority.

action claims were barred by Illinois's class action bar, and noting plaintiffs could not do "an end run around the Illinois legislature's determination" to bar class action indirect purchaser claims); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1380 (S.D. Fla. 2001); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004). *See also* Previous Motions to Dismiss.

The Court previously dismissed plaintiffs' Illinois antitrust claims and South Carolina consumer protection claims, and limited plaintiffs' New Hampshire and Utah antitrust claims to apply only to conduct that occurred after New Hampshire and Utah passed their indirect purchaser statutes. *See HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-md-02311, Doc. 99. For the same reasons, as explained in Section II above, the Court here should dismiss and limit the same claims here. And consistent with that ruling, the Court should correspondingly dismiss or limit ADs' unjust enrichment claims in those states. To the extent that the Court dismisses or limits ADs' statutory claims under the laws of other states, the Court also should dismiss or limit ADs' unjust enrichment claims in those states.

Moreover, even if the Court construes ADs' unjust enrichment claims to be autonomous, "free-standing," unjust enrichment claims, the Court must nonetheless dismiss those claims because there is no cause of action for unjust enrichment separate and apart from the predicate statutory causes of action. *In re Digital Music*, 812 F. Supp. 2d at 412-14 (dismissing all autonomous unjust enrichment claims). The necessary premise of a freestanding unjust enrichment claim is that, "even if the defendants' conduct is blameless under the substantive requirements of federal and state antitrust statutes and state consumer protection statutes, the plaintiffs nevertheless can still obtain restitution of some part of their . . . purchase price." *In re New Motor Vehicles*, 350 F. Supp. 2d at 209. Yet that premise cannot stand, as it would "result

43

in restitution undermining another body of substantive law." *Id.* Accordingly, to the extent ADs' purport to assert autonomous unjust enrichment claims, the Court should dismiss these claims to the same extent the Court dismisses ADs' statutory antitrust and consumer protection claims.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully requests the Court dismiss ADs' and EPs' Consolidated Amended Class Action Complaints in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: September 19, 2014                    Respectfully submitted,

                                                       */s/ Marguerite M. Sullivan*
                                                       Marguerite M. Sullivan
                                                       William H. Rawson
                                                       LATHAM & WATKINS LLP
                                                       555 Eleventh Street NW, Suite 1000
                                                       Washington, DC 20004-1304
                                                       Tel.: (202) 637-2200
                                                       Fax: (202) 637-2201
                                                       marguerite.sullivan@lw.com
                                                       william.h.rawson@lw.com

                                                       Daniel M. Wall
                                                       LATHAM & WATKINS LLP
                                                       505 Montgomery Street, Suite 2000
                                                       San Francisco, CA 94111-6538
                                                       Tel.: (415) 391-0600
                                                       Fax: (415) 395-8095
                                                       dan.wall@lw.com

                                                       *Counsel for Defendant*
                                                       *Ichikoh Industries, Ltd.*

*/s/ Steven F. Cherry*  (with consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
Kurt G. Kastorf
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com

*Counsel for DENSO Corporation,*
*DENSO International America, Inc., ASMO Co.,*
*Ltd., ASMO North America, LLC, and ASMO*
*Manufacturing, Inc.*

*/s/ Steven M. Zarowny*  (with consent)
Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 DENSO Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
STEVE_ZAROWNY@DENSO-diam.com

*Counsel for Defendant DENSO International*
*America, Inc.*

*/s/ George A. Nicoud III*  (with consent)
George A. Nicoud III
Joel S. Sanders
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com

45

JSanders@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com
LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and
American Mitsuba Corporation*

*/s/ Terrence J. Truax*   (with consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com


Gary K. August
ZAUSMER, KAUFMAN, AUGUST &
CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation,
Mitsubishi Electric US Holdings, Inc., and
Mitsubishi Electric Automotive America, Inc.*


*/s/ Craig P. Seebald* (with consent)
Craig P. Seebald
Alden L. Atkins
 Lindsey R. Vaala
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC 20037

46

Tel.: (202) 639-6585
Fax: (202) 879-8995
cseebald@velaw.com
aatkins@velaw.com
lvaala@velaw.com

*Counsel for Hitachi, Ltd., Hitachi Automotive
Systems, Ltd., and Hitachi Automotive Systems
Americas, Inc.*


*/s/ James L. Cooper*  (with consent)
James L. Cooper
Danielle Garten
Adam Pergament
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Tel.: (202) 942-5000
Fax: (202) 942-5999
*james.cooper@aporter.com*
*danielle.garten@aporter.com*
*adam.pergament@aporter.com*

