FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311 Honorable Marianne O. Battani |
| IN RE: HID BALLASTS | |
| THIS RELATES TO: DEALERSHIP ACTION END-PAYOR ACTION | No. 2:13-cv-1702-MOB No. 2:13-cv-1703-MOB **Oral Argument Requested** |

## MELCO'S MOTION TO DISMISS THE END-PAYORS' AND THE
## AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

PLEASE TAKE NOTICE that, by their counsel listed below, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. ("MELCO" or the "MELCO Defendants") respectfully move this Court for an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing all claims in the Auto Dealers' and End-Payors' Consolidated Amended Class Action Complaints (ECF Nos. 9, 25) ("Complaints"). This motion is based on the supporting memorandum of law, oral argument of counsel, and such other and further material as the Court may consider.[1]

As required by Local Rule 7.1(a), counsel for MELCO sought concurrence from counsel for the Auto Dealer plaintiffs and the End-Payor plaintiffs on September 4, 2014, all via telephone conference. During those calls, counsel for MELCO explained the nature of this

---

[1] The MELCO Defendants also move to dismiss the Complaints for the reasons stated in the Memorandum of Law In Support of Defendants' Collective Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints, No. 12-md-2311, Nos. 2:13-cv-00802, 803, 1002, 1003, 1302, 1303, 1502, 1503, 1702, 1703, 1902, 1903, 2102, 2103, 2302, 2303, 2802, 2803 (E.D. Mich. filed contemporaneously) ("Omnibus Memorandum").

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*,

dismissal of the Complaints).

Dated: September 19, 2014                    Respectfully submitted,

                                            */s/ Terrence J. Truax*

                                            Terrence J. Truax
                                            Charles B. Sklarsky
                                            Michael T. Brody
                                            Gabriel A. Fuentes
                                            Daniel T. Fenske
                                            JENNER & BLOCK LLP
                                            353 N. Clark Street
                                            Chicago, IL 60654-3456
                                            ttruax@jenner.com
                                            csklarsky@jenner.com
                                            mbrody@jenner.com
                                            gfuentes@jenner.com
                                            dfenske@jenner.com

                                            Gary K. August
                                            ZAUSMER, KAUFMAN, AUGUST &
                                            CALDWELL, P.C.
                                            31700 Middlebelt Road
                                            Suite 150
                                            Farmington Hills, Michigan 48334-2374
                                            Telephone (248) 851-4111
                                            gaugust@zkac.com

                                            *Counsel for Mitsubishi Electric Corporation,*
                                            *Mitsubishi Electric US Holdings, Inc., and*
                                            *Mitsubishi Electric Automotive America, Inc.*

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: HID BALLASTS | |
| THIS RELATES TO:<br><br>DEALERSHIP ACTION<br>END-PAYOR ACTION | No. 2:13-cv-1702-MOB<br>No. 2:13-cv-1703-MOB<br><br>**Oral Argument Requested** |

## MELCO DEFENDANTS' MEMORANDUM IN SUPPORT
## OF THEIR MOTION TO DISMISS THE END-PAYORS' AND THE
## <u>AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS</u>

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## STATEMENT OF THE ISSUES PRESENTED

1.      Whether Plaintiffs' have alleged a plausible conspiracy against the MELCO Defendants given that no MELCO Defendant has pled guilty to collusion on HID Ballasts and the Complaints' remaining factual allegations are too conclusory to state a claim under *Twombly*.

2.      Whether Plaintiffs have failed to state a claim against the MELCO subsidiaries given that the only factual allegations in the Complaints relate to Mitsubishi Electric Corporation, the parent company.

3.      Whether Plaintiffs fail to allege a claim for injunctive relief under the Clayton Act because Plaintiffs have not alleged a plausible threat of future injury necessitating a prospective injunction.

4.      Whether Plaintiffs lack Article III standing given that they do not set forth a plausible allegation that they purchased a product affected by the conspiracy or that the overcharge was passed through the chain of distribution to them.

5.      Whether Plaintiffs, who did not participate in the market for the allegedly price-fixed good, lack antitrust standing under *AGC* and related principles of state antitrust law.

6.      Whether Plaintiffs fail to plead adequately their state law antitrust, consumer protection, and unjust enrichment claims.

