# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS<br>ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |

| | | |
|---|---|---|
| In Re: Anti-Vibration Rubber Parts | : | 2:13-cv-00802-MOB-MKM |
| In Re: Radiators | : | 2:13-cv-00803-MOB-MKM |
| In Re: Switches | : | 2:13-cv-01002-MOB-MKM |
| In Re: Motor Generators | : | 2:13-cv-01003-MOB-MKM |
| In Re: HID Ballasts | : | 2:13-cv-01302-MOB-MKM |
| In Re: Electronic Power Steering | : | 2:13-cv-01303-MOB-MKM |
|     Assemblies | : | 2:13-cv-01502-MOB-MKM |
| In Re: Fan Motors | | 2:13-cv-01503-MOB-MKM |
| In Re: Power Window Motors | | 2:13-cv-01702-MOB-MKM |
| In Re: Windshield Washer Systems | | 2:13-cv-01703-MOB-MKM |
| | | 2:13-cv-01902-MOB-MKM |
| | | 2:13-cv-01903-MOB-MKM |
| THIS DOCUMENT RELATES TO: | | 2:13-cv-02102-MOB-MKM |
| | | 2:13-cv-02103-MOB-MKM |
| All Automobile Dealer Actions | | 2:13-cv-02302-MOB-MKM |
| All End-Payor Actions | | 2:13-cv-02303-MOB-MKM |
| | | 2:13-cv-02802-MOB-MKM |
| | | 2:13-cv-02803-MOB-MKM |

**Oral Argument Requested**

## END-PAYOR AND AUTO-DEALER PLAINTIFFS'
## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
## JOINT MOTION TO DISMISS END-PAYOR AND AUTO-DEALER PLAINTIFFS'
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS

## STATEMENT OF THE ISSUES PRESENTED

1. Whether Defendants' arguments that these cases should be summarily rejected which arguments have been raised and rejected by this Court in its decisions in the direct purchaser and indirect purchaser actions in *Wire Harness*, *Heater Control Panels, Instrument Panel Clusters, Fuel Senders, Bearings and Occupant Safety Systems* should be rejected once again?

2. Whether Plaintiffs' allegations that they purchased the automotive parts at issue, that such parts follow a traceable physical chain of distribution and that their costs are traceable through the chain of distribution should be accepted as establishing constitutional standing as they have six times before?

3. Whether the plain language of statutes in North Dakota and Hawaii require in-state residency for purposes of bringing an antitrust claim and whether such question is appropriately answered at the class certification stage rather than on a motion to dismiss?

4. Whether the federal *AGC* standing analysis applies to state *Illinois Brick* repealer statutes where the issues that motivated *AGC* in the federal context do not apply to state repealer statutes?

5. Whether Plaintiffs' claims are tolled when Defendants affirmatively concealed their conspiracy by destroying documents, meeting in secret, enforcing compliance and rigging bids to create the illusion of competition, such that Plaintiffs could not have discovered their claims against Defendants before announcements of government action taken against Defendants?

6. Whether it is appropriate to decide the factual issues of fraudulent concealment before trial?

7. Whether Plaintiffs' Complaints satisfy *AGC* for those states that require such an *AGC* analysis?

8. Whether the *Illinois Brick* repealer Statutes in New Hampshire and Utah apply retroactively when they do not create any new duties or liabilities and do not enlarge destroy or eliminate substantive rights?

9. Whether Plaintiffs' Complaints allege a sufficient nexus between Defendants' conduct and intrastate commerce for certain states' antitrust statutes?

10. Whether *Shady Grove* permits Plaintiffs to bring class claims in federal court for a number of state statutes?

11. Whether Plaintiffs have appropriately alleged that their antitrust claims are not limited by the indirect purchaser laws in Nebraska, Hawaii, and Oregon, when the legislative history and the pre-enactment caselaw do not support such limitations?

12. Whether consumer protection claims based on price-fixing conduct that do not sound in fraud must meet Rule 9(b)'s particularity requirement?

13. Whether Plaintiffs have stated claims under the consumer protection statutes of certain states alleged by Defendants to require "unconscionable" conduct?

14. Whether price-fixing is actionable conduct under certain states' consumer protection statutes?

15. Whether Plaintiffs have adequately alleged standing under New York's consumer protection statute where the Complaints allege that Defendants engaged in a price-fixing conspiracy and concealed their wrongful conduct?

16. Whether Plaintiffs have sufficiently alleged a nexus between Defendants' conduct and intrastate commerce under certain states' consumer protection statutes where the Complaints allege effects of the conspiracy on each state's commerce and the conspiracy caused supracompetitive prices nationwide?

17. Whether Plaintiffs' unjust enrichment claims are hindered by their ability to bring statutory claims?

18. Whether Plaintiffs may maintain unjust enrichment claims under the laws of several states where there was no contractual privity with Defendants?

19. Whether receipt of price-fixed auto parts defeats a claim for unjust enrichment?

20. Whether Plaintiffs' claims for unjust enrichment should be upheld because Defendants received a benefit at Plaintiffs' expense?

21. Whether Plaintiffs' unjust enrichment claims from certain other states are adequately alleged?

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ...................................................... ii

TABLE OF CONTENTS ..................................................................... iv

TABLE OF AUTHORITIES.................................................................. xii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................... xxi

INTRODUCTION .............................................................................1

  I.  PREVIOUSLY UNCITED AUTHORITY........................................................2

  II.  PLAINTIFFS HAVE PROPERLY ALLEGED CONSTITUTIONAL STANDING...........4

  III.  THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS SPECIFIC

      STATE ANTITRUST, CONSUMER PROTECTION AND UNJUST ENRICHMENT

      CLAIMS ...................................................................................6

        A.  Arizona ...................................................................................6

            1.  The Arizona Supreme Court Has Rejected *AGC* .........................................6

            2.  Plaintiffs' Arizona Unjust Enrichment Claims Are Valid ...........................7

            3.  Arizona's Statute of Limitations Does Not Bear Plaintiffs' Claims ...........7

        B.  Arkansas ...................................................................................9

            1.  Plaintiffs Arkansas Consumer Protection Claims Are Valid.......................9

            2.  ADs Have Stated an Unjust Enrichment Claim.........................................9

            3.  Plaintiffs' Arkansas Claims Are Not Barred By the Statute of

                Limitations ...............................................................................10

        C.  California...................................................................................11

            1.  Plaintiffs Have Antitrust Standing Under California Law .........................11

            2.  Plaintiffs' Sufficiently Plead California Consumer Protection Claim .......11

3.   Plaintiffs Do Not Oppose Dismissal of their California Unjust Enrichment Claim .........................................................................................12

4.   California's Statute of Limitations Does Not Bar Plaintiffs' Claims .........12

D.   District of Columbia .........................................................................................13

1.   Plaintiffs Sufficiently Plead Antitrust Claims Under D.C. Law ...............13

2.   ADs Sufficiently Plead Unjust Enrichment Under D.C. Law....................14

3.   D.C.'s Statutes of Limitations Do Not Bar Plaintiffs' Claims ..................14

E.   Florida .............................................................................................................16

1.   Plaintiffs Properly Plead Florida Consumer Protection Claims ...............16

2.   ADs Sufficiently Plead Unjust Enrichment Under Florida Law...............18

3.   Florida's Statutes of Limitation Do Not Bar Plaintiffs' Claims...............18

F.   Hawaii .............................................................................................................20

1.   Plaintiffs Process Antitrust Standing Under Hawaii Law .........................20

2.   The Existence of Possible "Legal Remedies" Is Irrelevant ......................20

3.   Hawaii's Statutes of Limitations Do Not Bar Plaintiffs' Claims ..............21

G.   Illinois (New Authority) ..................................................................................22

1.   ADs have Properly Pleaded Their Illinois Antitrust Claims.....................22

2.   ADs' Unjust Enrichment Claim Is Proper .................................................23

3.   ADs Properly Plead Allegations To Toll Statute of Limitation.................23

H.   Iowa ................................................................................................................24

1.   Plaintiffs Possess Antitrust Standing Under Iowa Law ............................24

2.   ADs Sufficiently Plead Unjust Enrichment ...............................................25

3.   Iowa's Statute of Limitations Does Not Bar Plaintiffs' Claims ................25

v

I.      Kansas ........................................................................................26

        1.   Plaintiffs Possess Antitrust Standing Under Kansas Law .........................26

        2.   ADs Sufficiently Plead Unjust Enrichment Under Kansas Law...............27

        3.   The Kansas Statute of Limitations Does Not Bar Plaintiffs' Claims .........27

J.      Maine............................................................................................28

        1.   Plaintiffs Possess Antitrust Standing.........................................................28

        2.   ADs Need Not Allege a Direct Benefit Under Maine Law to State a Claim
             for Unjust Enrichment Under Maine Law ..................................................29

        3.   The Maine Statute of Limitations Does Not Bar Plaintiffs' Claims ..........29

K.      Massachusetts ...............................................................................30

        1.   EPs Sufficiently Plead a Massachusetts Consumer Protection Claim .......30

        2.   ADs Sufficiently Plead Unjust Enrichment ...............................................32

        3.   The Statute of Limitations Does Not Bar Plaintiffs' Claims.....................32

L.      Michigan.......................................................................................33

        1.   Plaintiffs Have Antitrust Standing Under Michigan Law ..........................33

        2.   ADs Sufficiently Plead Unjust Enrichment Under Michigan Law............33

        3.   The Michigan Statute of Limitations Does Not Bar Plaintiffs' Claims .....34

M.      Minnesota .....................................................................................35

        1.   ADs Sufficiently Pleaded Unjust Enrichment ...........................................35

        2.   Minnesota's Statute of Limitations Does Not Bar Plaintiffs' Claims ........35

N.      Mississippi....................................................................................37

        1.   Plaintiffs Have Antitrust Standing Under Mississippi Law ......................37

        2.   Plaintiffs Sufficiently Plead Unjust Enrichment Under

        Mississippi Law ..................................................................................... 37

      3.  Mississippi's Statute of Limitations Does Not Bar Plaintiffs' Claims ....... 37

O.    Missouri .................................................................................................... 39

      1.  ADs Sufficiently Plead Unjust Enrichment Under Missouri Law ............. 39

      2.  Missouri's Statute of Limitations Does Not Bar Plaintiffs' Claims ........... 39

P.    Montana .................................................................................................... 40

      1.  *Shady Grove* Dictates that EPs May Proceed With a Class Action Under

         Rule 23 to Vindicate Rights under Montana's Consumer Protection

         Statute ...................................................................................................... 40

      2.  As the Court Has Repeatedly Held, EPs' Complaint Adequately Alleges a

         Nexus With Intrastate Commerce .......................................................... 41

      3.  Montana's Statute of Limitations Does Not Bar EPs Claims ................... 42

Q.    Nebraska ................................................................................................... 43

      1.  Plaintiffs Have Antitrust Standing Under Nebraska Law ......................... 43

      2.  ADs have Valid Unjust Enrichment Claims under Nebraska Law ........... 39

      3.  Nebraska's Antitrust Statute Applies to Claims Before 2002 and

         Nebraska's Statute of Limitations Does Not Bar Plaintiffs' Claims .......... 43

R.    Nevada ...................................................................................................... 45

      1.  Plaintiffs have Antitrust Standing under Nevada Law .............................. 45

      2.  ADs Adequately Allege a Nexus With Nevada Intrastate Commerce ....... 45

      3.  ADs Have Pleaded Unjust Enrichment under Nevada Law ...................... 46

      4.  Nevada's Statute of Limitations Does Not Bar Plaintiffs' Claims ............ 46

S.    New Hampshire ........................................................................................ 47

1. Plaintiffs have Antitrust Standing under New Hampshire Law and Plaintiffs' Claims are not Limited by the New Hampshire Antitrust Act .......................................................................................................47

2. ADs Sufficiently Allege an Unjust Enrichment Claim .............................48

3. Plaintiffs' Claims are Not Barred by the Statute of Limitations ...............48

T. New Mexico (New Authority)..........................................................................49

1. Plaintiffs have Antitrust Standing under New Mexico Law .....................49

2. Plaintiffs Adequately Plead New Mexico Consumer Protection Claim ....50

3. ADs Sufficiently Allege an Unjust Enrichment Claim .............................50

4. New Mexico's Statute of Limitations Does Not Bar Plaintiffs' Claims ....50

U. New York .......................................................................................................52

1. Plaintiffs Have Antitrust Standing under New York Law .........................52

2. Plaintiffs' New York Consumer Protection Claims Are Valid .................52

3. ADs Sufficiently Plead New York Unjust Enrichment Claims.................52

4. New York's Statute of Limitations Does Not Bar Plaintiffs' Claims.........53

V. North Carolina ...............................................................................................54

1. Plaintiffs have Antitrust Standing under North Carolina Law .................54

2. Plaintiffs North Carolina Consumer Protection Claims Are Valid ...........54

3. ADs Have Stated North Carolina Unjust Enrichment Claims .................54

4. North Carolina's Statute of Limitations Does Not Bar Plaintiffs' Claims .......................................................................................................55

W. North Dakota ................................................................................................56

1. Plaintiffs Have Antitrust Standing under North Dakota Law ...................56

2.   ADs Properly Pleaded Unjust Enrichment under North Dakota Law .......56

3.   North Dakota's Statute of Limitations Does Not Bar Plaintiffs'

Claims ............................................................................................57

X.   Oregon (New Authority) .......................................................................58

1.   Plaintiffs Have Antitrust Standing under Oregon Law .............................58

2.   Plaintiffs Properly Pleaded Unjust Enrichment under Oregon Law ..........58

3.   Plaintiffs' Claims are Not Limited By Oregon's Antitrust Statute Or Barred

by the Statute of Limitations ...................................................................59

Y.   Rhode Island ............................................................................................60

1.   EPs Have Standing to Sue for Violations Under Rhode Island Consumer

Protection Law ........................................................................................61

2.   EP's Claims are Not Barred by the Statute of Limitations ......................61

Z.   South Carolina (New Authority) ...........................................................62

1.   *Shady Grove* Dictates that Plaintiffs May Proceed With a Class

Action ......................................................................................................62

2.   ADs Have Properly Pleaded Unjust Enrichment .....................................64

3.   South Carolina's Statute of Limitations Does Not Bar Plaintiffs'

Claims ......................................................................................................64

AA.  South Dakota ..........................................................................................65

1.   Plaintiffs have Antitrust Standing under South Dakota Law ...................65

2.   ADs Properly Pleaded Unjust Enrichment under South Dakota Law .......66

3.   South Dakota's Statute of Limitations Does Not Bar Plaintiffs'

Claims ......................................................................................................66

ix

BB.   Tennessee.................................................................................67

1.   Plaintiffs have Antitrust Standing under Tennessee Law..........67

2.   ADs Properly Pleaded Unjust Enrichment under Tennessee law.............68

3.   Tennessee's Statute of Limitations Does Not Bar Plaintiffs' Claims.........68

CC.   Utah........................................................................................69

1.   Plaintiffs have Antitrust Standing under Utah Law...................69

2.   ADs Properly Pleaded Unjust Enrichment Claims under Utah Law.........70

3.   Utah's Statute of Limitations Does Not Bar ADs' Claims........................70

DD.   Vermont..................................................................................71

1.   Plaintiffs Have Standing Under Vermont Antitrust and Consumer

Protection Law.................................................................72

2.   ADs Properly Pleaded Vermont Unjust Enrichment Claims...................72

3.   Plaintiffs' Vermont Claims Are Not Barred by the Statute of

Limitations......................................................................72

EE.   West Virginia.........................................................................74

1.   Plaintiffs have Antitrust Standing under West Virginia Law...................74

2.   ADs Properly Pleaded West Virginia Unjust Enrichment Claims.............74

3.   West Virginia's Statute of Limitations Does Not Bar Plaintiffs'

Claims.............................................................................74

FF.   Wisconsin...............................................................................75

1.   Plaintiffs Have Antitrust Standing under Wisconsin Law.......................75

2.   Plaintiffs Properly Pleaded Wisconsin Unjust Enrichment Claims...........77

3.   Wisconsin's Statute of Limitations Does Not Bar Plaintiffs' Claims........77

IV.  ADS PROPERLY STATED CLAIMS FOR UNJUST ENRICHMENT ...........................78

CONCLUSION.....................................................................................................................80

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Aana v. Pioneer Hi-Bred Intern., Inc.*, 2013 WL 4047110 (D. Haw. 2013) .............................. 22

*Abel v. Allen*, 651 N.W.2d 635 (N.D. 2002) ............................................................... 58

*Acton v. Morrison*, 155 P.2d 782 (Ariz. 1945) ........................................................... 8

*Angle v. Koppers, Inc.*, 42 So.3d 1 (Miss. 2010) ......................................................... 38

*Anzai v. Chevron Corp.*, 168 F. Supp. 2d 1180 (D. Haw. 2001) ................................... 22

*Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*, 815 F. Supp. 1266 (D. Minn.