Fred K. Herrmann
Joanne G. Swanson
Kerr, Russell
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
fherrmann@kerr-russell.com
jgs@krwlaw.com

*Counsel for Yamashita Rubber Co., Ltd. and
YUSA Corporation*

47

*/s/ J. Clayton Everett, Jr.*  (with consent)
J. Clayton Everett, Jr.
Eyitayo St. Matthew-Daniel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001
jeverett@morganlewis.com
tstmatthew-daniel@morganlewis.com

*Counsel for Tokai Rubber Industries, Ltd. and
DTR Industries, Inc.*

*/s/ Steven A. Reiss*   (with consent)
Steven A. Reiss
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

Frederick R. Juckniess
Schiff Hardin LLP
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Tel.: (734) 222-1504
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and
Bridgestone APM Company*

*/s/ Steven A. Reiss*  (with consent)
Steven A. Reiss
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119

48

Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com

Fred K. Herrmann
Matthew L. Powell
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
Fax: (313) 961-0388
fhermann@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Calsonic Kansei Corporation and CalsonicKansei North America, Inc.*

*/s/ David C. Giardina*  (with consent)
David C. Giardina
Courtney A. Rosen
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
crosen@sidley.com

*/s/ Bradley J. Schram*   (with consent)
Bradley J. Schram (MI Bar # P26337)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfiled Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd.,*

49

*Toyo Automotive Parts (USA), Inc., Toyo Tire North America OE Sales LLC, and Toyo Tire North America Manufacturing Inc.*


*/s/ Matthew J. Reilly*  (with consent)
Matthew J. Reilly
Abram J. Ellis
David T. Shogren
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, DC  20004
Tel.: (202) 636-5500
Fax: (202) 636-5502
matt.reilly@stblaw.com
aellis@stblaw.com
dishogren@stblaw.com


George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000
Fax: (212) 455-2502


*Counsel for Defendants Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc. and II Stanley Co., Inc.*


*/s/* Franklin R. Liss  (with consent)
Franklin R. Liss
Barbara H. Wootton
Tiana Russell
Lauren K. Peay
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Tel:  (202) 942-5969
Fax: (202) 942-5999
frank.liss@aporter.com

50

barbara.wootton@aporter.com
tiana.russell@aporter.com
lauren.peay@aporter.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel:  (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore @dykema.com

*Counsel for Defendants Koito Manufacturing Co.,
Ltd. and North American Lighting, Inc.*

*/s/ Heather L. Kafele*  (with consent)
Heather L. Kafele
Keith R. Palfin
Alison R. Welcher
SHEARMAN & STERLING LLP
801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
Tel.: (202) 508-8097
Fax: (202) 508-8100
heather.kafele@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com

Brian M. Akkashian
PAESANO AKKASHIAN, PC
132 N. Old Woodward Avenue
Birmingham, MI 48009
Tel.: (248) 792-6886
bakkashian@paesanoakkashian.com

*Counsel for JTEKT Corporation and JTEKT
Automotive North America, Inc.*

51

*/s/ David F. DuMouchel*    (with consent)
David F. DuMouchel
George B. Donnini
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Counsel for Defendants TRAM, Inc. and
Tokai Rika Co., Ltd.*

*/s/ Peter L. Simmons*  (with consent)
Peter L. Simmons
Steven M. Witzel
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
peter.simmons@friedfrank.com
steven.witzel@friedfrank.com

Thomas J. Tallerico
Jason R. Gourley
BODMAN PLC
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084

Telephone: (248) 743-6073
Facsimile: (248) 743-6002
ttallerico@bodmanlaw.com
jgourley@bodmanlaw.com

*Counsel for Defendants T.RAD Co., Ltd., and
T.RAD North America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of September, 2014, I caused a true and correct copy

of the foregoing DEFENDANTS' COLLECTIVE MOTION TO DISMISS END-PAYORS'

AND AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

and  MEMORANDUM IN SUPPORT THEREOF to be electronically filed with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to all counsel of

record.

> */s/ Marguerite M. Sullivan*
> Marguerite M. Sullivan
> LATHAM & WATKINS LLP
> 555 Eleventh Street NW, Suite 1000
> Washington, DC 20004-1304
> Tel.: (202) 637-2200
> Fax: (202) 637-2201
> marguerite.sullivan@lw.com
>
> *Counsel for Defendant*
> *Ichikoh Industries, Ltd.*