7.      Whether Plaintiffs' claims are barred in whole or in part by state statutes of limitations.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. **Insufficiency of the Complaint under *Bell Atlantic Corp. v. Twombly*.**

   - *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
   - *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
   - *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896 (6th Cir. 2009).
   - *Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499 (S.D.N.Y. 2009).
   - *W. Va. ex rel. McGraw v. Bank of America, N.A. (In re Mun. Derivatives Antitrust Litig.)*, 790 F. Supp. 2d 106 (S.D.N.Y. 2011).
   - *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961 (N.D. Iowa 2011).
   - *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250 (W.D. Wash. 2009).

2. **Plaintiffs' Failure to Allege Claims Against MELCO Subsidiaries.**

   - *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709 (E.D. Pa. 2011).
   - *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d 1109 (N.D. Cal. 2008).
   - *Invamed, Inc. v. Barr Lab.*, 22 F. Supp. 2d 210 (S.D.N.Y. 1998).
   - *In re Auto. Parts Antitrust Litig. (Wire Harness Cases)*, No. 2:12-cv-00100, 2013 WL 2456013 (E.D. Mich. June 6, 2013).
   - *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 YGR, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014).
   - *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, No. 12-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013).
   - *Bhan v. Battle Creek Health Sys.*, No. 1:10-CV-202, 2012 WL 489161 (W.D. Mich. Feb. 14, 2012).

3. **Plaintiffs' Failure to Allege a Claim for Injunctive Relief Under the Clayton Act.**

   - *L.A. v. Lyons*, 461 U.S. 95 (1983).
   - *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019 (N.D. Miss. 1993).
   - 15 U.S.C. § 26.

4. **Plaintiffs' Lack Antitrust Standing Under AGC.**

   - *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983).

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## TABLE OF CONTENTS

STATEMENT OF THE ISSUES PRESENTED ................................................................. i

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................. ii

TABLE OF CONTENTS ............................................................................................... iii

TABLE OF AUTHORITIES ......................................................................................... iv

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 2

A.      The Parties ............................................................................................... 2

B.      The Market At Issue .................................................................................. 4

C.      The Alleged Conspiracy ............................................................................ 4

ARGUMENT ................................................................................................................ 7

I.      Plaintiffs Fail To Allege That The MELCO Defendants Participated In The
        Alleged Conspiracy .................................................................................... 7

II.     Plaintiffs Fail To Allege That The MELCO Subsidiaries Participated In The
        Alleged Conspiracy .................................................................................. 10

III.    Plaintiffs' Fail To Allege Plausibly A Threat Of Future Injury Sufficient To State
        A Claim For Injunctive Relief. ................................................................. 13

IV.     Plaintiffs Lack Constitutional Standing. ................................................... 14

V.      Plaintiffs Lack Antitrust Standing Under *AGC*. ........................................ 14

VI.     Plaintiffs Fail to Adequately Plead Their State Law Antitrust, Consumer
        Protection, and Unjust Enrichment Claims ............................................... 14

VII.    State Statutes of Limitations Bar Plaintiffs' Claims. ................................. 14

CONCLUSION .......................................................................................................... 15

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................7, 9

*Associated Gen. Contractors v. Cal. State Council of Carpenters,*
    459 U.S. 519 (1983)...........................................................................................14

*Barry v. St. Paul Fire & Marine Ins. Co.,*
    555 F.2d 3 (1st Cir. 1977)...................................................................................13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................7

*Bhan v. Battle Creek Health Sys.,*
    No. 1:10-CV-202, 2012 WL 489161 (W.D. Mich. Feb. 14, 2012) .......................12

*Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.),*
    522 F.3d 6 (1st Cir. 2008)...................................................................................13

*Doe v. Aramark Educ. Res., Inc.,*
    206 F.R.D. 459 (M.D. Tenn. 2002) .....................................................................8

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC,*
    Civ. No. 12-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013).......................12

*Hinds Cnty. v. Wachovia Bank N.A.,*
    620 F. Supp. 2d 499 (S.D.N.Y. 2009)...................................................................8

*In re Auto. Parts Antitrust Litig. (Wire Harness Cases),*
    No. 2:12-cv-00100, 2013 WL 2456013 (E.D. Mich. June 6, 2013) .....................11

*In re Auto. Parts Antitrust Litig.,* Nos. 2:12-cv-00102, 2:12-cv-00103,
    2013 WL 2456613 (E.D. Mich. June 6, 2013)......................................................12

*In re Catfish Antitrust Litig.,*
    826 F. Supp. 1019 (N.D. Miss. 1993)..................................................................13

*In re Hawaiian & Guamanian Cabotage Antitrust Litig.,*
    647 F. Supp. 2d 1250 (W.D. Wash. 2009).............................................................9