     1993) ...................................................................................................... 36

*Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185 (2013) ............................... 13

*Au v. Au*, 626 P.2d 173 (Haw. 1981) ....................................................................... 22

*Austin v. Torrington Co.*, 611 F. Supp. 191 (D.S.C. 1985, *rev'd on other grounds,* 810

     F.2d 416 (4th Cir. 1987) .................................................................................. 65

*Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315 (Cal. App.1974) .......................... 13

*Barre v. Hoffman*, 326 S.W.3d ................................................................................. 11

*Bemis v. Estate of Bemis*, 967 P.2d 437 (Nev. 1998).................................................. 47

*Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880 (D. Minn. 2011).......................... 36

*Bomar v. Moser*, 369 Ark. 123 (2007) ........................................................................ 11

*Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal.App.4th 912 (2009)...................................... 13

*Bussineau v. President & Dirs. of Georgetown College,* 518 A.2d 423 (D.C.1986) ................. 15

*Butler v. Deutsche Morgan Grenfell, Inc.*, 140 P.3d 532 (N.M. Ct. App. 2006).................. 51, 52

*Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098 (D. Haw. 2011). ................................................. 21

*Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov.

   17, 2009 ................................................................................................................................... 17

*Cebula v. Givens Estates, Inc.*, No. COA13–1316, 2014 WL 3510515 (N.C. Ct. App.

   July 15, 2014) .......................................................................................................................... 56

*Christy v. Miulli*, 692 N.W.2d 694(Iowa 2005). ........................................................................... 26

*Ciardi v. F. Hoffmann La Roche, Ltd.*, 762 N.E.2d 303 (Mass. 2002) ................................... 20, 80

*Clark v. Children's Memorial Hosp.*, 955 N.E.2d 1065 (Ill. 2011) ........................................... 3, 24

*Colosimo v. Roman Catholic Bishop of Salt Lake City*, 156 P.3d 806 (Utah 2007) .................... 71

*Crummer Co. v. Du Pont*, 255 F.2d 425 (5th Cir. 1958) ........................................................ 19, 37

*Currithers v. FedEx Ground Package Sys., Inc.,* No. 04–10055, 2012 WL 458466

   (E.D. Mich. Feb. 13, 2012) ...................................................................................................... 34

*Delco Oil, Inc. v. Pannu*, 856 So. 2d 1070 (Fla. Dist. Ct. App. 2003........................................... 19

*Dunford v. Tryhus*, 776 N.W.2d 542 (N.D. 2009) ........................................................ 58

*Dunn v. Rockwell*, 689 S.E. 2d 255 (W.V. 2009........................................................ 75

*Earle v. State*, 743 A.2d 1101 (Vt. 1999) .................................................................. 73

*Estate of Montag v. T.H. Agriculture*, 509 N.W. 2d 469 (Iowa. 1993) ........................................ 26

*Faust v. Hosford*, 93 N.W. 58 (Iowa 1903) .............................................................. 26

*First Fed. Sav. & Loan Ass'n of Wis. v. Dade Fed. Sav. & Loan Ass'n*, 403 So. 2d 1097

    (Fla. Dist. Ct. App. 198) ........................................................ 19

*Five for Entm's S.A. v. Rodriguez*, 877 F. Supp. 2d 1321 (S.D. Fla. 2012) ................................ 17

*Fox v. City of Pompano Beach*, 984 So. 2d 664 (Fla. Dist. Ct. App. 2008). ................................ 19

*Friends Univ. v. W.R. Grace & Co.,* 608 P.2d 936 (Kan. 1980) .................................................. 28

*Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964(Ariz. 1995).............. 8

*Hansen v. AH Robins, Inc.*, 335 N.W.2d 578 (Wis. 1983) ........................................................ 78

*Hendel v. World Plan Exec. Council*, 705 A.2d 656 (D.C. 1997) ................................................ 15

*Hester v. Williams*, 345 N.W.2d 426 (Wis. 1984) ........................................................ 78

*Hines v. A.O. Smith Harvestore Products, Inc.*, 880 F.2d 995 (8th Cir. 1989). .......................... 36

*Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751 (S.C. 2011) .................................................. 65

*Huss v. Huss*, 230 S.E.2d 159 (N.C. Ct. App. 1976) .................................................................. 56

*In Re Automotive Parts Antitrust Litig., In re Wire Harness Cases*, 2013 U.S. Dist. LEXIS 80338 ("*WH* opinion") (E.D. Mich. 2013) ........................................................................*passim*

*In re Blackburn*, 209 B.R. 4 (M.D. Fla. 1997)............................................................... 19

*In re Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618 (E.D. Mich. 2000) ......................... 20, 79

*In re Catfish Antitrust Litig.*, 826 F. Supp. 1019 (N.D. Miss. 1993) ............................................ 38

*In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538 (M.D. Pa. 2009) .............. 77

*In re Hydroxycut Marketing and Sales Practices Litig.*, 299 F.R.D. 648 (S.D. Cal. January 27, 2014)............................................................................................ 64

*In re Lithium Ion Batteries Antitrust Litig.*, Case No.13-MD-2420 YGR, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014)................................................................. 20, 22, 59, 63

*In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) ............................................................................................ 31

*In re OnStar Contract Litig.*, 600 F. Supp. 2d 861 (E.D. Mich. 2009)......................................... 35

*In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642 (E.D. Mich. 2011).............................. 16

*In re Skelaxin (Metaxalone) Antitrust Litig.*, 2013 WL 2181185(E.D. Tenn. 2013).................... 79

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447  (N.D. Cal. Mar. 25, 2011).................................................................. 59, 60

*In re Western States Wholesale Natural Gas Antitrust Litig.*, MDL 1566, 2:03-CV-
01431-PMP-PAL, 2010 WL 2427406 (D. Nev. June 4, 2010)........................................ 78

*Jones v. Childers*, 18 F.3d 899 (11th Cir. 1994)....................................................... 19

*Jones v. Meridian Towers Apartments, Inc.*, 816 F. Supp. 762 (D.D.C. 1993)........................... 16

*Kante v. Nike, Inc.*, 2008 WL 5246090 (D. Or. Dec. 16, 2008), *aff'd sub nom. Azewen-
Jik Kante v. Nike, Inc.*, 364 F. App'x 388 (9th Cir. 2010) ................................................ 61

*Kaplan v. Morgan Stanley & Co.*, 987 A.2d 258 (Vt. 2009) ........................................... 73

*Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978 (Me. 1990)........................................ 29

*Kobritz v. Severance*, 912 A.2d 1237 (Me. 2007) ........................................................ 30

*Kurtz v. Trepp*, 375 N.W.2d 280 (Iowa App. 1985) ..................................................... 26

*Levy v. TD Ameritrade, Inc.*, 557 Fed. Appx. 641 (8th Cir. 2014)................................................ 40

*McCue v. Franklin,* 131 P.2d 704 (Kan. 1942)............................................................ 28

*Meyers v. Bayer AG*, 303 Wis.2d 295 N.W.2d 448 (2007) ......................................... 77

*Morris v. Margulis*, 754 N.E.2d 314 (Ill. 2001) ....................................................... 3, 24

*New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065(2d Cir. 1988), *cert. denied* 488
US 848 (1988)............................................................................................ 54

*ODD*, 2012 WL 1366718.............................................................................. 63

*Olstad v. Microsoft Corp.*, 284 Wis.2d 224, 700 N.W.2d 139 (2005)........................................... 77

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To*
     *Dismiss Indirect Purchaser Actions, In re Heater Control Panels*, 2:12-cv-00402, Doc.
     128 2:12-cv-00403, Doc. 93 ("*HCP* Opinion")  (July 3, 2014)................................*passim*

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To*
     *Dismiss Indirect Purchaser Actions, In re Instrument Panel Clusters*, 2:12-cv-00202,
     Doc. 82, 2:12-cv-00203, Doc. 86 ("*IPC* Opinion) (July 3, 2014)..........................*passim*

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To*
     *Dismiss Indirect Purchaser Actions, In re Fuel Senders*, 2:12-cv-00302, Doc. 104, 2:12-
     cv-00303 Doc. 78 ("*FS* Opinion") (July 3, 2014)......................................................*passim*

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To*
     *Dismiss Indirect Purchaser Actions, In re Bearings*, 2:12-cv-00502, Doc. 104, 2:12-cv-
     00503, Doc. 106 ("*Bearings* Opinion") (Sept. 25, 2014) ........................................*passim*

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To*
     *Dismiss Indirect Purchaser Actions, In re Occupant Safety Systems*, 2:12-cv-00602, Doc.
     75, 2:12-cv-00603, Doc. 87 ("*OSS* Opinion") (Sept. 25, 2014) ..............................*passim*

*People ex rel. Cuomo v. Liberty Mut. Ins. Co.*, 52 A.D.3d 378 (N.Y. App. Div. 2008................ 54

*Pike v. Chuck's Willoughby Pub*, 904 A.2d 1133 (Vt. 2006). ...................................................... 73

*Porter v. Spader,* 239 P.3d 743 (Ariz. Ct. App. 2010). ................................................................. 9

*Portsmouth Country Club v. Town of Greenland*, 883 A.2d 298 (2005)...................................... 49

*Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576 (Mo. 2006)........................... 40

*Puritan Med. Ctr. v. Cashman*, 596 N.E. 2d 1004 (Mass. 1992)................................................... 33

*Raymond v. Eli Lilly & Co.*, 371 A.2d 170 (1977) ........................................................ 49

*Rose v. United Equitable Ins. Co.*, 632 N.W.2d 429 (N.D. 2001)................................................. 58

*Rundgren v. Bank of N.Y. Mellon*, 777 F. Supp. 2d 1224 (D. Haw. 2011)................................... 22

*Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174 (R.I. 2008) ................................ 62

*S.I. Sec. v. Powless*, 934 N.E.2d 1 (Ill. App. Ct. 2010)................................................................. 24

*Sears, Roebuck & Co. v. Blade*, 139 Cal. App. 2d 580, 294 P.2d 140 (1956)............................. 13

*Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998)....................................................................... 69

*Shady Grove*, 130 S. Ct. 1431 (2010) ........................................................................................ 63

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737

     F.Supp.2d 380, (E.D. Pa. 2010) ........................................................................ 20, 16, 17

*Shlien v. Bd. of Regents, Univ. of Nebraska*, 263 Neb. 465 N.W.2d 643 (2002) .................. 44, 45

*Spears v. Moore*, 551 S.E.2d 483 (N.C. Ct. App. 2001)............................................................. 56

*State v. Diamond Lakes Oil Co.*, 66 S.W.3d 613(Ark. 2002)....................................................... 10

*Strassburg v. Citizens State Bank*, 581 N.W.2d 510 (S.D. 1998)................................................. 67

*Stroh Die Casting Co. v. Monsanto Co.*, 502 N.W.2d 132 (Wis. Ct. App. 1993) ........................ 78

*Tovrea Land & Cattle Co. v. Linsentneyer,* 412 P.2d 47 (Ariz. 1966) ........................................... 9

*Ulibarri v. Gerstenberger,* 178 Ariz. 151, 871 P.2d 698(Ariz. Ct. App. 1993) ............................ 8

*United Methodist Church v. D.A. Davidson*, 741 P.2d 794 (Mont. 1987).................................... 42

*Vitamins*, 2000 WL 1524912 ........................................................................................... 28

*Wells v. First Am. Bank West*, 598 N.W.2d 834 (N.D. 1999)........................................... 58

*Whelan v. State Farm Mut, Auto. Ins. Co.*, 329 P.3d 646 (N.M. 2014)................................... 4, 51

*Whipple v. Howser*, 291 Or. 475, 632 P.2d 782 (Or. 1981)....................................... 4, 59

*Wild v. Rarig*, 302 Minn. 419 N.W.2d 775 (1975) ........................................... 36

*Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569 (7th Cir. 2004) .................................. 20, 80

*Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458 (Nev. 2012 .................................... 47

**STATUTES**

14 Me. Stat. Ann. §859 ................................................................................... 30

Ark. Code § 4-88-107(a)(10) ........................................................................... 9

Haw. Rav. Stat. § 480-13.3(a)........................................................................ 20

Haw. Rev. Stat. § 480-24(a)........................................................................... 22

MCA 27-2-102(3)(b) ..................................................................................... 42

MCL § 600.5855............................................................................................ 34

Minn.Stat. § 541.05, subd. 1(1) ..................................................................... 37

Miss. Code Ann. § 15-1-49(1) ............................................................................... 38

Miss. Code Ann. § 15-1-49(2) ............................................................................... 38

Miss. Code. Ann. § 15-1-67 (2013) ....................................................................... 38

MN Stat. Ann. § 325D.64 ...................................................................................... 36

N.M. Stat. Ann. § 57-1-12(B) ............................................................................... 51

Nev. Rev. Stat. Ann. §11.190(2)(c) ....................................................................... 47

OR LEGIS 304 (2009), 2009 Oregon Laws Ch. 304 (H.B. 2584) ............................ 59

OR LEGIS 393 (2001), Section 3 ........................................................................... 60

R.I. Gen. Laws § 9-1-20........................................................................................ 62

S.C. Code Ann. § 39-5-150.................................................................................... 65

VAMS § 516.100 .................................................................................................. 40

Wis. Stat. § 133.03(1) ........................................................................................... 77

Wis. Stat. §133.18(4) ............................................................................................ 78

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**All Claims**

*In Re Automotive Parts Antitrust Litig., In re Wire Harness Cases*, 2013 U.S. Dist. LEXIS 80338 ("*WH* opinion") (E.D. Mich. 2013)

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Heater Control Panels*, 2:12-cv-00402, Doc. 128 2:12-cv-00403, Doc. 93 ("*HCP* Opinion")  (July 3, 2014)

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Instrument Panel Clusters*, 2:12-cv-00202, Doc. 82, 2:12-cv-00203, Doc. 86 ("*IPC* Opinion") (July 3, 2014)

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Fuel Senders*, 2:12-cv-00302, Doc. 104, 2:12-cv-00303 Doc. 78 ("*FS* Opinion") (July 3, 2014)

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Bearings*, 2:12-cv-00502, Doc. 104, 2:12-cv-00503, Doc. 106 ("*Bearings* Opinion") (Sept. 25, 2014)

*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Occupant Safety Systems*, 2:12-cv-00602, Doc. 75, 2:12-cv-00603, Doc. 87 ("*OSS* Opinion") (Sept. 25, 2014)

**State Law Antitrust and Consumer Protection Claims**

*In re Lithium Ion Batteries Antitrust Litig.*, Case No.13-MD-2420 YGR, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014)

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC,* 737 F.Supp.2d 380 (E.D. Pa. 2010).

*Whipple v. Howser*, 291 Or. 475, 632 P.2d 782 (Or. 1981)

**Unjust Enrichment Claims**

*In re Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618 (E.D. Mich. 2000)

*Ciardi v. F. Hoffmann La Roche, Ltd.*, 762 N.E.2d 303, 309-10 (Mass. 2002)

*In re Skelaxin (Metaxalone) Antitrust Litig.*, 2013 WL 2181185(E.D. Tenn. 2013)

*Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569 (7th Cir. 2004)

## INTRODUCTION

Dealership and End-Payor Plaintiffs (together, "Plaintiffs" or "IPPs") submit this opposition in response to the seventh collective motion to dismiss filed by defendants in this multidistrict litigation. This litigation arises out of a globally coordinated criminal investigation into a more than decade-long conspiracy to fix prices, rig bids and allocate business for myraid automotive parts. The United States Department of Justice, Antitrust Division ("DOJ") has stated that this is the biggest criminal antitrust investigation that it has ever encountered "with respect to the impact on U.S. businesses and consumers, and the number of companies and executives that are subject to the investigation." *See, e.g.,* AD Anti-vibration Rubber Parts CAC ¶212; EP Anti-vibration Rubber Parts CAC ¶ 145.[1]

Notably, none of the guilty pleas entered to date in connection with the DOJ's investigation into price-fixing in the automotive parts industry provide for restitution to the victims of the conspiracy. To the contrary, the guilty pleas state that "[i]n light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offenses charged in the Information." *See, e.g.*, DENSO Guilty Plea, *U.S. v. DENSO Corporation*, 2:12-cr-20063-GCS-PJK (E.D. Mich.), attached as Ex. A. Incredibly, despite their guilty pleas[2] and ***six prior decisions*** from this Court denying the virtually identical arguments raised by Defendants here, Defendants yet again repeat their failed arguments in a desperate effort to avoid their obligation

---

[1] Plaintiffs' allegations in Anti-Vibration Rubber Parts are substantially similar to Plaintiffs' allegations in the other eight cases at issue in this Opposition. Plaintiffs will cite to their Anti-Vibration Rubber Parts complaints as a stand-in for all nine sets of complaints.