*In re Iowa Ready-Mix Concrete Antitrust Litig.,*
    768 F. Supp. 2d 961 (N.D. Iowa 2011).................................................................8

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

*In re Lithium Ion Batteries Antitrust Litig.*,
    Case No. 13-MD-2420 YGR, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) ............................12

*In re Processed Egg Prods. Antitrust Litig.*,
    821 F. Supp. 2d 709 (E.D. Pa. 2011) ...................................................................................11

*In re TFT-LCD Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ...............................................................................11

*Invamed, Inc. v. Barr Lab.*,
    22 F. Supp. 2d 210 (S.D.N.Y. 1998) ....................................................................................11

*L.A. v. Lyons*,
    461 U.S. 95 (1983) ...............................................................................................................12

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
    782 F. Supp. 2d 1059 (E.D. Cal. 2011) ................................................................................10

*Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*,
    583 F.3d 896 (6th Cir. 2009) .................................................................................................7

*W. Va. ex rel. McGraw v. Bank of America, N.A. (In re Mun. Derivatives Antitrust Litig.)*,
    790 F. Supp. 2d 106 (S.D.N.Y. 2011) ....................................................................................8

## STATUTES

15 U.S.C. § 26 ...............................................................................................................................13

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

# INDEX OF EXHIBITS

| | |
|---|---|
| EXHIBIT 1 | *Bhan v. Battle Creek Health Sys.*, 2012 WL 489161 (W.D. Mich. Feb. 14, 2012) |
| EXHIBIT 2 | *Gevo, Inc. v. Butamax (TM) Advanced Biofuels LLC,* 2013 WL 3381258 (D. Del. July 8, 2013) |
| EXHIBIT 3 | *In re Auto. Parts Antitrust Litig. (Wire Harness Cases),* 2013 WL 2456013 (E.D. Mich. June 6, 2013) |
| EXHIBIT 4 | *In re Lithium Ion Batteries Antitrust Litig.,* 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) |

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## INTRODUCTION

Plaintiffs are purchasers of automobiles who allege a broad conspiracy among manufacturers and sellers of HID Ballasts, a component of the headlights of certain high-end automobiles, to collude as to the sale of those parts to automobile manufacturers. Plaintiffs have sued three Mitsubishi Electric entities: Mitsubishi Electric Corporation ("Mitsubishi Electric"), the Japanese parent company, and U.S. subsidiaries Mitsubishi Electric US Holdings, Inc. and Mitsubishi Electric Automotive America, Inc. (the "MELCO Subsidiaries" and together with Mitsubishi Electric, the "MELCO Defendants").

The Complaints fail to state a claim against the MELCO Defendants. No MELCO Defendant has pled guilty in any jurisdiction worldwide to any misconduct as to HID Ballasts, and the Complaints contain insufficient factual allegations to tie the MELCO Defendants to the HID Ballast conspiracy to which some other non-MELCO Defendants have pled guilty. Besides the bare allegation that the MELCO Defendants manufacture or sell HID Ballasts, the only non-conclusory factual allegation in the Complaints against the MELCO Defendants is that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ The allegations thus merely repeat boilerplate regarding an unlawful "agreement" that the Supreme Court has held is not enough to state a claim. The Complaints should be dismissed as to all the MELCO Defendants.

But even if the Complaints are sufficient as to Mitsubishi Electric (the parent company), the same cannot be said of the MELCO Subsidiaries. The Complaints lack specific allegations as to either MELCO Subsidiary, and instead, throw the MELCO Subsidiaries into this case by broadly defining all three MELCO Defendants as "Mitsubishi" without differentiating among

1

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

them.  Absent specific allegations as to each MELCO Subsidiary, however, Plaintiffs cannot meet their pleading burden.  Corporate separateness matters, and Plaintiffs ignore the corporate form in their blunderbuss pleading approach.  The Complaints should be dismissed as to the MELCO Subsidiaries.

Finally, the Complaints should be dismissed as to all three MELCO Defendants for a variety of other reasons addressed below or in separate briefs filed contemporaneously with this one, including:  (1) Plaintiffs fail to allege a plausible fear of future injury necessary to sustain their claim for an injunction under the Clayton Act; (2) Plaintiffs lack Article III standing to bring their claims because they do not allege facts showing it is plausible that they even purchased an affected product, much less that any overcharge was "passed through" the distribution chain to them; (3) Plaintiffs lack antitrust standing because their connection to the market in which the alleged collusion occurred is too attenuated; (4) Plaintiffs fail to plead adequately their state law antitrust, consumer protection, and unjust enrichment claims; and (5) the applicable statutes of limitations bar Plaintiffs' claims in whole or in part.  The Complaints should be dismissed in their entirety.