[2] The majority of the Defendant families in this multidistrict litigation contain members who have pleaded guilty or admitted to fixing prices, rigging bids and allocating business in the market for automotive parts.

to compensate the true victims injured as a result of their illegal conduct. Indeed, Defendants'
brief is replete with explicit admissions that they lack any new authority for nearly every one of
their rehashed arguments. For the reasons set forth below, Plaintiffs respectfully request that
Defendants' arguments be rejected as the Court has done on six previous occasions. *See In Re
Automotive Parts Antitrust Litig., In re Wire Harness Cases*, 2013 U.S. Dist. LEXIS 80338 ("*WH*
opinion") (E.D. Mich. 2013); *Opinion And Order Granting In Part And Denying In Part
Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re Heater Control
Panels*, 2:12-cv-00402, Doc. 128 2:12-cv-00403, Doc. 93 ("*HCP* Opinion") (July 3, 2014);
*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To
Dismiss Indirect Purchaser Actions, In re Instrument Panel Clusters*, 2:12-cv-00202, Doc. 82,
2:12-cv-00203, Doc. 86 ("*IPC* Opinion") (July 3, 2014); *Opinion And Order Granting In Part
And Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re
Fuel Senders*, 2:12-cv-00302, Doc. 104, 2:12-cv-00303 Doc. 78 ("*FS* Opinion") (July 3, 2014);
*Opinion And Order Granting In Part And Denying In Part Defendants' Collective Motion To
Dismiss Indirect Purchaser Actions, In re Bearings*, 2:12-cv-00502, Doc. 104, 2:12-cv-00503,
Doc. 106 ("*Bearings* Opinion") (Sept. 25, 2014); *Opinion And Order Granting In Part And
Denying In Part Defendants' Collective Motion To Dismiss Indirect Purchaser Actions, In re
Occupant Safety Systems*, 2:12-cv-00602, Doc. 75, 2:12-cv-00603, Doc. 87 ("*OSS* Opinion")
(Sept. 25, 2014).

## PREVIOUSLY UNCITED AUTHORITY

Since the last time Plaintiffs filed a collective opposition in response to a motion to
dismiss in this multidistrict litigation, this Court has issued five more opinions, in the second and
third wave of automotive parts cases: Instrument Panel Clusters, Fuel Senders, Heater Control

Panels, Occupant Safety Systems and Bearings.  *See WH opinion, IPC opinion, HCP opinion, FS opinion, OSS opinion,* and *Bearings opinion*.  These opinions are the most relevant new authority to this opposition and largely affirm this Court's findings in *Wire Harness* regarding the sufficiency of Plaintiffs' pleadings alleging conspiracies in the automotive parts market, Plaintiffs' constitutional and antitrust standing, Plaintiffs' entitlement to injunctive relief and Plaintiffs' properly pleaded state law consumer protection and antitrust law claims.  These opinions also uphold Plaintiffs' allegations regarding the tolling of the statutes of limitations relevant to Plaintiffs' claims and Plaintiffs' state law unjust enrichment claims.  The issuance of these opinions demonstrates that Plaintiffs must prevail on at least the vast majority of their state law claims discussed below and that Plaintiffs have constitutional standing to assert their claims in these cases for payment of inflated prices for Anti-Vibration Rubber Parts, Radiators, Switches, Motor Generators, HID Ballasts, Electronic Power Steering Assemblies, Fan Motors, Power Window Motors and Windshield Washer Systems.

Plaintiffs also cite two cases from the Illinois Supreme Court, which further demonstrate that Plaintiffs have properly pleaded that the statute of limitations on Plaintiffs' Illinois claims did not begin to run until Plaintiffs discovered the automotive parts conspiracies at issue and that the discovery rule involves factual issues that should not be decided on a motion to dismiss.  *Morris v. Margulis*, 754 N.E.2d 314, 318 (Ill. 2001) ("Under the discovery rule a limitations period begins to run only when the plaintiff [']knows or should know of his injury and also knows or reasonably should know that it was wrongfully caused.[']").  *Clark v. Children's Memorial Hosp.*, 955 N.E.2d 1065, 1090 (Ill. 2011) (the time at which ADs "has or should have the requisite knowledge under the discovery rule to maintain a cause of action" is a question of fact that is inappropriate to be raised in a motion to dismiss).  Plaintiffs also cite a case from the

New Mexico Supreme Court which further bolsters their argument that "a cause of action does not accrue for purposes of calculating the limitations period until the plaintiff discovers, or should have discovered in the exercise of reasonable diligence, the facts that underlie his or her claim." *Whelan v. State Farm Mut, Auto. Ins. Co.*, 329 P.3d 646 (N.M. 2014)

Finally, Plaintiffs cite a case from the Oregon Supreme court which demonstrates that Plaintiffs should be permitted to proceed with their Oregon Antitrust Law claims for the entirety of the class periods alleged and that this Court properly permitted Plaintiffs to plead their Oregon Antitrust Law claims for the entire class periods (and not just for claims arising after 2010) in the previous six cases. *Whipple v. Howser*, 291 Or. 475, 632 P.2d 782 (Or. 1981).

The remainder of the pertinent new authority in this Opposition comes from district courts not within the Sixth Circuit and therefore will not be identified in this section, but rather will be discussed in each state section that contains such authority.  Such sections are the Florida, Illinois and South Carolina sections.

## I.      PLAINTIFFS HAVE PROPERLY ALLEGED CONSTITUTIONAL STANDING

As stated in Plaintiffs' oppositions in previous cases in this MDL, and as this Court has found in all its previous decisions on the motions to dismiss[3], Plaintiffs have sufficiently alleged a causal connection between their injury and Defendants' unlawful conduct and have satisfied their pleading burden for constitutional standing. *See* Oppositions to Defendants' Motions to

---

[3] Plaintiffs incorporate by reference here the arguments contained in the previous oppositions to motions to dismiss regarding Plaintiffs' adequately alleging constitutional standing. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 7-12; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 10-15; *Fuel Senders,* 2:12-cv-00302, Doc. 93, 2:12-cv-00303, Doc. 61, at 11-24; *HCP*, 2:12-cv-00402, Doc. 104, 2:12-cv-00403, Doc. 70, at 12-25; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 5-13; *WH*, 2:12-md-02311, Doc. 390 at 7-13 (collectively, "previous Oppositions to Defendants' Motions to Dismiss").

Dismiss; *Wire Harness*, 2013 U.S. Dist. LEXIS 80338 ("*WH* opinion"), at \*46; *Heater Control Panels*, 2:12-cv-00402, Doc. 128 2:12-cv-00403, Doc. 93 ("*HCP* Opinion") at 15; *Instrument Panel Clusters*, 2:12-cv-00202, Doc. 82, 2:12-cv-00203, Doc. 86 ("*IPC* Opinion") at 14; *Fuel Senders*, 2:12-cv-00302, Doc. 104, 2:12-cv-00303 Doc. 78 ("*FS* Opinion") at 15; *Bearings*, 2:12-cv-00502, Doc. 104, 2:12-cv-00503, Doc. 106 ("*Bearings* Opinion") at 15; *Occupant Safety Systems*, 2:12-cv-00602, Doc. 75, 2:12-cv-00603, Doc. 87 ("*OSS* Opinion"), at 14. As they did in *WH, IPC, HCP, FS, OSS* and *Bearings*, Plaintiffs allege that they purchased the automotive parts at issue, that such parts follow a traceable physical chain of distribution and that their costs are traceable through the chain of distribution.  AD CAC ¶ 237, EP CAC ¶ 172. IPPs have satisfied the injury-in-fact requirements of Article III. *See WH* opinion, at \*42-47; *HCP* Opinion, at 14-19; *IPC* Opinion, at 12-15; *FS* Opinion, at 14-19; *Bearings* Opinion, at 14-16; *OSS* Opinion, at 12-14.

Further, as this Court has determined in *WH, IPC, HCP, FS, OSS* and *Bearings*, and for the same reasons stated in Plaintiffs' oppositions to defendants' motions to dismiss in those cases, the question of Article III standing under state laws is properly deferred until class certification. *See WH* opinion, at \*53; *HCP* Opinion, at 20; *IPC* Opinion, at 17; *FS* Opinion, at 21; *Bearings* Opinion, at 18; *OSS* Opinion, at 16.

Plaintiffs have pleaded that they purchased the auto parts at issue sold or manufactured by Defendants or their co-conspirators and that such parts can be traced to Plaintiffs—these allegations have been found sufficient in the previous six  cases decided by the Court in this MDL and should be upheld here as well.  The Court should deny Defendants' arguments as it has done in *WH, IPC, HCP, FS, OSS* and *Bearings.*

As to Defendants' arguments regarding HID Ballasts and Motor Generators, such arguments are properly addressed in the oppositions specific to those cases and Plaintiffs incorporate those Oppositions here.  However, though Plaintiffs do not believe that factual issues outside the pleadings are properly raised on a motion to dismiss and believe such issues are properly addressed on a motion for summary judgment, Plaintiffs wish to note two facts that demonstrate that Defendants' arguments are erroneous.  First, Defendants' improper references to "facts" outside the four corners of the Complaints, which purport to support their argument that HID Ballasts are found in a small number of cars are incorrect as demonstrated by Exhibit B.  Exhibit B states that in 2005, HID headlamps, which require HID ballasts, were found in 95 models, including those made by Audi, BMW, Cadillac, DaimlerChrysler, Ford, GMC, Honda, Jaguar, Lexus, Lincoln, Mercedes, Mitsubishi, Nissan, Porsche, Toyota and Volkswagen, Volvo.  Second, the Dealership Plaintiffs bringing Motor Generators purchased hybrid or electric vehicles—the types of vehicles that contain Motor Generators—during the Class Period.

## II.   THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS SPECIFIC STATE ANTITRUST, CONSUMER PROTECTION AND UNJUST ENRICHMENT CLAIMS

### A.   Arizona

#### 1.   The Arizona Supreme Court Has Rejected *AGC*

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants' argument on AGC should be rejected because the Arizona Supreme Court has implicitly rejected application of *AGC* to indirect purchaser claims, *See* previous Oppositions to Defendants' Motions to Dismiss[4], and because this court has found that Plaintiffs have satisfied

---

[4] Plaintiffs incorporate their state law arguments contained in their previous oppositions

the *AGC* analysis. *WH Opinion* at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

### 2. Plaintiffs' Arizona Unjust Enrichment Claims Are Valid

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this court has held in previous decisions in this MDL, there is no requirement that a party plead absence of a legal remedy in Arizona to assert an unjust enrichment claim, and Plaintiffs may plead unjust enrichment as an alternative theory of recovery. *See HCP* Opinion, at 51; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Further, Defendants' "benefit of the bargain" argument fails because "the complaints make clear that the parties were not in a contractual relationship," and Plaintiffs had no knowledge of and did not bargain for a hidden overcharge resulting from Defendants' illegal conduct. *HCP* Opinion, at 51. See also *IPC* Opinion, at 49; *FS* Opinion, at 52; *Bearings* Opinion, at 44-50; *OSS* Opinion, at 42-48. *See also* previous Oppositions to Defendants' Motions to Dismiss.

### 3. Arizona's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion,

---

to defendants' motions to dismiss. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 28; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 34; *Fuel Senders*, 2:12-cv-00302, Doc. 93, 2:12-cv-00303, Doc. 61, at 41-42; *HCP*, 2:12-cv-00402, Doc. 104, 2:12-cv-00403, Doc. 72, at 37-38; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 40; *WH*, 2:12-md-02311, Doc. 390 at 13-17 (collectively, "previous Oppositions to Defendants' Motions to Dismiss").

at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised

by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and

discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule

are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also Anti-*

*Vibration Rubber Parts* ("*AVRP*"), AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD

CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189;

*Motor Generators* ("*MG*"), AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID Ballasts* ("*HID*"),

AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *Electronic Power Steering Assemblies* ("*EPSA*"), AD

CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *Fan Motors* ("*FM*"), AD CAC ¶¶ 182-198, EP CAC ¶¶

155-171; *Power Window Motors* ("*PWM*"), AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185;

*Windshield Washer Systems* ("*WWS*"), AD CAC ¶¶ 211-229, EP CAC¶¶ 169-183.

"Arizona does not look with favor on the statute of limitations defense." *Ulibarri v.*

*Gerstenberger,* 178 Ariz. 151, 159, 871 P.2d 698, 706 (Ariz. Ct. App. 1993) The discovery rule

applies to plaintiffs' claims. "[A] cause of action does not accrue until a plaintiff discovers or

should have discovered by reasonable diligence that he or she has been injured." *Gust, Rosenfeld*

*& Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995)

As for fraudulent concealment, "[f]raud practiced to conceal a cause of action will

prevent the running of the statute of limitations until its discovery." *Acton v. Morrison*, 155 P.2d

782, 784 (Ariz. 1945). As explained in Plaintiffs' previous Oppositions to Defendants' Motions

to Dismiss, Plaintiffs meet both standards. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603,

Doc. 67, at 29; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 35; *IPC*, 2:12-cv-

00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 41.  Defendants' reliance on *Porter v. Spader* is

8

misplaced as in that case "there is no contention that the actions of Defendant . . . served to conceal the cause of action." *Porter v. Spader,* 239 P.3d 743, 747 (Ariz. Ct. App. 2010). Defendants also cite *Tovrea Land & Cattle Co. v. Linsentneyer,* 412 P.2d 47, 63 (Ariz. 1966), claiming Plaintiffs must "plead affirmative acts with particularity." The case stands for no such proposition. It states plaintiffs must allege "trick or contrivance," *Tovrea,* 412 P.2d at 63, as Plaintiffs have done.

> **B.    Arkansas**

> > **1.    Plaintiffs Arkansas Consumer Protection Claims Are Valid**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs only must allege Defendants engaged in any "unconscionable, false, or deceptive act or practice." Ark. Code § 4-88-107(a)(10) *WH* Opinion, at *89; see also *HCP* Opinion, at 37-38; *IPC* Opinion, at 35-36; *FS* Opinion, at 36-38; *Bearings* Opinion, at 31-32; *OSS* Opinion, at 28-29. Further, this Court has held that ADTPA is construed liberally to encompass "false or deceptive acts or practices" in addition to "unconscionable acts," *WH* Opinion, at *96, and that a number of federal courts have recognized plaintiffs subject to price-fixing have ADPTA claims. *See HCP* Opinion, at 38; *IPC* Opinion, at 36; *FS* Opinion, at 38; *Bearings* Opinion, at 31. Moreover, the same remoteness argument and the argument that the ADTPA does not apply to price-fixing claims have been rejected by this Court. See *WH* Opinion, at **94-96, 105; *HCP* Opinion, at 38, 45; *IPC* Opinion, at 36, 42-43; *FS* Opinion, at 45; *Bearings* Opinion, at 22-24, 31; *OSS* Opinion, at 21-22, 29. Plaintiffs' Arkansas consumer protection claims are valid. *See* previous Oppositions to Defendants' Motions to Dismiss.

> > **2.    ADs Have Stated an Unjust Enrichment Claim**

9

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this court has held in previous decisions in this MDL, Defendants' benefit of the bargain argument fails because no contract existed between the parties, and Plaintiffs had no knowledge of and did not bargain for a hidden overcharge resulting from Defendants' illegal conduct. *See HCP* Opinion, at 52; *IPC* Opinion, at 50; *FS* Opinion, at 53; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45. *See also* previous Oppositions to Defendants' Motions to Dismiss.

### 3.    Plaintiffs' Arkansas Claims Are Not Barred By the Statute of Limitations

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Under the discovery rule the cause of action begins to accrue when "plaintiff knows, or by the exercise of reasonable diligence should have discovered, the cause of the injury." *State v. Diamond Lakes Oil Co.,* 66 S.W.3d 613, 624 (Ark. 2002) (citation omitted). As explained in

Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs, acting reasonably, could not have discovered the bases for their claims until shortly before the complaints were filed, and have adequately pleaded the application of the discovery rule. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 33; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 38-39; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 43.