## BACKGROUND

The following statements of fact are derived from the Complaints.  While defendants contest many of the factual allegations in the Complaints, well-pled factual allegations (but not conclusory statements) must be taken as true for purposes of this motion.

### A.    The Parties

*Plaintiffs*.  This motion addresses two amended class action complaints (the "Complaints") filed on behalf of two different proposed plaintiff classes.  The "Dealer Plaintiffs," who are the plaintiffs in Case No. 2:13-cv-1702-MOB-MKM, are 45 authorized automobile dealers located in 28 different states.  They allege that they sell automobiles

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

manufactured by various Original Equipment Manufacturers ("OEMs"), such as Ford, Toyota, Nissan, Subaru (Fuji Heavy Industries), Chrysler, Suzuki, General Motors, and other OEMs. (Dealer CACAC ¶¶ 23-112.)   The "End-Payor Plaintiffs," who are the plaintiffs in Case No. 2:13-cv-1703-MOB-MKM (and who are referred to together with the Dealer Plaintiffs as "Plaintiffs"), are 58 individuals from 31 states and the District of Columbia who allege they purchased certain automobiles.   (EPP CACAC ¶¶ 25-82.)   The Complaints allege that all Plaintiffs "indirectly" purchased HID Ballasts from one or more unspecified "Defendant."  (EPP CACAC ¶¶ 25-82; *see also* Dealer CACAC ¶ 137.)

*Defendants.*  The Defendants are:

- DENSO Corporation and DENSO International America, Inc. ("Denso").

- Ichikoh, a Japanese corporation.

- Panasonic Corporation and Panasonic Corporation of North America ("Panasonic").

- Stanley Electric Co., Ltd. and Stanley Electric U.S. Co., Inc. ("Stanley Electric").

- Koito Manufacturing Co., Ltd. and its subsidiary North American Lighting, Inc. ("Koito").

- MELCO: Mitsubishi Electric Corporation ("Mitsubishi Electric"), Mitsubishi Electric US Holdings, Inc. ("MELCO Holdings"), and Mitsubishi Electric Automotive America, Inc. ("MEAA").

The Complaints' frequently lump all Defendants together.  The Complaints allege that "Defendants manufacture, market, and sell HID Ballasts throughout and into the United States." (EPP CACAC ¶ 4; Dealer CACAC ¶ 4.)  The Dealer Plaintiffs contain the same boilerplate allegation for each Defendant, alleging that each "manufactured, marketed, and/or sold HID

FILED UNDER SEAL – HIGHLY CONFIDENTIAL        REDACTED PUBLIC VERSION

Ballasts that were purchased throughout the United States, including in this District, during the Class Period, including by firms that sold such HID Ballasts to Plaintiffs and Class members." (Dealer CACAC ¶¶ 113-26.)  The End-Payor Complaints contain a similar allegation as to each Defendant.  (EPP CACAC ¶¶ 83-95 (each Defendant "manufactured, marketed, and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period").)

### B.    The Market At Issue.

Plaintiffs allege a conspiracy in the HID ballast market.  "An 'HID Ballast' is an electrical device that limits the amount of electrical current flowing to an HID headlamp, which would otherwise rise to destructive levels due to the HID headlamp's negative resistance."  (EPP CACAC ¶¶ 3, 99; Dealer CACAC ¶¶ 3, 130.)  Although Plaintiffs' Complaints do not recognize it, HID Ballasts are installed on a relatively small number of vehicles sold in the United States.

### C.    The Alleged Conspiracy.

Plaintiffs allege that all Defendants "engag[ed] in a long-running conspiracy to unlawfully fix, artificially raise, maintain and/or stabilize prices, rig bids for, and allocate the market and customers in the United States for HID Ballasts."  (EPP CACAC ¶ 1; Dealer CACAC ¶ 1.)  Plaintiffs seek to represent classes of indirect purchasers who purchased HID Ballasts from July 1, 1998 through the present.  (EPP CACAC ¶ 2; Dealer CACAC ¶ 2.)  In support, Plaintiffs allege the following:

- Defendants, including MELCO, "manufacture, market, and sell HID Ballasts throughout and into the United States."  (EPP CACAC ¶ 4; Dealer CACAC ¶ 4.)