Further, "[t]he issue of fraudulent concealment is normally a question of fact that is not suited for dismissal by . . . a motion to dismiss." *Bomar v. Moser*, 369 Ark. 123 (2007) cited by Defendants deals with a determination at summary judgment, and does not state fraudulent concealment must be pleaded with particularity. The Arkansas Supreme Court stated, "[f]raudulent concealment tolls the statute of limitations when the persons alleged to have committed the fraud have committed a positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *Barre v. Hoffman*, 326 S.W.3d at 418 (internal citations omitted). Plaintiffs sufficiently plead fraudulent concealment and the discovery rule. *See Bearings*, 2:12-cv-00502, 2:12-cv-00503, Doc. 83 ; *OSS*, 2:12-cv-00602, Doc. 64; *OSS*, 2:12-cv-00603, Doc. 67.

## C.   California

### 1.   Plaintiffs Have Antitrust Standing Under California Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under California law. *See* previous Oppositions to Defendants' Motions to Dismiss. Moreover Court has found in the previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

11

2.        **Plaintiffs Sufficiently Plead California Consumer Protection Claim**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this Court held in previous decisions in this MDL, Plaintiffs allege a sufficient nexus to California. *See WH* opinion, at *100; *HCP* Opinion, at 40-41; *IPC* Opinion, at 38-39; *FS* Opinion, at 40-41; *Bearings* Opinion, at 33; *OSS* Opinion, at 31-32. Thus, Plaintiffs California consumer protection claims are valid. *See* previous Oppositions to Defendants' Motions to Dismiss.

3.        **In Order to Preserve the Issue for Appeal, Plaintiffs Oppose Dismissal of their California Unjust Enrichment Claim**

Plaintiffs incorporate their responses to arguments raised by Defendants in their previous Oppositions to Defendants' Motions to Dismiss, and understand that the Court has dismissed their California unjust enrichment claim.

4.        **California's Statute of Limitations Does Not Bar Plaintiffs' Claims**

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC

¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

In California, "fraudulent concealment tolls the statute of limitations until plaintiff discovers, or in the exercise of reasonable diligence should have discovered" the facts on which its action is based. *Sears, Roebuck & Co. v. Blade*, 139 Cal. App. 2d 580, 587, 294 P.2d 140, 144 (1956). In order to establish fraudulent concealment, the complaint must allege: "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (Cal. App.1974) (citations omitted). As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs have met this pleading burden. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 36; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 42-43; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 47-48. Defendants' statute of limitations argument also ignores the application of the "discovery rule" under California law. The California Supreme Court recently ruled that the "discovery rule" may be applied to claims under California's Unfair Competition Law ("UCL"). *See Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1195-96 (2013). As such, "the time to file a section 17200 cause of action starts to run only when a reasonable person would have discovered the factual basis for a claim." *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal.App.4th 912 (2009). As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs, acting reasonably, could not have discovered the bases for their claims until shortly before their complaints were filed, and have adequately pleaded the application of the discovery rule.

13

### D.     District of Columbia

#### 1.     Plaintiffs Sufficiently Plead Antitrust Claims Under D.C. Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, AGC does not apply to Plaintiffs' claims under the DCAA, *See* previous Oppositions to Defendants' Motions to Dismiss. Moreover, as has been held in this Court's previous opinions in this MDL, Plaintiffs meet *AGC*'s requirements. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Further, this Court held Plaintiffs demonstrated intrastate nexus. *WH* opinion, at *75-81; *HCP* Opinion, at 29-30; *IPC* Opinion, at 26-27; *FS* Opinion, at 30; *Bearings* Opinion, at 26-30; *OSS* Opinion, at 23-27. Thus, Plaintiffs District of Columbia antitrust claims are valid. *See* previous Oppositions to Defendants' Motions to Dismiss.

#### 2.     ADs Sufficiently Plead Unjust Enrichment Under D.C. Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this court has held in previous decisions in this MDL, Defendants have unjustly retained a benefit at the expense of ADs, and that is all that is required to plead unjust enrichment under the prevailing standard in D.C. Besides, no contract existed between the parties. *See HCP* Opinion, at 53; *IPC* Opinion, at 51; *FS* Opinion, at 53; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45. *See also* previous Oppositions to Defendants' Motions to Dismiss. Thus, AD's District of Columbia unjust enrichment claim is valid. *See* previous Oppositions to Defendants' Motions to Dismiss.

#### 3.     D.C.'s Statutes of Limitation Do Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on

Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

D.C. applies the discovery rule where "the fact of injury was not readily apparent" for years after the incident causing injury had occurred. *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C. 1997) (quotation omitted). A plaintiff's right of action accrues when the plaintiff "'knows' or 'by the exercise or reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing.'" *Hendel* 705 A.2d at 660-61 (quoting *Bussineau v. President & Dirs. of Georgetown College,* 518 A.2d 423 (D.C.1986). Plaintiffs have adequately pleaded that the discovery rule is applicable here and they meet its requirements. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 40; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 45; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 51.

As for fraudulent concealment, "[i]f a jury could find that defendants lulled the plaintiffs into inaction or that the wrongs themselves were designed to be self-concealing, then the Court

15

must leave the issue of defendants' statute of limitations defense to the jury." *Jones v. Meridian Towers Apartments, Inc.*, 816 F. Supp. 762, 770 (D.D.C. 1993). Plaintiffs meet this test. *See Bearings*, 2:12-cv-00502, Doc. 86; *OSS*, 2:12-cv-00602, Doc. 64.

### E. Florida (New Authority)

#### 1. Plaintiffs Properly Plead Florida Consumer Protection Claims

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs have sufficiently alleged their FDUTPA claims. Defendants' claim that Plaintiffs have not sufficiently alleged a nexus with Florida. But as held in *Sheet Metal Workers*, "[t]here is simply no language in the FDUTPA implying a limitation of its scope to harm taking place within Florida alone. Rather, the Act proscribes unfair and unconscionable business practices 'in the conduct of any trade or commerce[.]'" *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC,* 737 F.Supp.2d 380, 409 (E.D. Pa. 2010). The *Sheet Metal* court thus rejected defendants' arguments that plaintiffs' FDUTPA claims had to be dismissed because they did not meet the intrastate nexus requirements. *Id.*

In any event, as the court in *Packaged Ice* stated and this Court agreed in *WH*, "the 'intrastate effects' requirement is met at the pleading stage by allegations . . . claiming that the anticompetitive conduct caused supra-competitive price effects nationwide." *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 664 (E.D. Mich. 2011). *Wire Harness*, 2013 U.S. Dist. LEXIS 80338, at *101. Plaintiffs have made such allegations and have met this requirement. AD Anti-Vibration CAC ¶ 267 EP CAC ¶ 207.

The purported new authorities cited by Defendants nowhere state that FDUTPA is inapplicable to claims by Florida residents and customers who purchased their products in Florida. The court in *Millenium*, the only Florida state court case cited by Defendants, stated,

16

like the *Sheet Metal* court, that "there are no geographical or residential restrictions contained in the express language of section 501.202." *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000).

To the extent the cases Defendants cite address a connection to Florida—they merely state that complaints should involve some action, that "occurred within the state of Florida." *Five for Entm's S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009 (same); *see also Sheet Metal*, 737 F.Supp.2d at 409 ("plaintiffs may assert a cause of action under the FDUTPA for claims arising in Florida."). Plaintiffs have met this criteria. AD Anti-vibration Rubber Parts CAC ¶34-35, 118-119  (alleging that Florida dealers headquartered in Florida purchased parts and vehicles in Florida) 314(a) (alleging that (1) Anti-Vibration Rubber Parts price competition was restrained, suppressed, and eliminated throughout Florida; (2) Anti-Vibration Rubber Parts prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Florida and that Plaintiffs (who purchased their vehicles and parts in Florida) "paid supracompetitive, artificially inflated prices for Anti-Vibration Rubber Parts"); EP Anti-vibration Rubber Parts CAC  45, 49 (alleging that two named Plaintiffs who purchased Defendants' or their co-conspirators' Antivibration Rubber Parts are Florida residents) 248(a) ) (alleging that (1) Anti-Vibration Rubber Parts price competition was restrained, suppressed, and eliminated throughout Florida; (2) Anti-Vibration Rubber Parts prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Florida and that (3) Plaintiffs, who are Florida residents "paid supracompetitive, artificially inflated prices for Anti-Vibration Rubber Parts").

17

In contrast, in Defendants' final case, *Beaver*, unlike here, the plaintiff did not reside in Florida and was not injured in Florida. *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012).

Moreover, neither fraud nor mistake is a required element of a FDUTPA claim, and this Court reached the same conclusion in *Wire Harness*. *WH* Opinion, at *85-87. *See also HCP* Opinion, at 36-37; *IPC* Opinion, at 33-34; *OSS* Opinion, at 29. Plaintiffs have properly pleaded Florida consumer protection claims. *See also* previous Oppositions to Defendants' Motions to Dismiss.

### 2.    ADs Sufficiently Plead Unjust Enrichment Under Florida Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this court has held in previous decisions in this MDL, ADs do not need to allege a "direct benefit" under Florida law because they satisfy the pleading requirement by having alleged "a link between their payment and Defendants' benefit." *HCP* Opinion, at 55. *See also IPC* Opinion, at 50; *FS* Opinion, at 53; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45. Further, Defendants' benefit of the bargain argument fails because no contract existed between the parties. *See HCP* Opinion, at 53-55; *IPC* Opinion, at 51-53; *FS* Opinion, at 55-56; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45. ADs sufficiently plead unjust enrichment under Florida law. *See* previous Oppositions to Defendants' Motions to Dismiss.

### 3.    Florida's Statutes of Limitation Do Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised

18

by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

"Under Florida law, the starting point for analyzing a statute of limitations issue is the discovery rule." *In re Blackburn*, 209 B.R. 4, 10 (M.D. Fla. 1997) "[A] party is held to have been put on notice when he discovers, or reasonably should have discovered, facts alerting him of the existence of his cause of action." *Jones v. Childers*, 18 F.3d 899, 906 (11th Cir. 1994). Plaintiffs meet this test. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 43; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 47; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 53.

Use of trick or contrivance satisfies the fraudulent concealment test. *Crummer Co. v. Du Pont*, 255 F.2d 425, 432 (5th Cir. 1958). Plaintiffs meet this requirement. *IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21. Defendants misstate the holdings of the cases they cite, none of which require pleading with particularity. *First Fed. Sav. & Loan Ass'n of Wis. v. Dade Fed. Sav. & Loan Ass'n*, 403 So. 2d 1097, 1100 (Fla. Dist. Ct. App. 1981); *Delco Oil, Inc. v. Pannu*, 856 So. 2d 1070, 1073 (Fla. Dist. Ct. App. 2003); *Fox v. City of Pompano Beach*, 984 So. 2d 664, 668 (Fla. Dist. Ct. App. 2008).

F.      Hawaii

1.      **Plaintiffs Possess Antitrust Standing Under Hawaii Law**

Contrary to Defendants' contention, Plaintiffs have complied with the requirement under

Haw. Rav. Stat. § 480-13.3(a). The attorney general of Hawaii declined to prosecute the sealed

complaints, and the deputy attorney general of Hawaii has given permission for Plaintiffs to

proceed under Hawaii law. Just as in *WH*, the complaints have been unsealed by order of this

Court. See *Anti-Vibrational Rubber Parts*, 2:14-cv-12549, Doc No. 7, 8; *Electronic Powered

Steering Assemblies*, 2:14-cv-12551, Doc No. 7, 8; *Switches*, 2:14-cv-12552, Doc No. 7, 8; *Fan

Motors*, 2:14-cv-12553, Doc No. 7, 8; *HID Ballasts*, 2:14-cv-12554, Doc No. 7, 8; *Windshield

Washer Systems*, 2:14-cv-12555, Doc No. 7, 8; *Motor Generators*, 2:14-cv-12556, Doc No. 7, 8;

*Power Window Motors*, 2:14-cv-12558, Doc No. 7, 8; *Radiators*, 2:14-cv-12559, Doc No. 7, 8,

The Hawaii AG letters are attached as Exs.D-L.  Thus, as in *WH*, ADs' antitrust claims should be

allowed to proceed.

Additionally, as explained in Plaintiffs' previous Oppositions to Defendants' Motions to

Dismiss, the *AGC* analysis does not apply to ADs' claims under the Hawaii Antitrust Act, and

this Court determined Plaintiffs met *AGC*.  *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC*

Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.  *See also*

previous Oppositions to Defendants' Motions to Dismiss.

2.      **The Existence of Possible "Legal Remedies" Is Irrelevant**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, the

possible availability of a remedy at law furnishes no ground for dismissal, and ADs properly

plead unjust enrichment as an alternative claim under Federal Rule of Civil Procedure 8(d)(3).

*See* previous Oppositions to Defendants' Motions to Dismiss. Additionally, this Court has found

20

authorities cited in Defendants' Previous Motions to Dismiss on this issue do not support their argument. *See FS* Opinion, at 57-58; *Bearings* Opinion, at 48-50; *OSS* Opinion, at 45-48.

### 3.     Hawaii's Statutes of Limitations Do Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

"[U]nder the discovery rule, a cause of action accrues when the plaintiff knew or should have known of the causal connection between the defendant's action and the damage done." *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1121 (D. Haw. 2011). Plaintiffs adequately pleaded that the discovery rule is applicable and they meet its requirements. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 45; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 48-49; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 54.

21

The cases cited by Defendants, *Rundgren v. Bank of N.Y. Mellon*, 777 F. Supp. 2d 1224, 1230 (D. Haw. 2011), and *Au v. Au*, 626 P.2d 173, 178 (Haw. 1981), do not require plaintiffs to plead affirmative acts of concealment with particularity. Hawaii courts recognize fraudulent concealment has been properly pleaded when, as here, plaintiffs allege "employment of [an] artifice, planned to prevent inquiry or escape investigation, and misle[a]d or hinder acquirement of information disclosing a right of action." *Aana v. Pioneer Hi-Bred Intern., Inc.*, 2013 WL 4047110, at *24 (D. Haw. 2013) (quotations omitted). In the case of "continuing violations" such as the ongoing price-fixing conduct alleged, the Hawaii statute of limitations deems the cause of action to accrue "at any time during the period of the violation." HAW. REV. STAT. § 480-24(a). Thus, where there is a continuing violation a party may seek damages for the entire period of the continuing violation. *See Anzai v. Chevron Corp.*, 168 F. Supp. 2d 1180, 1187 (D. Haw. 2001).

### G.   Illinois (New Authority)

#### 1.   ADs have Properly pleaded their Illinois Antitrust Claims

ADs recognize this Court has previously dismissed their Illinois Antitrust Act claims. ADs request the Court to reconsider its rulings, in light of new authority in an opinion issued last month in a similar antitrust class action.  In *Lithium*, the court held that the class action ban in the Illinois Antitrust Act does not apply to actions lodged in federal court, which are instead governed by Fed. R. Civ. P. 23: "[t]he Court concludes that the class-action bans challenged here are procedural, not substantive, and that application of Rule 23 to them would not modify any substantive right. Rule 23 therefore governs and the challenged claims may be asserted on a representative basis in this federal court." *In re Lithium Ion Batteries Antitrust Litig.*, Case No.13-MD-2420 YGR, 2014 WL 4955377, at *21 (N.D. Cal. Oct. 2, 2014).  The court thus concluded that the plaintiffs could proceed with their class action claims under the Illinois

Antitrust Act. *Id.* ADs also incorporate their responses to arguments raised by Defendants in their previous Oppositions to Defendants' Motions to Dismiss.

### 2.      ADs' Unjust Enrichment Claim Is Proper

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, there is no question Defendants possessed a "duty," established by law, to refrain from selling auto parts with artificially inflated prices, and the benefit of the bargain inquiry belongs in a contract case, not an unjust enrichment analysis. ADs have valid unjust enrichment claims under Illinois common law. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 55-56; *IPC* Opinion, at 53-54; *FS* Opinion, at 58; *Bearings* Opinion, at 44-50; *OSS* Opinion, at 42-48.