- Three Defendants (Panasonic Corporation, Stanley Electric Co., and Koito Manufacturing Co.) have pled guilty to charges brought by the Department of Justice alleging those Defendants engaged in a "conspiracy to fix prices of" HID

Ballasts "installed in automobiles sold in the United States and elsewhere." (EPP CACAC ¶¶ 6, 9, 10; Dealer CACAC ¶¶ 6, 9, 10.) Further, the Japanese Fair Trade Commission ("JFTC") fined Defendant Ichikoh $13.1 million "for violating antitrust laws by forming a cartel to fix automotive lamps," certain of which "contain HID Ballasts as a component part." (EPP CACAC ¶ 125; Dealer CACAC ¶ 159.)

- Competition authorities from the U.S., Japan, and Europe have initiated investigations into the broader automotive parts industry, and certain entities that are not named as Defendants in Plaintiffs' Complaints have entered guilty pleas as to other automotive parts. (EPP CACAC ¶¶ 118, 139-68; Dealer CACAC ¶¶ 151, 175-207.)

- Mitsubishi Electric pled guilty "for its role in a conspiracy to rig bids for, and to fix, stabilize, and maintain the prices of certain automotive parts sold to automobile manufacturers." (EPP CACAC ¶ 129, ; Dealer CACAC ¶ 165.) Plaintiffs later make clear that Mitsubishi Electric pled guilty only as to alternators, starters, and ignition coils. (EPP CACAC ¶ 160; Dealer CACAC ¶ 207.) Plaintiffs further allege that Mitsubishi Electric's plea agreement included a release of liability and contained cooperation obligations as to HID Ballasts. (EPP CACAC ¶ 131; Dealer CACAC ¶ 167.)

- According to Plaintiffs, certain alleged characteristics of the HID Ballast market suggest collusion. For example, Plaintiffs allege that prices for "vehicular lighting equipment," of which an HID Ballast is allegedly one component, rose despite falling demand during portions of the conspiracy period. (EPP CACAC

¶¶ 105-09; Dealer CACAC ¶¶ 138-42.)  Plaintiffs base that allegation on a comparison of allegedly rising prices for vehicular lighting equipment with allegedly falling demand for vehicles as a whole from 2007-2009.  (EPP CACAC ¶ 107; Dealer CACAC ¶ 140.)  Plaintiffs also allege that the market for HID Ballasts contains high barriers to entry (EPP CACAC ¶¶ 111-14; Dealer CACAC ¶¶ 144-47) and inelasticity of demand (EPP CACAC ¶¶ 115-17; Dealer CACAC ¶¶ 148-50.)



From those allegations, the Complaints conclude that "Defendants and their co-conspirators participated in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of HID Ballasts sold to automobile manufacturers and others in the United States."  (EPP CACAC ¶ 12; Dealer CACAC ¶ 12.)  Plaintiffs further allege that "[a]s a direct result of the anti-competitive and unlawful conduct alleged herein, Plaintiffs . . . paid artificially inflated prices for

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

HID Ballasts during the Class Period and have thereby suffered antitrust injury to their business or property." (EPP CACAC ¶ 15; Dealer CACAC ¶ 13.)

## ARGUMENT

**I.    Plaintiffs Fail To Allege That The MELCO Defendants Participated In The Alleged Conspiracy.**

To state a claim, a complaint alleging an antitrust conspiracy must set forth factual allegations sufficient "to raise a right to relief above the speculative level" and to demonstrate that relief is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The requirement that a plaintiff plead "factual content" means that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).

In summary, Plaintiffs base their claims against MELCO on these factual allegations: (1) MELCO manufactures or sells HID Ballasts, other Defendants have pled guilty to collusion as to HID Ballasts, and various governmental enforcement agencies are investigating collusion on a broad range of automotive parts; (2) the MELCO parent company, Mitsubishi Electric, pled guilty to a conspiracy as to other automotive parts, and Mitsubishi Electric's plea agreement includes a release and cooperation obligations as to HID Ballasts, among many other automotive parts; (3) the HID Ballast market is allegedly conducive to collusion; and (4) ██████████

██████████████████████████████████████████████████

7

███████████████████████████████████ Those allegations are insufficient to state a claim against MELCO for the following reasons:

*First*, the fact that MELCO manufacturers or sells a product in a market for which some competitors, but not MELCO, have pled guilty to collusion is insufficient to tie MELCO to that conspiracy. Nor is Plaintiffs' allegation of wide-ranging investigations into other automotive parts, but not HID Ballasts or related parts, enough to plausibly state a claim against *MELCO* as to *HID Ballasts*. "[T]he mere fact that [MELCO is] involved in an industry that is purportedly rife with antitrust violations is not, without more, enough to state a § 1 claim." *Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 515 (S.D.N.Y. 2009).