### 3.      ADs Properly Plead Allegations To Toll The Statute of Limitation

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP

CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The discovery rule applies to ADs' claims in Illinois. "Under the discovery rule a limitations period begins to run only when the plaintiff [']knows or should know of his injury and also knows or reasonably should know that it was wrongfully caused.[']" *Morris v. Margulis*, 754 N.E.2d 314, 318 (Ill. 2001) (citations omitted). Moreover, the time at which ADs "has or should have the requisite knowledge under the discovery rule to maintain a cause of action" is a question of fact that is inappropriate to be raised in a motion to dismiss. *Clark v. Children's Memorial Hosp.*, 955 N.E.2d 1065 (Ill. 2011) (quotation omitted). As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs, acting reasonably, could not have discovered the bases for their claims until shortly before their complaints were filed, and have adequately pleaded the application of the discovery rule.

To allege fraudulent concealment in Illinois, "it is necessary to show affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim," as well the acts' tendency to conceal the cause of action. *S.I. Sec. v. Powless*, 934 N.E.2d 1, 13 (Ill. App. Ct. 2010) The cases Defendants cited do not state a particularity standard for pleading fraudulent concealment. Because ADs' pleadings satisfy the fraudulent concealment standard in Illinois, and because discovery rule applies to ADs' claims in Illinois, ADs' damages should not be limited.  *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 47-48; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 50-51; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 56.

### H.    Iowa

#### 1.    Plaintiffs Possess Antitrust Standing Under Iowa Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants fail to argue *AGC* is applicable to antitrust claims under Iowa state law. *See* previous Oppositions to Defendants' Motions to Dismiss. Moreover, Plaintiffs meet *AGC*'s requirements. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

### 2.    ADs Sufficiently Plead Unjust Enrichment

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, the argument that an indirect purchaser plaintiff was "too remote" from the defendant to state an unjust enrichment claim in Iowa has been rejected by other courts, and the "benefit of the bargain" analysis refers to contract damages, which Plaintiffs do not seek. Plaintiffs may seek unjust enrichment against Defendants under Iowa law as an equitable or quasi-contract remedy. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 56; *IPC* Opinion, at 54; *FS* Opinion, at 58; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45.

### 3.    Iowa's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-

190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Under Iowa's discovery rule, "the statute does not begin to run until the plaintiff knew, or in the exercise of reasonable care should have known, that he had a cause of action." *Estate of Montag v. T.H. Agriculture*, 509 N.W. 2d 469, 470 (Iowa. 1993). This test is applicable to Plaintiffs' claims and Plaintiffs meet this test. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 49; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 52-53; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 57-58.

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs plead affirmative acts of concealment meeting Iowa's test. *See Kurtz v. Trepp*, 375 N.W.2d 280, 282 (Iowa App. 1985) (plaintiff must show "an affirmative action by the defendant to conceal the cause of action"). *See also Faust v. Hosford*, 93 N.W. 58, 59 (Iowa 1903) (plaintiff was not required by law to go to the public records to discover her cause of action, and due diligence was a question of fact for the jury). *Christy v. Miulli* cited by Defendants, does not hold affirmative concealment or due diligence must be pleaded with particularity. 692 N.W.2d 694, 702 (Iowa 2005).

## I.     Kansas

### 1.     Plaintiffs Possess Antitrust Standing Under Kanas Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, applying *AGC* to Kansas law is inappropriate. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, as this Court has found in previous decisions in this MDL, Plaintiffs'

allegations satisfy *AGC*'s requirements *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC*

Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

### 2.    ADs Sufficiently Plead Unjust Enrichment Under Kansas Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss,

"direct benefit" is not a requirement for pleading unjust enrichment claims under Kansas law,

and consideration does not defeat an unjust enrichment claim. Plaintiffs sufficiently plead unjust

enrichment under Kansas Law. *See* previous Oppositions to Defendants' Motions to Dismiss. *See*

*also HCP* Opinion, at 56-57; *IPC* Opinion, at 54-55; *FS* Opinion, at 59-60; *Bearings* Opinion, at

41-47; *OSS* Opinion, at 39-41.

### 3.    The Kansas Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the

statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on

Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-

24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by

Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and

discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule

are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*,

AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-

190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC

¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP

CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226,

EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The discovery rule tolls the statute of limitations in Kansas. *See McCue v. Franklin,* 131 P.2d 704, 708 (Kan. 1942); *Vitamins*, 2000 WL 1524912, at *2. Plaintiffs sufficiently allege that the statute was tolled. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 51; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 54-55; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 59-60.

Defendants misstate the Kansas Supreme Court's holding in *Friends Univ. v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980). That case did not hold that a plaintiff must allege due diligence or affirmative concealment with particularity. Instead, it quoted a treatise which observed that "the party seeking to toll the statute of limitations must explain why due diligence did not lead or could not have led to discovery of the facts and the cause of action." *Id.* at 941. It also stated "there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Id.* As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs satisfy these criteria. Plaintiffs need not allege reliance, as demonstrated by the analysis of antitrust claims like IPPs' in *Vitamins*.

## J.    Maine

### 1.    Plaintiffs Possess Antitrust Standing

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as found by this Court in previous decisions in this MDL, Plaintiffs have standing to bring their claims. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Further, authorities cited in Defendants' previous motions do not support their argument. *See* previous Oppositions to Defendants' Motions to Dismiss.

28

2.    **ADs Need Not Allege a Direct Benefit Under Maine Law to State a Claim for Unjust Enrichment Under Maine Law**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, the Supreme Judicial Court of Maine has not held that the benefit must flow directly from the plaintiff to the defendant, and ADs sufficiently plead unjust enrichment under Maine law. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 57-58; *IPC* Opinion, at 55-56; *FS* Opinion, at 60-61; *Bearings* Opinion, at 41-44; *OSS* Opinion, at 39-42.

3.    **The Maine Statute of Limitations Does Not Bar Plaintiffs' Claims**

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The discovery rule "establishes that a cause of action accrues whenever the harm is discovered." *Kasu Corp. v. Blake, Hall & Sprague, Inc.*, 582 A.2d 978, 979 (Me. 1990) Here,

Plaintiffs' claims accrued shortly before their complaints were filed. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 52-53; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 55-56; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 61-62.

Also, 14 Me. Stat. Ann. §859 states "If a person . . . fraudulently conceals the cause thereof from the person entitled thereto . . . the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action."  "The statute of limitations begins to run, 'when the existence of the cause of action . . . is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence.'" *Kobritz v. Severance*, 912 A.2d 1237, 1241 (Me. 2007) (quotations and citations omitted).  As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs meet this test.  Cases cited by Defendants do not hold that affirmative concealment must be pleaded with particularity.  Also, as both the statute and *Kobritz* demonstrate, there is no reliance requirement.

### K.  Massachusetts

#### 1.  EPs Sufficiently Plead a Massachusetts Consumer Protection Claim

Defendants mischaracterized EPs' Massachusetts consumer protection claim as being "conclusory and do not tie [Plaintiffs'] injuries to the alleged conspiracy's effect on trade and commerce in [Massachusetts]." Def. Memo at 16. However, EPs alleged not only (1) that the Defendants engaged in restraint of trade or commerce in a market which includes Massachusetts, by affecting, fixing, controlling and/or maintaining at artificial and non-competitive levels, the prices at which Anti-Vibration Rubber Parts, Radiators, Switches, Motor Generators, HID Ballasts, Electronic Power Steering Assemblies, Fan Motors, Power Window Motors and Windshield Washer Systems (hereinafter "price-fixed auto parts") were sold, distributed, or

30

obtained in Massachusetts, (2) that the price-fixed auto parts' price competition was restrained, suppressed, and eliminated throughout Massachusetts, and (3) that price-fixed auto parts' prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Massachusetts, *but also* (4) that Plaintiffs and members of the Damages Class were deprived of free and open competition, (5) that Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for price-fixed auto parts, (6) that as a direct and proximate result of the Defendants' unlawful conduct, Plaintiffs and members of the Damages Class were injured and are threatened with further injury, and (7) that the Defendants agreed to, and did in fact, act in and took efforts to conceal their agreements from Plaintiffs and members of the Damages Class. "These allegations satisfy IPPs' burden." *FS* Opinion, at 42.

Further, the authority cited by Defendants here is inapposite. In *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *25 (D.N.J. Oct. 20, 2011), the plaintiffs only alleged purchase of certain products in Iowa and California, and failed to specify "which product they purchased" that caused their injury. *Magnesium,* 2011 WL 5008090, at *7. The plaintiffs also only conclusively stated that the defendants' anticompetitive conduct affected commerce and trade "in a market that includes the [named] states," "price competition was restrained, suppressed, and eliminated throughout the states;" and "prices were raised, fixed, maintained, and stabilized at artificially high levels throughout the states." *Magnesium,* 2011 WL 5008090, at *26. These allegations are much less specific than what EPs have alleged as stated above. In sum, EPs' allegations are sufficient to "tie their injuries to the alleged conspiracy's effect on trade and commerce" in Massachusetts. *Id.* at * 26.

Additionally, as this Court has found in *Fuel Senders*, and as explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, EPs have standing to bring consumer

protection claim under Massachusetts law.  *See FS* Opinion, at 48. *See also* previous Oppositions to Defendants' Motions to Dismiss.

### 2.      ADs Sufficiently Plead Unjust Enrichment

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, AD's ability to assert claims under a state's unjust enrichment laws is not governed by its ability to assert claims under that state's statutes. Further, the "benefit of the bargain" rule applies only where there is contractual remedy available. ADs sufficiently plead unjust enrichment claim. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 58; *IPC* Opinion, at 56; *FS* Opinion, at 61; *Bearings* Opinion, at 44-50; *OSS* Opinion, at 42-48.

### 3.      The Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' well-pleaded discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Under Massachusetts law, "if the action is based on an 'inherently unknowable' wrong, it does not accrue until the injured party knows or in the exercise of reasonable diligence should know the factual basis for the cause of action," and is similarly tolled "if the wrongdoer . . . 'concealed the existence of a cause of action through some affirmative act done with intent to deceive . . . .'" *Puritan Med. Ctr. v. Cashman*, 596 N.E. 2d 1004, 1009-1010 (Mass. 1992) Plaintiffs' allegations meet both standards. The cases cited by Defendants do not contain the particularity language Defendants claim. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 54; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 57; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 63-64.

### L.      Michigan

#### 1.      Plaintiffs Have Antitrust Standing Under Michigan Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Courts in cases involving indirect purchasers of price-fixed components have held Michigan's harmonization statute does not establish that *AGC* applies to Michigan antitrust claims. *See* previous Oppositions to Defendants' Motions to Dismiss. Nevertheless, Plaintiffs satisfy *AGC's* requirements as found by this Court in previous decisions in this MDL.  *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

#### 2.      ADs Sufficiently Plead Unjust Enrichment Under Michigan Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs may bring an unjust enrichment claim without alleging conferral of direct benefit.  Further, Defendants' benefit of the bargain argument is unsupported by authorities cited in their previous motions, and similar arguments have repeatedly been rejected by courts in price-fixing cases.

33

*See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 58-59; *IPC* Opinion, at 56-57; *FS* Opinion, at 61-63; *Bearings* Opinion, at 41-47; *OSS* Opinion, at 42-45.

### 3.     The Michigan Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The statute of limitations for unjust enrichment is six years. *Currithers v. FedEx Ground Package Sys., Inc.,* No. 04–10055, 2012 WL 458466, *3 (E.D. Mich. Feb. 13, 2012).

Further, under MCL § 600.5855, "[i]f a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim . . .

34

." Plaintiffs' allegations meet this standard. Courts have also held fraudulent concealment and due diligence are questions of fact not to be disposed of prior to trial. *In re OnStar Contract Litig.*, 600 F. Supp. 2d 861, 868 (E.D. Mich. 2009). The cases cited by the Defendants do not require plaintiffs to plead affirmative acts of concealment with particularity. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 56; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 59; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 65-66.

### M.    Minnesota
#### 1.    ADs Sufficiently Pleaded Unjust Enrichment

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs may seek unjust enrichment remedies where they also seek legal remedies. Further, under Minnesota law, ADs need only plead that the defendant received some value they were not entitled to, and that it would be unjust for the Defendants to retain that benefit. ADs have met this standard. Additionally, the "benefit of the bargain" rule only applies when there is a contract between the parties, and no contractual relationship existed between ADs and Defendants. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 59-60; *IPC* Opinion, at 57-58; *FS* Opinion, at 63-64; *Bearings* Opinion, at 41-50; *OSS* Opinion, at 39-48.

#### 2.    Minnesota's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule

35

are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The discovery rule applies to Plaintiffs' claims in Minnesota. A plaintiff "discovers" an injury when it either actually discovers, or through the exercise of reasonable diligence should have discovered, the injury. *Appletree Square 1 Ltd. P'ship v. W.R. Grace & Co.*, 815 F. Supp. 1266, 1275 (D. Minn. 1993). Plaintiffs meet this standard, and discovered their injuries in July of 2011. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 57-58; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 60-61; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 66. Further, "a cause of action for a continuing violation is deemed to arise at any time during the period of the violation." MN Stat. Ann. § 325D.64.

Also, the Minnesota statute of limitations is tolled by Defendants' fraudulent concealment, as discussed in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss. Under Minnesota law, fraudulent concealment tolls the statute of limitations. *Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880, 887 (D. Minn. 2011) (quoting *Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775, 795 (1975). Fraudulent concealment and due diligence are questions of fact not to be determined prior to trial. *Hines v. A.O. Smith Harvestore Products, Inc.*, 880 F.2d 995, 999 (8th Cir. 1989). As demonstrated by the above cases, reliance is not an element of fraudulent concealment. *Appletree Square*, 815 F. Supp. at 1275, cited by defendant,

36

does not hold differently. Finally, the statute of limitation for an unjust enrichment claim is six years. Minn.Stat. § 541.05, subd. 1(1); *Block v. Litchy*, 428 N.W.2d 850, 854 (Minn. Ct. App. 1988).

### N.      Mississippi

#### 1.      Plaintiffs Have Antitrust Standing Under Mississippi Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Federal courts refuse to apply *AGC* to claims under Mississippi's antitrust act in cases like this. *See also* previous Oppositions to Defendants' Motions to Dismiss. Moreover, this Court has found that Plaintiffs meet the requirements of *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Further, Plaintiffs have alleged sufficient impact on intrastate commerce. *See WH* opinion, at *75-81; *HCP* Opinion, at 30-31; *IPC* Opinion, at 27-28; *FS* Opinion, at 30-31; *Bearings* Opinion, at 27-28; *OSS* Opinion, at 25.

#### 2.      Plaintiffs Sufficiently Plead Unjust Enrichment Under Mississippi Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs as indirect purchasers of price-fixed products have successfully pleaded unjust enrichment claims under Mississippi law. Further, there is no additional requirement that Plaintiffs pay money by mistake. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 60-61; *IPC* Opinion, at 58-59; *FS* Opinion, at 64-65; *Bearings* Opinion, at 44-50; *OSS* Opinion, at 42-48.

#### 3.      Mississippi's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Mississippi statutes of limitation begin to run when a cause of action accrues Miss. Code Ann. § 15-1-49(1). Under Mississippi law, an action accrues upon discovery of the injury. *Angle v. Koppers, Inc.*, 42 So.3d 1, 5 (Miss. 2010); *see also* Miss. Code Ann. § 15-1-49(2). Here, Plaintiffs' injuries, payments of inflated prices, were not discovered until Defendants' price fixing scheme was uncovered.  *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 61; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 63; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 69. Fraudulent concealment applies in Mississippi.  Miss. Code. Ann. § 15-1-67 (2013). In *In re Catfish Antitrust Litig.*, 826 F. Supp. 1019, 1031 (N.D. Miss. 1993), the court held fraudulent concealment was sufficiently pleaded where plaintiffs alleged the

38

defendants had engaged in clandestine meetings and telephone calls in furtherance of their conspiracy. Plaintiffs have similarly sufficiently pleaded fraudulent concealment here.

### O.   Missouri

#### 1.   ADs Sufficiently Plead Unjust Enrichment Under Missouri Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants' "benefit of the bargain" argument fails because ADs had no bargain with Defendants. Further, the argument that receipt of any consideration bars Plaintiffs' claims has been rejected. Additionally, ADs note that even without a claim under the MMPA, they have valid unjust enrichment claims against Defendants under the common law of Missouri. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 61-62; *IPC* Opinion, at 59-60; *FS* Opinion, at 65-66; *Bearings* Opinion, at 39-41, 44-47; *OSS* Opinion, at 37-39, 42-45.