*Second*, the fact that MELCO's guilty plea as to unrelated products contains a release and cooperation obligations as to HID Ballasts, among many other products, does not allow an inference that MELCO participated in collusion as to HID Ballasts. A court cannot infer guilt from a settlement that contains no admission of liability as to a relevant product. Parties often agree to settlement claims for reasons unrelated to liability, such as a desire to put the matter behind them or to avoid costly litigation. *See Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 463 (M.D. Tenn. 2002) ("the fact of settlement does not equal liability").

Further, although "[e]vidence of guilty pleas . . . may be somewhat more persuasive in supporting the plausibility of conspiratorial activity, . . . even these cannot replace entirely a plaintiff's independent proffer of facts which would tend to support the illegal conduct alleged." *W. Va. ex rel. McGraw v. Bank of America, N.A. (In re Mun. Derivatives Antitrust Litig.)*, 790 F. Supp. 2d 106, 115 (S.D.N.Y. 2011). To support an alleged conspiracy far broader than the guilty pleas, a complaint must allege facts showing "the 'larger picture' from which inferences of a wider conspiracy can be drawn from guilty pleas to separate bilateral conspiracies." *In re Iowa*

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

*Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 976 (N.D. Iowa 2011).   The Complaints are devoid of any facts suggesting that "larger picture."

*Third*, Plaintiffs' allegation that economic factors suggest collusion because HID Ballast prices allegedly rose as demand fell is implausible.  (EPP CACAC ¶¶ 105-09; Dealer CACAC ¶¶ 138-42.)  The Complaints' only specific allegations concern the cost for "vehicular lighting equipment," of which HID Ballast is only one component included in only a small fraction of cars.  The prices of "vehicular lighting equipment" across the entire automotive industry thus say nothing about the price of HID Ballasts.  Further, the Complaints do not even compare vehicular lighting pricing against the demand for *HID Ballasts*, focusing instead on the demand for automobiles as a whole.   But because only a fraction of cars have HID Ballasts, the demand for cars is not a reasonable proxy for the demand for HID Ballasts.

*Fourth*, the only real factual allegation in either Complaint tying MELCO to the HID Ballast conspiracy is too vague to pass muster.  ████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Because the description of these alleged "meetings" "are no more than conclusions, [they] are not entitled to the assumption of truth." *Id.* at 679.  Mere allegations that defendants met, attended meetings, or reached an agreement are not sufficient to state a claim for antitrust conspiracy.  *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257 (W.D. Wash. 2009) (granting defendant's motion to

FILED UNDER SEAL – HIGHLY CONFIDENTIAL        REDACTED PUBLIC VERSION

dismiss plaintiff's antitrust conspiracy claim where plaintiffs offered "no particulars concerning the locations or dates of any meetings" and did not "identify any individuals who might have been involved in any illicit communications."); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011) (granting the defendant's motion to dismiss conspiracy claim, in part, because the plaintiffs' allegations did not put the defendant on sufficient notice where plaintiffs alleged no specifics regarding the alleged conspiracy, including "the specific corporate players . . . names of key executives . . . where the agreement was made, or if there were multiple agreements or one global agreement made at one time.").

Plaintiffs do not allege *when* or *where* those meetings took place or *who* from each Defendant participated, or indeed which of the multiple defendants from each corporate family participated. Absent those details, Plaintiffs' allegations of "meetings" where the Defendants "entered into agreements" to collude are nothing more than a recitation of the "agreement" to "restrain trade" element of any antitrust claim. Indeed, one could substitute the legal conclusion that the Defendant "agreed to allocate the market" without losing any of the details Plaintiffs actually allege.

## II.    Plaintiffs Fail To Allege That The MELCO Subsidiaries Participated In The Alleged Conspiracy.

Regardless of whether the Plaintiffs have alleged a claim against the parent company, Mitsubishi Electric, Plaintiffs have failed to state a claim against the two subsidiaries of Mitsubishi Electric. The Complaints broadly lump all three MELCO Defendants together without differentiating among the three, thus ignoring their corporate separateness. Because the Complaints contain insufficient allegations as to the MELCO Subsidiaries, this Court should dismiss the Complaints as to them.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

Plaintiffs' allegations against the MELCO Subsidiaries are virtually non-existent. Plaintiffs allege that these two entities are subsidiaries of Mitsubishi Electric, and "manufactured, marketed and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period." (EPP CACAC ¶¶ 94-95; Dealers CACAC ¶¶ 125-26.) The Dealers, but not the End-Payors, further allege that the activities of these two entities "were under the control and direction of Mitsubishi Electric Corporation which controlled its policies, sales, and finances." (Dealers CACAC ¶¶ 125-26.) But the Complaints contain no further elaboration on the role of the MELCO Subsidiaries. Critically, the Complaints contain *no* specific allegations about *any* participation in *any* conspiracies by the MELCO Subsidiaries, other than that the MELCO Subsidiaries are in the MELCO corporate family.