#### 2.   Missouri's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC

¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

In Missouri, the statute of limitation begins to run "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 584 (Mo. 2006). *See also Levy v. TD Ameritrade, Inc.*, 557 Fed. Appx. 641, 642 (8th Cir. 2014) (holding the district court erred in finding plaintiff's Missouri state law claim was time-barred, because "a claim accrues, not when the wrong is done, but [']when the evidence was such [as] to place a reasonably prudent person on notice of a potentially actionable injury.[']") (citing *Powel*). The statute of limitations starts running when the "last item" of damage may be ascertained. VAMS § 516.100.  Plaintiffs sufficiently pleaded application of this rule. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 62; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 64-65; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 70. Fraudulent concealment applies in Missouri, V.A.M.S. 516.280, and Plaintiffs have sufficiently pleaded fraudulent concealment under Missouri law. The cases cited by Defendants do not require Plaintiffs to plead affirmative acts of concealment or due diligence with particularity. *See* previous Oppositions to Defendants' Motions to Dismiss.

**P.   Montana**

    **1.   *Shady Grove* Dictates that EPs May Proceed With a Class Action Under Rule 23 to Vindicate Rights under Montana's Consumer Protection Statute**

Defendants incorrectly assert that the Court has not ruled on Eps' Montana consumer Protection claims pursuant to § 30-14-133(1) ("MCPA"). This is patently false.  In fact, the Court has repeatedly analyzed and upheld Eps MCPA claims. Indeed, just recently, EPs filed a motion in the *Fuel Senders* Action in order to correct the Court's July 3, 2014 Order which inadvertently dismissed EPs' MCPA claim. *Fuel* Senders, No. 2:12-cv-00303, ECF No. 79. Notably, EPs met and conferred with DENSO's counsel, a signatory to Defendants' motion here, and DENSO confirmed that it did not oppose Eps' motion. The Court subsequently granted EPs' motion to correct the Order and held that "EPPs may proceed with their consumer protection claim under Montana law." *Fuel Senders*, No. 2:12-cv-00303, ECF No. 90. *See also OSS* Opinion, at 32 (denying Defendants motion to dismiss EPs' MCPA claim and noting that "the Court previously rejected the same argument."); *Bearings* Opinion, at 37.

As this Court held in *Wire Harness* and as explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Montana consumer protection claims can proceed as a class action because Rule 23 is a procedural rule that is fully applicable in federal courts. *WH* Opinion, at **105-106. *See also FS* Opinion, at 46-47; *Bearings* Opinion, at 36-37; *OSS* Opinion, at 35.

### 2.   As the Court Has Repeatedly Held, EPs' Complaint Adequately Alleges a Nexus With Intrastate Commerce

Relying on *DRAM I*, Defendants argue that EPs have failed to allege a sufficient nexus with intrastate commerce to state a claim under Montana's consumer protection statute. This exact same argument was raised by Defendants and rejected by this Court multiple times. *WH* Opinion*, at* *101-102; *Bearings* Opinion, at 33-34; *OSS* Opinion, at 32.

There, as here, with respect to both the antitrust and consumer protection claims, plaintiffs alleged that (a) defendants' conduct was intentionally directed at the automotive parts

market in all states, (b) the conduct had a reasonably foreseeable effect of raising prices for finished products in all states, (c) Plaintiffs purchased price-fixed products in those states, and (d) Plaintiffs paid supracompetitve prices for those products in all states. *Id*. EPs specifically alleged that price competition was restrained in Montana.

### 3.   Montana's Statute of Limitations Does Not Bar EPs Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on EPs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

In Montana, the limitations period does not begin if "the defendant has taken action which prevents the injured party from discovery the injury or its cause." MCA 27-2-102(3)(b). EPs must show "an affirmative act committed by the defendant, and the affirmative act must be calculated to obscure the existence of a cause of action." *United Methodist Church v. D.A. Davidson*, 741 P.2d 794, 798 (Mont. 1987). EPs have pleaded sufficient facts showing

42

fraudulent concealment. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 65; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 67; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 71.

### Q.   Nebraska

#### 1.   Plaintiffs Have Antitrust Standing Under Nebraska Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under Nebraska law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

#### 2.   ADs have Valid Unjust Enrichment Claims under Nebraska Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs allege that the Defendants retained benefit through their anticompetitive conduct at plaintiffs' expense, thus the Defendants' "benefit of the bargain" argument is without merit. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 48-49; *IPC* Opinion, at 45-47; *FS* Opinion, at 66; *Bearings* Opinion, at 44-47; *OSS* Opinion, 42-45.

#### 3.   Nebraska's Antitrust Statute Applies to Claims Before 2002 and Nebraska's Statute of Limitations Does Not Bar Plaintiffs' Claims

A number of federal courts have expressly allowed indirect-purchaser suits pre-dating 2002 under Nebraska's antitrust statute. *See* previous Oppositions to Defendants' Motions to Dismiss. Moreover, this court has found that there is no time limit on Plaintiffs' claims under Nebraska law. *See WH* opinion, at *74-75; *HCP* Opinion, at 27; *FS* Opinion, at 27-28.

43

Additionally, this Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under Nebraska law. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 66; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 68-69; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 71. Plaintiffs also adequately plead the application of the discovery rule. Under Nebraska law, where "the injury [to plaintiff] is not obvious *and the individual is wholly unaware that he or she has suffered an injury or damage . . .*, [i]t is manifestly unjust for the statute of limitations to begin to run before a claimant could reasonably become aware of the injury." *Shlien v. Bd. of Regents, Univ. of Nebraska*, 263 Neb. 465, 473, 640 N.W.2d 643, 650 (2002) (emphasis in orig.; quotations omitted). Under such circumstances, the discovery rule applies in Nebraska, and "the statute of limitations does not begin to run until the potential plaintiff discovers, or with

44

reasonable diligence should have discovered, the injury." *Id.* Here, given the self-concealing nature of a price-fixing conspiracy, the discovery rule should apply.

### R.     Nevada

#### 1.     Plaintiffs Have Antitrust Standing under Nevada Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under Nevada law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

#### 2.     IPPs Adequately Allege a Nexus With Nevada Intrastate Commerce

Defendants' argument that Plaintiffs failed to adequately allege a nexus with Nevada intrastate commerce was rejected flatly by this Court. *WH* Opinion, at *79; *See also HCP* Opinion, at 31; *IPC* Opinion, at 28; *FS* Opinion, at 31-32; *Bearings* Opinion, at 28; *OSS* Opinion, 25.[5] IPPs have made substantially similar allegations here, including allegations that they purchased vehicles containing price-fixed automotive parts in Nevada and these allegations, like those found sufficient in *Wire Harness* adequately plead that the "price fixed products entered [Nevada] and therefore became subject to the antitrust laws of that particular state." *WH*

---

[5] Defendants state that they incorporate previous arguments they made regarding a lack of intrastate commerce allegations sufficient to support Plaintiffs' unjust enrichment claims. Defendants have never argued that the Nevada common law of unjust enrichment has an intrastate nexus requirement, nor is there any language in Nevada unjust enrichment law to support such an argument. Defendants have previously argued that Plaintiffs insufficiently pleaded intrastate nexus in their Nevada Antitrust law claims. Plaintiffs understand that it is these arguments Defendants are seeking to incorporate and respond accordingly.

Opinion, at *78. Thus, the Court should again reject Defendants' argument. Other courts evaluating substantially similar allegations have reached the same result. *See* previous Oppositions to Defendants' Motions to Dismiss.

Further, as this Court also held in *Wire Harness*, Plaintiffs may satisfy intrastate nexus requirements by alleging that prices were raised and competition was restrained on a nationwide basis. *See WH* Opinion, at **76-79. *HCP* Opinion, at 31; *IPC* Opinion, at 28; *FS* Opinion, at 32; *Bearings* Opinion, at 28; *OSS* Opinion, at 25-26. Here, ADs allege that prices were raised and competition was restrained on a nationwide basis and in Nevada. Thus, ADs satisfy the intrastate nexus requirements for Nevada.

### 3.    ADs Have Pleaded Unjust Enrichment under Nevada Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants' argument that provision of any consideration defeats a claim for unjust enrichment has been rejected. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 48; *IPC* Opinion, at 46; *FS* Opinion, at 66-67; *Bearings* Opinion, at 39-41; *OSS* Opinion, 37-39.

### 4.    Nevada's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under Nevada law. In addition, the discovery rule applies to Plaintiffs' Nevada antitrust claims, and to ADs' unjust enrichment claims.[6] Under Nevada's "discovery rule," a cause of action arises only when the facts available would have led a reasonable person to investigate whether they have an injury that could be caused by another's fault. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462-63 (Nev. 2012 (noting a cause of action does not accrue until a plaintiff is on notice of some injury that may have been caused by a defendant's negligence). Plaintiffs adequately plead the application of the discovery rule here. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 68-69; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 71-72; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 73.

## S.  New Hampshire

---

[6] Where the statute of limitations is silent as to when a cause of actions accrues, Nevada courts default to the discovery rule.  *See Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998).  Because Nev. Rev. Stat. Ann. §11.190(2)(c) (unjust enrichment) is silent as to when the cause of action accrues, Nevada courts will invoke the discovery rule for the accrual of an unjust enrichment cause of action.

1.      **Plaintiffs have Antitrust Standing under New Hampshire Law and
and Plaintiffs' Claims are not Limited by the New Hampshire
Antitrust Act.**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss,
*AGC* should not be applied to determine antitrust standing under New Hampshire law. *See*
previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in
previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*.
*See WH* opinion, at \*72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings*
Opinion, at 25; *OSS* Opinion, at 22. Plaintiffs recognize this Court's decision limiting application
of New Hampshire's 2008 repealer statute and incorporate their arguments from previous
oppositions that said statute applies retroactively. *See* previous Oppositions to Defendants'
Motions to Dismiss.

2.      **ADs Sufficiently Allege an Unjust Enrichment Claim**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, New
Hampshire rejects a "benefit of the bargain" requirement for unjust enrichment claims, and ADs
do not bargain for an overcharge by the Defendants through their wrongful conduct.  *See*
previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 62-63; *IPC*
Opinion, at 60-61; *FS* Opinion, at 67; *Bearings* Opinion, at 39-41, 44-47; *OSS* Opinion, 37-39,
42-45.

3.      **Plaintiffs' Claims are Not Barred by the Statute of Limitations**

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the
statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on
Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-

24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C.

Plaintiffs sufficiently plead fraudulent concealment and/or equitable tolling under New Hampshire law.  *See Portsmouth Country Club v. Town of Greenland*, 883 A.2d 298, 304 (2005) (tolling applies "where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit"). Moreover, Under New Hampshire law, "[a] cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Raymond v. Eli Lilly & Co.*, 371 A.2d 170, 174 (1977). Plaintiffs have sufficiently alleged that they did not know and could not have reasonably discovered either their injury or Defendants' unlawful conspiracy until shortly before their complaints were filed. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 72; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 73-74; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 75.

T.     **New Mexico (New Authority)**

1.     **Plaintiffs have Antitrust Standing under New Mexico Law**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under New Mexico law. *See* previous

Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decision in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at \*72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

### 2.   Plaintiffs Adequately Plead a New Mexico Consumer Protection Claim

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, this Court rejected the same argument Defendants raise here in *Wire Harness*. *WH* Opinion, at \*25. Plaintiffs plead the same facts here, and Defendants' arguments should be rejected again. Plaintiffs also have sufficiently alleged unconscionable conduct by Defendants. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 38-39; *IPC* Opinion, at 36-37; *FS* Opinion, at 38-39; *Bearings* Opinion, at 32-33; *OSS* Opinion, 29-30.

### 3.   ADs Sufficiently Allege an Unjust Enrichment Claim

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants' "benefit of the bargain" argument should be rejected, and authorities cited in Defendants' previous motions do not support this argument. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 63; *IPC* Opinion, at 60; *FS* Opinion, at 67-68; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45.

### 4.   New Mexico's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by

Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment by Defendants so as to toll the statute of limitations. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 75; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 77; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 77-78. In addition, under New Mexico's discovery rule, "a cause of action does not accrue for purposes of calculating the limitations period until the plaintiff discovers, or should have discovered in the exercise of reasonable diligence, the facts that underlie his or her claim." *Whelan v. State Farm Mut, Auto. Ins. Co.*, 329 P.3d 646, 650-51 (N.M. 2014) (citations omitted). *See also Butler v. Deutsche Morgan Grenfell, Inc.*, 140 P.3d 532, 539 (N.M. Ct. App. 2006) (same); N.M. Stat. Ann. § 57-1-12(B) (applying the discovery rule to New Mexico antitrust claims). Defendants do not address the discovery rule in their motion to dismiss, and here, Plaintiffs have alleged that they could not have uncovered Defendants' conspiracy earlier than they did, because Defendants and their co-conspirators affirmatively concealed the existence of the combination and conspiracy from Plaintiffs. Moreover, once Plaintiffs have alleged disputed facts, "it is generally the province of a jury to determine the date on which a plaintiff became

51

aware or should have become aware of the facts underlying his or her claim [and], granting a motion to dismiss on statute of limitations grounds would be improper." *Butler*, 140 P.3d at 539. Defendants' New Mexico limitations arguments should be rejected.

**U.    New York**

**1.    Plaintiffs Have Antitrust Standing under New York Law**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under New York law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

**2.    Plaintiffs' New York Consumer Protection Claims Are Valid**

This Court has found that Plaintiffs adequately alleged claims under New York's consumer protection statute. *WH* Opinion, at *28. Plaintiffs have alleged a deceptive act or practice under Section 349. Further, as this Court held in *Wire Harness*, the "intrastate effects" requirement is established at the pleadings stage with Plaintiff's allegations that supra-competitive prices were paid in-state. *WH* Opinion, at *21. Plaintiffs adequately plead an intrastate nexus in New York.  *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 41-43, 45; *IPC* Opinion, at 39-40; *FS* Opinion, at 39-40; *Bearings* Opinion, at 33-34; *OSS* Opinion, 30.

**3.    ADs Sufficiently Plead New York Unjust Enrichment Claims**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs sufficiently plead New York unjust enrichment claims as indirect purchasers of price-fixed goods

where they conferred a direct benefit on conspiring manufacturers. Further, Defendants' "benefit of the bargain" argument should be rejected because ADs do not bargain for an overcharge. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 63; *IPC* Opinion, at 60; *FS* Opinion, at 67-68; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45.

### 4. New York's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under New York law. Indeed, New York courts recognize that plaintiffs can prove the first element of fraudulent concealment, that is, the act of concealment, by showing that the wrong itself was of such a nature as to be self-concealing. *See People ex rel. Cuomo v. Liberty Mut. Ins. Co.*, 52 A.D.3d 378, 379 (N.Y. App. Div. 2008 (finding bid-rigging scheme is "inherently one of fraudulent concealment"); *see also*

*New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1084 (2d Cir. 1988), *cert. denied* 488 US 848 (1988). Plaintiffs' bid-rigging and other allegations clearly meet the applicable New York standard here. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 80; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 81-82; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 82.

V.     **North Carolina**

1.     **Plaintiffs have Antitrust Standing under North Carolina Law**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under North Carolina law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. Additionally, this court has found that Plaintiffs have alleged sufficient impact on intrastate commerce in North Carolina. *See WH* opinion, at *80-81; *HCP* Opinion, at 32-33; *IPC* Opinion, at 29-30; *FS* Opinion, at 23-34; *Bearings* Opinion, at 35; *OSS* Opinion, at 33-34.

2.     **Plaintiffs North Carolina Consumer Protection Claims Are Valid**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, and as this Court's held in *Wire Harness*, Plaintiffs' allegations are sufficient to establish a nexus between Defendants' alleged conduct and intrastate commerce and Plaintiffs' North Carolina consumer protection claims are valid. *WH* Opinion, at **80-81. *See also* previous Oppositions to Defendants' Motions to Dismiss; *HCP* Opinion, at 32-33; *IPC* Opinion, at 29-30; *FS* Opinion, at 43-44; *Bearings* Opinion, at 35; *OSS* Opinion, at 33-34.

3.     **ADs Have Stated North Carolina Unjust Enrichment Claims**

54

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs, as indirect purchases of price-fixed products or components, conferred a sufficient benefit on conspiring manufacturers to state a claim for unjust enrichment in North Carolina. Further, ADs' receipt of price-fixed auto parts was no bargain. Defendants' contention here is unsupported by the authorities cited in their previous motions. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 65-66; *IPC* Opinion, at 63-64; *FS* Opinion, at 69-70; *Bearings* Opinion, at 41-47; *OSS* Opinion, at 39-45.