As numerous cases have held, such threadbare allegations are insufficient to state a claim against the MELCO Subsidiaries. *See e.g.*, *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 746-47 (E.D. Pa. 2011) ("umbrella" antitrust allegations against multiple affiliated entities were insufficiently specific to state claim against any particular entity); *In re TFT-LCD Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("[G]eneral allegations as to all defendants, to 'Japanese defendants,' or a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them."); *Invamed, Inc. v. Barr Lab.*, 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998) ("The complaint fails to support the existence of a conspiracy as it presents no facts that might establish any participation by the Affiliates in the alleged conspiracy, save including them within the term 'defendants.'").

This case is easily distinguishable from this Court's prior decisions as to this issue. For example, in *In re Auto. Parts Antitrust Litig. (Wire Harness Cases)*, No. 2:12-cv-00100, 2013 WL 2456013, at *2-3 (E.D. Mich. June 6, 2013), Tokai Rika ("TR") had pled guilty to antitrust

FILED UNDER SEAL – HIGHLY CONFIDENTIAL        REDACTED PUBLIC VERSION

violations, and the plaintiff sued both TR and TR's subsidiary, TRAM, Inc. *Id.* at *2. The court held that the plaintiff had stated a claim against both TR and TRAM. *Id.* at *3. There, however, the complaint alleged that the U.S. government had raided TRAM's office, and that TR pled guilty to conduct that occurred at TRAM. *Id.* at *2-3. Thus, the complaint contained allegations specifically directed at TRAM, which, coupled with the allegation that TR controlled TRAM, were sufficient to state a claim against TRAM. *Id.* Here, however, Plaintiffs have alleged nothing against the MELCO Subsidiaries except that they were owned and controlled by Mitsubishi Electric. Such allegations do not state a claim.[2] *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 YGR, 2014 WL 309192, at *13 (N.D. Cal. Jan. 21, 2014) ("Here, both complaints offer only boilerplate assertions of an agency relationship with the parties whose participation in the conspiracy is more directly alleged. That does not suffice to demonstrate that the American subsidiaries *themselves* made a conscious decision to conspire with their Korean or Japanese parents. Lacking plausible allegations of such a decision, the defendant subsidiaries are not properly part of the case."); *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, Civ. No. 12-1724-SLR, 2013 WL 3381258, at *3 (D. Del. July 8, 2013) ("In its complaint, Gevo has asserted no underlying facts supporting its conclusory allegation of control; therefore, the court is not obligated to accept as true the proposition that BP controls the activities of its subsidiary defendants or the activities of any business ventures owned by the subsidiaries."); *cf. Bhan v. Battle Creek Health Sys.*, No. 1:10-CV-202, 2012 WL 489161, at *1 (W.D. Mich. Feb. 14, 2012) (holding that "conclusory legal allegations that the parent corporations are the 'alter ego' of their subsidiaries" were insufficient to state a claim).

---

[2] In *In re Automotive Parts Antitrust Litig.*, Nos. 2:12-cv-00102, 2:12-cv-00103, 2013 WL 2456613, at *3-4 (E.D. Mich. June 6, 2013), this Court relied upon veil-piercing to hold that the complaints were adequate as to a corporate subsidiary of G.S. Electech. The Complaints here contain no veil-piercing allegations.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL        REDACTED PUBLIC VERSION

### III.  Plaintiffs' Fail To Allege Plausibly A Threat Of Future Injury Sufficient To State A Claim For Injunctive Relief.

Plaintiffs include claims under the Clayton Act for injunctive relief.  In order to obtain this relief, Plaintiffs are required to plead facts that establish a "likelihood of substantial and immediate irreparable injury."  *L.A. v. Lyons*, 461 U.S. 95, 103, 111 (1983).  Thus, Plaintiffs must plausibly allege ongoing injury from a continuing violation to be entitled to injunctive relief under the Clayton Act. 15 U.S.C. § 26; *Brown v. Am. Honda (In re New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6, 14 (1st Cir. 2008).