### 4. North Carolina's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under North Carolina law. Additionally, under North Carolina discovery rule, a cause of action "accrues upon discovery of the fraud or from the time it should have been discovered." *Cebula v. Givens Estates, Inc.*, No. COA13–1316, 2014 WL 3510515, at *5 (N.C. Ct. App. July 15, 2014) (citations omitted). "Whether a plaintiff has exercised due diligence is ordinarily an *issue of fact* for the jury absent dispositive or conclusive evidence indicating neglect by the plaintiff as a matter of law." *Spears v. Moore*, 551 S.E.2d 483, 485 (N.C. Ct. App. 2001) (emphasis added). Further, when a "plaintiff in the exercise of due diligence should have discovered the facts…is ordinarily for the jury when the evidence is not conclusive or is conflicting." *Huss v. Huss*, 230 S.E.2d 159, 163 (N.C. Ct. App. 1976) (reversing decision on a motion to dismiss). *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 84; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 85; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 86.

### W.     North Dakota

#### 1.     Plaintiffs Have Antitrust Standing under North Dakota Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under North Dakota law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in the previous decision in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

#### 2.     ADs Properly Pleaded Unjust Enrichment under North Dakota Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, there is no "direct benefit" requirement in North Dakota for recovering under a theory of unjust

enrichment. Further, ADs' receipt of price-fixed auto parts was no bargain.  ADs properly

pleaded unjust enrichment under North Dakota law. *See* previous Oppositions to Defendants'

Motions to Dismiss. *See also HCP* Opinion, at 66-67; *IPC* Opinion, at 64-65; *FS* Opinion, at 70-

71; *Bearings* Opinion, at 41-47; *OSS* Opinion, at 39-45.

       **3.**       **North Dakota's Statute of Limitations Does Not Bar Plaintiffs' Claims**

       This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the

statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on

Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-

24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by

Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and

discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule

are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*,

AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-

190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC

¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP

CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226,

EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

       Plaintiffs sufficiently plead fraudulent concealment under North Dakota law. *See OSS*,

2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 87; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-

cv-00503, Doc. 83, at 87; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 87. Further,

North Dakota's discovery rule "postpones a claim's accrual until the plaintiff knew, or with the

exercise of reasonable diligence should have known, of the wrongful act and its resulting injury.

57

Courts generally apply the discovery rule when it would have been difficult for the plaintiff to have learned of the negligent act or omission that gave rise to the legal injury." *Wells v. First Am. Bank West*, 598 N.W.2d 834, 838 (N.D. 1999); *see also Dunford v. Tryhus*, 776 N.W.2d 539, 542 (N.D. 2009).  Here, Plaintiffs have alleged that they could not have uncovered Defendants' anticompetitive conduct until shortly before their complaints were filed by the exercise of reasonable diligence, because Defendants and their co-conspirators took affirmative measures to maintain secrecy of their conspiracy. Moreover, the application of the discovery rule raises questions of fact and is not properly addressed at the pleading stage. *Abel v. Allen*, 651 N.W.2d 635, 638 (N.D. 2002); *Rose v. United Equitable Ins. Co.*, 632 N.W.2d 429, 434 (N.D. 2001). Defendants' North Dakota limitations arguments should be rejected.

### X.      Oregon (New Authority)

#### 1.      Plaintiffs Have Antitrust Standing under Oregon Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under Oregon law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in the previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

#### 2.      Plaintiffs Properly Pleaded Unjust Enrichment under Oregon Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Defendants' "benefit of the bargain" argument should be rejected. There is no contractual relationship between the parties, and Plaintiffs' receipt of price-fixed auto parts was no bargain.

*See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 67; *IPC*

Opinion, at 65; *FS* Opinion, at 71-72; *Bearings* Opinion, at 44-47; *OSS* Opinion, at 42-45.

> **3.      Plaintiffs' Claims are Not Limited By Oregon's Antitrust Statute Or**
>
> **Barred by the Statute of Limitations**

Defendants argue that Plaintiffs cannot recover damages under Oregon's antitrust statutes

prior to 2010. However, this Court has previously found that Plaintiffs sufficiently pleaded their

Oregon antitrust claims and did not limit said claims to those arising after 2010. It should do the

same here. *See Wire Harness*, 2013 U.S. Dist. LEXIS 80338, *109; *HCP*, 12-cv-00402, Doc.

130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *Bearings*, 2:12-cv-

00502, Doc. 86; *OSS*, 2:12-cv-00602, Doc. 64. Other courts have also upheld claims under the

Oregon Antitrust Act without limiting them to those arising after 2010. *In re Lithium Ion*

*Batteries Antitrust Litig.*, 2014 WL 4955377 (N.D. Cal. 2014).

The legislation enacting the indirect purchaser provision of the Oregon Antitrust Act is

clear that it should apply to any "actions commenced on or after the effective date of this 2009

Act." OR LEGIS 304 (2009), 2009 Oregon Laws Ch. 304 (H.B. 2584). The Oregon Supreme

Court stated that such language "is a clear statement of an intent by the legislature to apply the

statute retroactively to actions which had been 'commenced' after the effective date of the act,

regardless of when such actions had 'accrued.'" *Whipple v. Howser*, 291 Or. 475, 632 P.2d 782

(Or. 1981).

Defendants do not cite to any Oregon state court opinions to support their contrary

interpretation. They instead cite to a California district court case, *TFT-LCD*, which is

inapposite. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 10-4346 SI, 2011

WL 1113447, at *2 (N.D. Cal. Mar. 25, 2011). That case deals with a statute giving the Oregon

Attorney General the right to prosecute indirect purchaser injuries and explicitly limiting the application of that statute to conduct occurring after 2002.  OR LEGIS 393 (2001), Section 3 ("The amendments to ORS 646.775 and 646.780 by sections 1 and 2 of this 2001 Act apply to conduct occurring on or after the effective date of this 2001 Act."). *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 10-4346 SI, 2011 WL 1113447, at *2 (N.D. Cal. Mar. 25, 2011).  There is no such language in the Bill enacting the statute under which Plaintiffs are suing. The legislature had the option of including this language in the 2010 statute and decided not to do so.

As to Defendants' statute of limitations defense, this Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Under Oregon law, a "defendant may be estopped if he lulled the plaintiff, by affirmative inducement, into delaying in the filing of a cause of action or, similarly, if he lulled the plaintiff into believing he had no cause of action against defendant." *Kante v. Nike, Inc.*, 2008 WL 5246090 (D. Or. Dec. 16, 2008), *aff'd sub nom. Azewen-Jik Kante v. Nike, Inc.*, 364 F. App'x 388 (9th Cir. 2010). Plaintiffs sufficiently plead fraudulent concealment under Oregon law. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 89; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 88; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 88.

## Y.    Rhode Island

### 1.    EPs have standing to sue for violations under Rhode Island consumer protection law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, EPs have sufficiently stated a claim under the RIUTPCPA. *See* previous Oppositions to Defendants' Motions to Dismiss. As this Court has held in *Wire Harness*, "EPPs' claim under the consumer protection act of Rhode Island survives." *WH* Opinion, at *98. *See also HCP* Opinion, at 47 (holding that "EPPs have adequately pleaded a cause of action under the RIUTPCPA, and the motion to dismiss this claim is denied"); *IPC* Opinion, at 45 (same); *FS* Opinion, at 48 (same); *OSS* Opinion, at 31.

### 2.    EP's Claims are Not Barred by the Statute of Limitations

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and

61

discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Rhode Island's statute of limitations has been tolled as a result of Defendants' fraudulent concealment of the facts from which their claims arise. To toll the statute under fraudulent concealment in Rhode Island, "[t]he key consideration is whether or not the defendant fraudulently misrepresented material facts, thereby misleading the plaintiff into believing that no cause of action existed." *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 183 (R.I. 2008); *see also* R.I. Gen. Laws § 9-1-20. A plaintiff can show that a defendant either made an express misrepresentation or engaged in "other affirmative conduct amounting in fact to" a misrepresentation. *Ryan*, 941 A.2d at 183. EPs have pleaded sufficient facts showing that Defendants employed fraudulent concealment. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 92; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 90; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 89-90.

### Z.     South Carolina (New Authority)

#### 1.     *Shady Grove* Dictates that Plaintiffs May Proceed With a Class Action

Plaintiffs recognize that the Court has previously found class actions to be barred under South Carolina Unfair Trade Practice Act ("SCUTPA")  but request the Court to reconsider its

ruling and offer new authority on this issue, from another antitrust class action, where a motion

to dismiss was decided just last month.  In *Lithium*, the court held that the class action ban in

SCUTPA does not apply to SCUTPA claims filed in federal court, as such claims are governed

by Fed. R. Civ. P. 23: "[t]he Court concludes that the class-action bans challenged here are

procedural, not substantive, and that application of Rule 23 to them would not modify any

substantive right. Rule 23 therefore governs and the challenged claims may be asserted on a

representative basis in this federal court." *In re Lithium Ion Batteries Antitrust Litig.*, Case

No.13-MD-2420 YGR, 2014 WL 4955377, at *21 (N.D. Cal. Oct. 2, 2014).  The court thus

concluded that the plaintiffs could proceed with their class action claims under SCUTPA.  *Id.*

Defendants' argument that SCUTPA bars class claims was also rejected in *ODD*.  *See ODD*,

2012 WL 1366718 at *8 (denying motion to dismiss SCUTPA class claims in light of *Shady*

*Grove*). The Supreme Court's *Shady Grove* decision rendered class prohibitions, such as

SCUTPA's, inapplicable in federal court as they are procedural rather than substantive. *Shady*

*Grove*, 130 S. Ct. 1431 (2010).

> A class action, no less than traditional joinder (of which it is a species),
> merely enables a federal court to adjudicate claims of multiple parties at once,
> instead of in separate suits. And like traditional joinder, it leaves the parties' legal
> rights and duties intact and the rules of decision unchanged.

*Id.* at 1443. The Supreme Court held state prohibitions on class actions are procedural,

not substantive: they "address[] not the remedy, but the procedural right to maintain a class

action." *Id.* at 1439 n.4. Allowing ADs to bring SCUTPA claims as a class per Rule 23 "neither

change[s] plaintiffs' separate entitlements to relief nor abridge[s] defendants' rights; *they alter*

*only how the claims are processed*." *Id*. at 1443 (emphasis added). As Rule 23 applies in federal

court ADs' class claims should proceed. Citing this same reasoning and quoting the same passage from *Shady Grove* quoted above, another court, after extensive analysis, declined to dismiss class claims under SCUTPA.  *In re Hydroxycut Marketing and Sales Practices Litig.*, 299 F.R.D. 648, 654 (S.D. Cal. January 27, 2014) ("Plaintiffs' claims are not subject to dismissal based on the state statutes prohibiting class actions").

### 2.      ADs Have Properly Pleaded Unjust Enrichment

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs meet the criteria to sufficiently allege unjust enrichment claims. Further, duty is not an element of unjust enrichment cause under South Carolina law. Additionally, the "benefit of the bargain" analysis is inapposite here when no contract exists between ADs and the Defendants. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 68-69; *IPC* Opinion, at 66-67; *FS* Opinion, at 72-73; *Bearings* Opinion, at 41-44, 47-50; *OSS* Opinion, at 45-48.

### 3.      South Carolina's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*,

64

AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

In South Carolina, the statute of limitation is tolled until "discovery of the unlawful conduct." S.C. Code Ann. § 39-5-150. "Under the discovery rule, the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011). Plaintiffs have pleaded sufficient facts to trigger the discovery rule.

Three elements are necessary to toll the statute under the doctrine of fraudulent concealment: "(1) fraudulent concealment by the party raising the statute, (2) the failure of the innocent party to discover the facts which are the basis of his cause of action, and (3) the exercise of due diligence on his part." *Austin v. Torrington Co.*, 611 F. Supp. 191, 194 (D.S.C. 1985, *rev'd on other grounds*, 810 F.2d 416 (4th Cir. 1987). Plaintiffs meet this test. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 95; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 93; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 92.

## AA.    South Dakota

### 1.    Plaintiffs have Antitrust Standing under South Dakota Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under South Dakota law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in the previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH*

opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Moreover, this Court already held in previous decisions in this MDL that Plaintiffs satisfied the intrastate nexus requirement for their antitrust claim under South Dakota law. *See WH* opinion, at *79; *Bearings* Opinion, at 25; *OSS* Opinion, at 26-27. Here, Plaintiffs have made substantially similar allegations, and the Court should again reject Defendants' argument. *See* previous Oppositions to Defendants' Motions to Dismiss.

### 2.     ADs Properly Pleaded Unjust Enrichment under South Dakota Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs' receipt of consideration does not bar their unjust enrichment claims. Further, Unjust enrichment claims focus on whether the defendant unjustly received a benefit from Plaintiff without giving compensation. A party cannot contract or bargain for an illegal supracompetitve price. Accordingly, Plaintiffs' South Dakota unjust enrichment claims should be upheld. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 68-69; *IPC* Opinion, at 66-67; *FS* Opinion, at 72-73; *Bearings* Opinion, at 41-44, 47-50; *OSS* Opinion, at 45-48.

### 3.     South Dakota's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under South Dakota law. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 97; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 95-96; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 93-94. The allegations detailed in Plaintiffs' complaints readily satisfy any "affirmative act" requirement, and establish that Plaintiffs acted diligently and could not have reasonably uncovered Defendants' concealed and unlawful conduct prior to the time shortly before the complaints were filed. Moreover, Defendants' statute of limitations argument fails because it ignores the "discovery rule." Under South Dakota law, and as stated in Defendants' own cited authority, "[s]tatutes of limitations begin to run when plaintiffs first become aware of facts prompting a reasonably prudent person to seek information about the problem and its cause." *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 515 (S.D. 1998). Thus, Plaintiffs' claims did not even start to accrue until time shortly before the complaints were filed. As such, none of Plaintiffs' South Dakota claims for damages are time barred.

### BB.    Tennessee

#### 1.    Plaintiffs have Antitrust Standing under Tennessee Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under Tennessee law. *See* previous

Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in the previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Plaintiffs also sufficiently allege a nexus with Tennessee. *See* previous Oppositions to Defendants' Motions to Dismiss. Tennessee Dealership Plaintiffs have alleged that they purchased their vehicles and parts in Tennessee. *See e.g.* AD Anti-Vibration CAC ¶¶104-105. EPs here allege that a named plaintiff residing in Tennessee purchased Defendants' price-fixed auto parts. EP Anti-Vibration CAC ¶77. Both have alleged effects on Tennessee commerce. This Court found, based on substantially the same allegations as those in current complaints, that IPPs have sufficiently alleged a nexus with Tennessee. *See WH* opinion, at **87-88; *Bearings* Opinion, at 29-30; *OSS* Opinion, at 27.  Plaintiffs have alleged conduct squarely within the reach of Tennessee antitrust law. *See* previous Oppositions to Defendants' Motions to Dismiss.

### 2.      ADs Properly Pleaded Unjust Enrichment under Tennessee Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs' receipt of price-fixed  auto parts does not bar their claims. Plaintiffs' Tennessee unjust enrichment claims should be upheld.  *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 69-70; *IPC* Opinion, at 67-68; *FS* Opinion, at 73-74; *Bearings* Opinion, at 39-41; *OSS* Opinion, at 37-39.

### 3.      Tennessee's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-

24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Plaintiffs sufficiently plead fraudulent concealment under Tennessee law. Plaintiffs' allegations readily satisfy any "affirmative act" requirement, and establish that Plaintiffs acted diligently and could not have reasonably uncovered Defendants' concealed and unlawful conduct prior to the time shortly before their complaints were filed. Moreover, Defendants' statute of limitations argument fails because it ignores the "discovery rule." Under Tennessee law, and as stated in Defendants' own authority, "the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). Thus, Plaintiffs' claims did not even start to accrue until shortly before their complaints were filed. None of Plaintiffs' Tennessee claims for damages are time barred. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 101; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 98-99; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 96.

69

### CC.   Utah

#### 1.   Plaintiffs have Antitrust Standing under Utah Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine antitrust standing under Utah law. *See also* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22.

Plaintiffs recognize the Court's previous rulings limiting Plaintiffs' Utah antitrust claims and incorporate their arguments from previous oppositions.  *See* previous Oppositions to Motions to Dismiss.