Plaintiffs have not done so here.  Plaintiffs allege in wholly conclusory fashion that they "have been injured and will continue to be injured in their business and property" by reason of Defendants' alleged violation of the Sherman Act, and that Defendants' alleged conspiracy has "continu[ed] until at least the filing of [their] Complaint[s]."  (EPP CACAC ¶¶ 220, 214; Dealer CACAC ¶¶ 259, 253.)  Yet Plaintiffs have alleged no particular facts suggesting it is plausible Defendants are continuing with the conspiracy Plaintiffs allege.  Indeed, the Complaints suggest the opposite: to justify their fraudulent concealment allegations, Plaintiffs contend that Defendants' "anticompetitive conspiracy was inherently self-concealing" (EPP CACAC ¶ 207; Dealer CACAC ¶ 246) and "[i]n order for a price fixing scheme to be successful, it must be kept secret. It is an illegal endeavor, and public knowledge of its existence spoils the plan." *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1030 (N.D. Miss. 1993); *see also Barry v. St. Paul Fire & Marine Ins. Co.*, 555 F.2d 3, 7 n.4 (1st Cir. 1977).  Thus, the very fact that the conspiracies are no longer secret means they can no longer continue.  Because Plaintiffs cannot plausibly allege an ongoing threat of future harm, their request for injunctive relief under the Clayton Act should be dismissed.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## IV.    Plaintiffs Lack Constitutional Standing.

Plaintiffs' Complaints fail to allege that Plaintiffs have standing under Article III to assert their claims.  Pursuant to the Stipulation and Order entered by the Court (ECF No. 19) (the "Stipulation"), the MELCO Defendants incorporate by reference the arguments as to constitutional standing made in the Memorandum of Law In Support of Defendants' Collective Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints, No. 12-md-2311, Nos. 2:13-cv-00802, 803, 1002, 1003, 1302, 1303, 1502, 1503, 1702, 1703, 1902, 1903, 2102, 2103, 2302, 2303, 2802, 2803 (E.D. Mich. filed contemporaneously) ("Omnibus Memorandum").

## V.    Plaintiffs Lack Antitrust Standing Under *AGC.*

Plaintiffs' fail to allege that they have antitrust standing under the principles announced in *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) and adopted by the states under their antitrust statutes.  Pursuant to the Stipulation, the MELCO Defendants incorporate by reference the arguments as to antitrust standing made in the Omnibus Memorandum.

## VI.    Plaintiffs Fail to Adequately Plead Their State Law Antitrust, Consumer Protection, and Unjust Enrichment Claims.

For a variety of reasons, Plaintiffs may not pursue their claims under state antitrust or consumer protection statutes or their state common law unjust enrichment claims.  Pursuant to the Stipulation, the MELCO Defendants incorporate by reference the arguments as to the validity of Plaintiffs' state-law claims made in the Omnibus Memorandum.

## VII.    State Statutes of Limitations Bar Plaintiffs' Claims.

Many of Plaintiffs' claims are barred in whole or in part by the statutes of limitations applicable to their various claims.  Pursuant to the Stipulation, the MELCO Defendants

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

incorporate by reference the arguments as to state statutes of limitation made in the Omnibus

Memorandum.

## CONCLUSION

For the foregoing reasons, the MELCO Defendants respectfully request that the Court

dismiss the Complaints.

Dated: September 19, 2014                    Respectfully submitted,

                                             /s/ Terrence J. Truax_____

                                             Terrence J. Truax
                                             Charles B. Sklarsky
                                             Michael T. Brody
                                             Gabriel A. Fuentes
                                             Daniel T. Fenske
                                             JENNER & BLOCK LLP
                                             353 N. Clark Street
                                             Chicago, IL 60654-3456
                                             ttruax@jenner.com
                                             csklarsky@jenner.com
                                             mbrody@jenner.com
                                             gfuentes@jenner.com
                                             dfenske@jenner.com

                                             Gary K. August
                                             ZAUSMER, KAUFMAN, AUGUST &
                                             CALDWELL, P.C.
                                             31700 Middlebelt Road
                                             Suite 150
                                             Farmington Hills, Michigan 48334-2374
                                             Telephone (248) 851-4111
                                             gaugust@zkac.com

                                             *Counsel for Mitsubishi Electric Corporation,
                                             Mitsubishi Electric US Holdings, Inc., and
                                             Mitsubishi Electric Automotive America, Inc.*

FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2014, I caused the foregoing MELCO's Motion To Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints and also MELCO's Memorandum in Support of its Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

September 19, 2014

/s/ Daniel T. Fenske_____
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
312-222-9350

*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*