#### 2.   ADs Properly Pleaded Unjust Enrichment Claims under Utah Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, pleading an unjust enrichment claim in the alternative is permitted. Further, recovery on an unjust enrichment claim is prohibited only when there is an express contract that controls the type of relief available. Here, no contract exists between the parties. Additionally, Utah law does not require ADs to demonstrate they have directly conferred a benefit on Defendants. Authorities cited in Defendants' previous motions are inapposite. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 70-71; *IPC* Opinion, at 68-69; *FS* Opinion, at 75-76; *Bearings* Opinion, at 41-44, 47-50; *OSS* Opinion, at 45-48.

#### 3.   Utah's Statute of Limitations Does Not Bar ADs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on

70

Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See*  Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

Defendants' argument that Utah's statute of limitations bars Plaintiffs' claims has no merit. Plaintiffs sufficiently plead fraudulent concealment under Utah law. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 104-105; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 102-103; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 98. The allegations detailed therein readily satisfy any "affirmative act" requirement, and establish that Plaintiffs acted diligently and could not have reasonably uncovered Defendants' concealed and unlawful conduct prior to a time shortly before their complaints were filed.  Moreover, Defendants' statute of limitations argument fails because it ignores the "discovery rule." Under Utah law, and as stated in Defendants' own cited authority, "[t]he discovery rule tolls a statute of limitations until the discovery of facts forming the basis for the cause of action." *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 156 P.3d 806, 810 (Utah 2007). Plaintiffs have sufficiently alleged that they did not know and could not have reasonably discovered the facts

71

underlying Defendant's conspiracy until a time shortly before their complaints were filed. As such, none of Plaintiffs' Utah claims for damages are time barred.

### DD.    Vermont

#### 1.    Plaintiffs Have Standing Under Vermont Antitrust And Consumer Protection Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine standing under Vermont law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs have satisfied *AGC* and adequately pleaded antitrust standing. *See WH* opinion, at \*72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Moreover, this Court already rejected the remoteness argument made by Defendants. *See WH* opinion, at \*66-69; 105; *HCP* Opinion, at 25, 45; *IPC* Opinion, at 20-21, 42-43; *FS* Opinion, at 24-26, 45; *Bearings* Opinion, at 24-25, 45; *OSS* Opinion, at 21-22. Plaintiffs' allegations are not too remote under Vermont law.

#### 2.    ADs Properly Pleaded Vermont Unjust Enrichment Claims

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs' receipt of price-fixed auto parts does not bar their unjust enrichment claims. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 71-72; *IPC* Opinion, at 69-70; *FS* Opinion, at 75-76; *Bearings* Opinion, at 39-41; *OSS* Opinion, at 37-39.

#### 3.    Plaintiffs' Vermont Claims Are Not Barred by the Statute of Limitations

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on

72

Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs sufficiently plead fraudulent concealment by Defendants so as to toll the statute of limitations. Plaintiffs allege both affirmative acts of concealment and Plaintiffs' exercise of ordinary diligence so as to satisfy Vermont law. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 106; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 104-105; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 99.

In addition, the discovery rule applies to Plaintiffs' Vermont claims. *See Kaplan v. Morgan Stanley & Co.*, 987 A.2d 258, 262 (Vt. 2009); *Pike v. Chuck's Willoughby Pub*, 904 A.2d 1133, 1138 (Vt. 2006). Under the discovery rule, the statute of limitations does not commence running until a plaintiff "had information, or should have obtained information, sufficient to put a reasonable person on notice that a particular defendant may have been liable for [] plaintiff's injuries." *Earle v. State*, 743 A.2d 1101, 1108 (Vt. 1999). In addition,

73

"[d]etermination of the date of accrual under the discovery rule is a factual issue that generally should be decided by the jury." *Pike*, 904 A.2d at 1139.  Here, because Plaintiffs did not have, and reasonably should not have had, notice of their claims and injuries until a time shortly before their complaints were filed, Defendants' statute of limitations arguments should be rejected.

### EE.   West Virginia

#### 1.   Plaintiffs have Antitrust Standing under West Virginia Law

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, *AGC* should not be applied to determine standing under West Virginia law. *See* previous Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous decisions in this MDL that Plaintiffs have satisfied *AGC* and adequately pleaded antitrust standing. *See WH* opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion, at 25; *OSS* Opinion, at 22. Further, Defendants' West Virginia intrastate nexus argument was rejected by this Court in previous decisions in this MDL. *See WH* opinion, at *81; *HCP* Opinion, at 31; *IPC* Opinion, at 30; *FS* Opinion, at 34; *Bearings* Opinion, at 30; *OSS* Opinion, at 27. Plaintiffs have made substantially similar allegations here, and the Court should again reject Defendants' argument.

#### 2.   ADs Properly Pleaded West Virginia Unjust Enrichment Claims

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, ADs do not need to allege how retention of some benefit on the part of the Defendant is inequitable and unconscionable, because Defendants' alleged conduct is *per se* unlawful. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also HCP* Opinion, at 72; *IPC* Opinion, at 70-71; *FS* Opinion, at 76-77; *Bearings* Opinion, at 48-50; *OSS* Opinion, at 45-48.

74

### 3.    West Virginia's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

In West Virginia, "under the discovery rule, the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." *Dunn v. Rockwell*, 689 S.E. 2d 255, 263 (W.V. 2009) (quotations omitted).

Under the doctrine of equitable estoppel in West Virginia one must determine "whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled." *Dunn*, 689 S.E. 2d at 265. Plaintiffs have pleaded facts showing Defendants employed fraudulent concealment. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-

cv-00603, Doc. 67, at 108; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 107;

*IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 101.

     **FF.**    **Wisconsin**

        **1.**     **Plaintiffs Have Antitrust Standing under Wisconsin Law**

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss,

*AGC* should not be applied to determine antitrust standing under Wisconsin law. *See* previous

Oppositions to Defendants' Motions to Dismiss. Further, this Court has found in previous

decisions in this MDL that Plaintiffs sufficiently plead antitrust standing under *AGC*. *See WH*

opinion, at *72; *HCP* Opinion, at 25; *IPC* Opinion, at 21; *FS* Opinion, at 26; *Bearings* Opinion,

at 25; *OSS* Opinion, at 22.

Defendants state they incorporate intrastate nexus arguments made in previous motions to

dismiss. However, Defendants have never previously argued in any motions that Plaintiffs

lacked an intrastate nexus with Wisconsin. Therefore, Plaintiffs assume this is a typographical

error. In any event, Plaintiffs readily meet any intrastate nexus requirements for Wisconsin, as

they have for every other state for which Defendants raised this argument. *See e.g.* AD Anti-

vibration Rubber Parts CAC ¶¶ 74-75 (alleging that Plaintiff with its primary place of business in

Wisconsin purchased vehicles and parts in Wisconsin) ¶ 306(a) (alleging that (1) Anti-Vibration

Rubber Parts price competition was restrained, suppressed, and eliminated throughout

Wisconsin; (2) Anti-Vibration Rubber Parts prices were raised, fixed, maintained, and stabilized

at artificially high levels throughout Wisconsin and that Plaintiffs (who purchased their vehicles

and parts in Wisconsin) "paid supracompetitive, artificially inflated prices for Anti-Vibration

Rubber Parts"); EP Antivibration Rubber Parts CAC ¶ 48 (alleging that named Plaintiff who

purchased Defendants' or their co-conspirators' Anti-vibration rubber parts is a Wisconsin

resident) 239(a) (alleging that (1) Anti-Vibration Rubber Parts price competition was restrained, suppressed, and eliminated throughout Wisconsin; (2) Anti-Vibration Rubber Parts prices were raised, fixed, maintained, and stabilized at artificially high levels throughout Wisconsin and that (3) Plaintiffs, (including one who is a Wisconsin resident) "paid supracompetitive, artificially inflated prices for Anti-Vibration Rubber Parts"). *See In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 582 (M.D. Pa. 2009) (stating that Plaintiffs have adequately stated a claim under Wis. Stat. § 133.03(1) when they alleged a national price-fixing conspiracy that "substantially affects' the people of Wisconsin and has impact in th [e] state") (citing *Meyers v. Bayer AG*, 303 Wis.2d 295, 735 N.W.2d 448, 451 (2007) (quoting *Olstad v. Microsoft Corp.*, 284 Wis.2d 224, 700 N.W.2d 139, 158 (2005)).

### 2.      ADs Property Pleaded Wisconsin Unjust Enrichment Claims

As explained in Plaintiffs' previous Oppositions to Defendants' Motions to Dismiss, Plaintiffs' receipt of price-fixed auto parts does not bar their unjust enrichment claims. *See* previous Oppositions to Defendants' Motions to Dismiss. *See also FS* Opinion, at 77; *Bearings* Opinion, at 39-41; *OSS* Opinion, at 37-39.

### 3.      Wisconsin's Statute of Limitations Does Not Bar Plaintiffs' Claims

This Court has found in *IPC*, *Bearings* and *OSS* that Plaintiffs properly alleged that the statutes of limitations were tolled until shortly before Plaintiffs filed their complaints, based on Plaintiffs' proper discovery rule and fraudulent concealment allegations. *See IPC* Opinion, at 22-24; *OSS* Opinion, at 16-18; *Bearings* Opinion at 19-21(rejecting the same argument raised by Defendants here and finding that Plaintiffs properly alleged fraudulent concealment and discovery rule). Because Plaintiffs' allegations of fraudulent concealment and the discovery rule are substantially similar to the allegations made in the previous cases, this Court should again

reject Defendants' arguments regarding the statutes of limitations. *See* Ex. C. *See also AVRP*, AD CAC ¶¶ 243-258, EP CAC ¶¶ 185-198; *Radiators*, AD CAC ¶¶ 177-190, EP CAC ¶¶ 176-190; *Switches*, AD CAC ¶¶ 216-235, EP CAC ¶¶ 174-189; *MG*, AD CAC ¶¶ 200-218, EP CAC ¶¶ 167-182; *HID*, AD CAC ¶¶ 232-249, EP CAC ¶¶ 195-210; *EPSA*, AD CAC ¶¶ 226-244, EP CAC ¶¶ 174-182; *FM*, AD CAC ¶¶ 182-198, EP CAC ¶¶ 155-171; *PWM*, AD CAC ¶¶ 208-226, EP CAC ¶¶ 169-185; *WWS*, AD CAC ¶¶ 211-229, EP CAC ¶¶ 169-183.

The discovery rule applies in Wisconsin antitrust cases. Wis. Stat. §133.18(4) *In re Western States Wholesale Natural Gas Antitrust Litig.*, MDL 1566, 2:03-CV-01431-PMP-PAL, 2010 WL 2427406, at *2 (D. Nev. June 4, 2010). Under Wisconsin's discovery rule, "a claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered." *Hansen v. AH Robins, Inc.*, 335 N.W.2d 578, 581 (Wis. 1983). Plaintiffs, acting reasonably, could not have discovered the bases for their claims until a time shortly before their complaints were filed, and have adequately pleaded the application of the discovery rule. *See OSS*, 2:12-cv-00602, Doc. 64, 2:12-cv-00603, Doc. 67, at 109; *Bearings*, 2:12-cv-00502, Doc. 86, 2:12-cv-00503, Doc. 83, at 108-109; *IPC*, 2:12-cv-00202, Doc. 58, 2:12-cv-00203, Doc. 58, at 101-102. Moreover, the actual date of Plaintiffs' discovery "is a question of fact for the jury." *Stroh Die Casting Co. v. Monsanto Co.*, 502 N.W.2d 132, 137 (Wis. Ct. App. 1993), and should not be decided on the pleadings.

Equitable estoppel in Wisconsin is "based upon the fraudulent or other wrongful conduct on the part of the party asserting the statute of limitations and upon the detrimental reliance on such fraudulent or wrongful conduct by the aggrieved party." *Hester v. Williams*, 345 N.W.2d 426, 431 (Wis. 1984).

## IV.   ADS PROPERLY STATED CLAIMS FOR UNJUST ENRICHMENT

Defendants argue that the Court must dismiss ADs' common law unjust enrichment claims in all states where statutory claims were dismissed. However, as the *Cardizem* court held, in this district: "[C]ourts often award equitable remedies under common law claims for unjust enrichment in circumstances where claims based upon contract or other state law violations prove unsuccessful." *In re Cardizem CD Antitrust Litig.*, 105 F.Supp.2d 618, 669 (E.D. Mich. 2000) (collecting cases). That court explained that a plaintiff's ability to succeed on its statutory claims did not determine its ability to succeed on its unjust enrichment claims because "[r]ather than allegations and proof of the elements necessary for its antitrust claims, Plaintiffs' common law claims for unjust enrichment depend upon allegations and proof that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Cardizem* 105 F. Supp. 2d at 669 (citations omitted). Another court in the Sixth Circuit, responding to the same argument made by Defendants, citing *Cardizem*, held that the availability of recovery under state unjust enrichment laws was not dictated by the availability of recovery under state statutory laws. *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2013 WL 2181185, at *24-25 (E.D. Tenn. 2013). The *Skelaxin* court stated:

> Defendants argue that if Plaintiffs are unsuccessful at proving their substantive claims they should not be allowed to subsequently recast their allegations as "unjust enrichment" claims. In *In re Cardizem I*, 105 F.Supp.2d 618, 669 (E.D.Mich.2000), the district court addressing a similar issue noted "courts often award equitable remedies under common law claims for unjust enrichment in circumstances where claims based upon contract or other state law violations prove unsuccessful." The court then proceeded to consider the sufficiency of the plaintiffs' state law unjust enrichment claims in light of the defendants' objections. *Id.* at 669–71. Here, both Plaintiffs have stated they are asserting their unjust enrichment claims as an alternative equitable remedy to their legal claims. This is exactly what the district court in *In re Cardizem I* allowed.

*Skelaxin*, 2013 WL 2181185, at *25.

"Restitution is available in any intentional-tort case in which the tortfeasor has made a profit that exceeds the victim's damages[.]" *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004). Defendants cite no case from any state court holding a common law unjust enrichment claim barred simply because indirect purchasers may not recover under the state's antitrust or consumer law. Defendants ignore that different state policies underlie different causes of action. *See Ciardi v. F. Hoffmann La Roche, Ltd.*, 762 N.E.2d 303, 309-10 (Mass. 2002). Moreover, ADs only seek unjust enrichment under the laws of states permitting indirect purchaser actions—states containing members of the "Damages Class," in the indirect purchaser states.

This Court has upheld ADs' unjust enrichment claims in states, such as Illinois, Missouri, and Massachusetts, where indirect purchaser actions are permitted but where it held ADs did not sufficiently plead statutory claims.

In the absence of authority from state courts precluding the common law cause of action, it is incorrect to assume that any state prevents an unjust enrichment claim. As for the argument that Plaintiffs' unjust enrichment claims under the laws of Utah and New Hampshire should be limited, this Court should reject it because that argument contradicts the holdings in *Cardizem*.

**CONCLUSION**

For all of the reasons stated above, this Court should deny Defendants' Collective Motion to Dismiss Dealership Plaintiffs' and End-Payor Plaintiffs' Complaints.


Date:  November 4, 2014                    Respectfully submitted,

                                           */s/ Steven N. Williams*
                                           Frank C. Damrell
                                           Steven N. Williams

Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

_s/ Hollis Salzman_
Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wvreiss@rkmc.com

_s/ Marc M. Seltzer_
Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com

81

wburns@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed
End-Payor Plaintiffs Classes*

*/s/ E. Powell Miller*
E. Powell Miller
Adam T. Schnatz
**THE MILLER LAW FIRM, P.C.**
The Miller Law Firm, P.C.
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
epm@millerlawpc.com
ats@millerlawpc.com

*Interim Liaison Counsel for the Proposed End-
Payor Plaintiffs Classes*

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com
joel@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com

*s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com

*/s/ Don Barrett*
Don Barrett

82

David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Interim Co-Lead Class Counsel for the Proposed
Automobile Dealer Plaintiff Classes*

/s/ Gerard V. Mantese
Gerard V. Mantese
David Hansma
Brendan Frey
Joshua Lushnat
**MANTESE HONIGMAN ROSSMAN AND
WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

*Interim Liaison Counsel for the Proposed
Automobile Dealer Plaintiff Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2014 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

      __/s/ Brendan Frey_____

        Brendan Frey (Michigan Bar No. P70893)

        Mantese Honigman Rossman

         and Williamson, P.C.

        1361 E. Big Beaver Road

        Troy, Michigan 48083

        Phone: (248) 457-9200 ext. 203

        Fax: (248) 457-9201

        Email: bfrey@manteselaw.com