**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Anti-Vibration Rubber Parts | 2:13-cv-00802 |
| In Re: Radiators | 2:13-cv-00803 |
| In Re: Switches | 2:13-cv-01002 |
| In Re: Motor Generators | 2:13-cv-01003 |
| In Re: HID Ballasts | 2:13-cv-01302 |
| In Re: Electronic Power Steering Assemblies | 2:13-cv-01303 |
| In Re: Fan Motors | 2:13-cv-01502 |
| In Re: Power Window Motors | 2:13-cv-01503 |
| In Re: Windshield Washer Systems | 2:13-cv-01702 |
| | 2:13-cv-01703 |
| | 2:13-cv-01902 |
| | 2:13-cv-01903 |
| | 2:13-cv-02102 |
| | 2:13-cv-02103 |
| | 2:13-cv-02302 |
| | 2:13-cv-02303 |
| | 2:13-cv-02802 |
| | 2:13-cv-02803 |
| This Document Relates to: | |
| All Auto Dealer Actions All End-Payor Actions | **Oral Argument Requested** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' COLLECTIVE MOTION
TO DISMISS END-PAYORS' AND AUTO DEALERS' CONSOLIDATED AMENDED
<u>CLASS ACTION COMPLAINTS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

ARGUMENT .............................................................................................................2

I.      PLAINTIFFS PRESENT NO NEW ARGUMENTS AS TO CONSTITUTIONAL STANDING AND IGNORE IMPORTANT DIFFERENCES BETWEEN THESE CASES AND PRIOR AUTO PARTS CASES....................................................2

II.     NOTHING IN PLAINTIFFS' OPPOSITION CURES THE DEFICIENCIES OF THEIR STATE LAW CLAIMS ..........................................................................3

        A.     California ....................................................................................4
        B.     Florida ........................................................................................4
        C.     Hawaii ........................................................................................5
        D.     Illinois ........................................................................................6
        E.     Montana .....................................................................................7
        F.     New Hampshire .........................................................................7
        G.     Oregon .......................................................................................8
        H.     South Carolina ..........................................................................9
        I.     Utah..........................................................................................11

III.    AUTO DEALERS FAIL TO RESPOND TO DEFENDANTS' ARGUMENT THAT AUTO DEALERS' UNJUST ENRICHMENT CLAIMS CANNOT STAND WHERE THEIR STATUTORY CLAIMS HAVE BEEN DISMISSED............11

CONCLUSION.........................................................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*In re Apple iPhone Antitrust Litig.*,
  No. 11-cv-06714, 2013 WL 4425720 (N.D. Cal. Aug. 15, 2013) ...........................................2

*Beaver v. Inkmart, LLC*,
  No. 12-60028, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) ...................................................4

*In re Cardizem CD Antitrust Litig.*,
  105 F. Supp. 2d 618 (E.D. Mich. 2000)................................................................................12

*Carnival Corp. v. Rolls-Royce PLC*,
  No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) .................................................5

*In re Chocolate Confectionary Antitrust Litig.*,
  749 F. Supp. 2d 224 (M.D. Pa. 2010) ....................................................................................6

*In re DDAVP Indirect Purchaser Antitrust Litig.*,
  903 F. Supp. 2d 198 (S.D.N.Y. 2012) ..................................................................................11

*In re Digital Music Antitrust Litig.*,
  812 F. Supp. 2d 390 (S.D.N.Y. 2011)...........................................................................7, 11, 12

*Five for Entm't S.A. v. Rodriguez*,
  877 F. Supp. 2d 1321 (S.D. Fla. 2012) ..................................................................................4

*In re Flash Memory Antitrust Litig.*,
  643 F. Supp. 2d 1133 (N.D. Cal. 2009) ..................................................................................6

*In re Flonase Antitrust Litig.*,
  692 F. Supp. 2d 524 (E.D. Pa. 2010) ...................................................................................11

*Freund v. Nycomed Amersham*,
  347 F.3d 752 (9th Cir. 2003) ..................................................................................................7

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
  Nos. 09-md-2087 BTM (KSC), 09-cv-1088 BTM (KSC), 2014 WL 295302
  (S.D. Cal. Jan. 27, 2014)......................................................................................................10

*In re K-Dur Antitrust Litig.*,
  No. 01-1652 (JAG), 2008 WL 2660780 (D.N.J. Feb. 28, 2008) ...........................................11

*In re Lithium Ion Batteries Antitrust Litig.*,
  No.13-MD-2420 YGR, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) ...................................6, 7

ii

*In re MI Windows & Doors, Inc. Products Liability Litig.*,
No. 2:11–cv–00167–DCN, 2012 WL 5408563 (D.S.C. Nov. 6, 2012)...................................10

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*,
761 So. 2d 1256 (Fla. Dist. Ct. App. 2000) ...............................................................4

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
350 F. Supp. 2d 160 (D. Me. 2004) ...........................................................................12

*Olson v. Wheelock*,
680 P.2d 719 (Or. Ct. App. 1984)................................................................................8

*Oxbow Carbon & Minerals LLC v. Union Pacific Rail Road Company*,
926 F. Supp. 2d 36 (D.D.C. 2013) ..............................................................................2

*In re Optical Disk Drive Antitrust Litigation*,
No. 3:10-MD-2143 RS, 2012 WL 1366718 (N.D. Cal. Apr. 19, 2012) ...............................10

*Shady Grove Orthopedic Associates v. Allstate Insurance Co.*,
559 U.S. 393 (2010)................................................................................................10

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
737 F. Supp. 2d 380 (E.D. Pa. 2010) ........................................................................11

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
No. 12-md-2343, 2013 WL 2181185 (E.D. Tenn. May 20, 2013) .........................................12

*Stalvey v. American Bank Holdings, Inc.*,
No. 4:13-cv-714, 2013 WL 6019320 (D.S.C. Nov. 13, 2013)................................................10

*State v. Burke*,
818 P.2d 511 (Or. Ct. App. 1991).................................................................................8

*In re Terazosin Hydrochloride Antitrust Litig.*,
160 F. Supp. 2d 1365 (S.D. Fla. 2001) .......................................................................11

*Whipple v. Howser*,
632 P.2d 782 (Or. 1981) ............................................................................................9

## STATUTES

Haw. Rev. Stat. § 480-13.3(a)...............................................................................5, 6

Ore. Laws Ch. 304 (H.B. 2584) .............................................................................8

**RULES**

Fed. R. Civ. P. 12(b)(1)...................................................................................................11

Fed. R. Civ. P. 12(b)(6)...................................................................................................11

Fed. R. Civ. P. 23.....................................................................................................6, 9, 10

## INDEX OF PREVIOUSLY UNCITED UNPUBLISHED OPINIONS

| | |
|---|---|
| EXHIBIT A | *In re Hydroxycut Mktg. & Sales Practices Litig.*, Nos. 09-md-2087 BTM (KSC), 09-cv-1088 BTM (KSC), 2014 WL 295302 (S.D. Cal. Jan. 27, 2014) |
| EXHIBIT B | *In re Lithium Ion Batteries Antitrust Litig.*, No.13-MD-2420 YGR, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) |
| EXHIBIT C | *In re MI Windows & Doors, Inc. Products Liability Litig.*, No. 2:11–cv–00167–DCN, 2012 WL 5408563 (D.S.C. Nov. 6, 2012) |
| EXHIBIT D | *In re Optical Disk Drive Antitrust Litigation*, No. 3:10-MD-2143 RS, 2012 WL 1366718 (N.D. Cal. Apr. 19, 2012) |
| EXHIBIT E | *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343, 2013 WL 2181185 (E.D. Tenn. May 20, 2013) |
| EXHIBIT F | *Stalvey v. American Bank Holdings, Inc.*, No. 4:13-cv-714, 2013 WL 6019320 (D.S.C. Nov. 13, 2013) |

## <u>INTRODUCTION</u>

The Court should dismiss the Auto Dealers' ("AD") and End-Payors' ("EP") (collectively "Plaintiffs") federal and state claims in their entirety.  First, Plaintiffs fail to plead sufficient facts to establish constitutional standing.  Plaintiffs argue that the Court should disregard the lack of sufficient allegations here, and simply rely on its rulings on standing in other auto parts cases to find standing in these cases.  But Plaintiffs' argument disregards the fact that each of the auto parts cases is different.  Indeed, some of the parts at issue here – HID ballasts (used only with high intensity discharge headlamps) and motor generators (used only in certain hybrid-electric and electric vehicles) – are indisputably not found in all vehicles sold in the United States.  Thus, without allegations as to which vehicles Plaintiffs purchased – fundamental facts that Plaintiffs have provided in discovery in the *WH* case, and are thus readily available – this Court cannot determine whether Plaintiffs in fact purchased the parts that are the subject of their claims.  The Court should require Plaintiffs to allege that they purchased either vehicles that contain the component parts at issue or replacement component parts for installation in those vehicles.

Second, as to Plaintiffs' state law claims, Defendants raised and Plaintiffs responded with many of the same arguments that parties in other auto parts cases have already briefed.  Thus, Defendants will not repeat the majority of those arguments here.  For two states – Florida and Oregon – however, Defendants cited new authorities in their Motion to Dismiss that warrant different results from the prior decisions in the other auto parts cases.  Plaintiffs either failed to adequately respond or ignored those authorities.  For other states, Plaintiffs ask the Court to reach different results, yet offer no controlling authority in support.  Accordingly, the Court should reject their arguments.

Finally, the Court should dismiss ADs' unjust enrichment claims under the laws of states for which the Court dismisses ADs' statutory claims because allowing such claims to proceed alone would allow ADs to circumvent those states' policy decisions to bar recovery by indirect purchasers in class actions.   ADs' authorities in opposition neither respond to Defendants' argument on this issue nor dictate a different result.

## ARGUMENT

## I.   PLAINTIFFS PRESENT NO NEW ARGUMENTS AS TO CONSTITUTIONAL STANDING AND IGNORE IMPORTANT DIFFERENCES BETWEEN THESE CASES AND PRIOR AUTO PARTS CASES

It is indisputable that Plaintiffs do not have standing if they did not purchase a car that contained the component part on which their claims are based.  *See Oxbow Carbon & Minerals LLC v. Union Pac. R.R.*, 926 F. Supp. 2d 36, 43 (D.D.C. 2013); *In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714, 2013 WL 4425720, at *6 (N.D. Cal. Aug. 15, 2013).[1]  For that reason, in response to defendants' motion, the ADs withdrew a dealership's claims in the *Motor Generator* case because that dealership admittedly did not purchase a car that contained a motor generator, but had been "inadvertently included" as a plaintiff.  *Motor Generators*, 2:13-cv-01503, Doc. 33 at 15 n.10.  Shockingly, Plaintiffs make no mention of that withdrawal in their opposition brief, and instead continue to insist that general allegations that they "purchased at least one [component part] from at least one Defendant" are enough to establish standing in all cases.  *See* EP Compl. ¶¶ 2, 25-82; Opp. Br. at 5.  They are wrong.

---

[1] Defendants incorporate by reference herein, but will not repeat, the arguments contained in the previous reply briefs in support of motions to dismiss regarding Plaintiffs' lack of constitutional standing.  *See Bearings*, 2:12-cv-00502, Doc. 92; *Fuel Senders*, 2:12-cv-00302, Doc. 97; *HCP*, 12-cv-00402, Doc. 114; *IPC*, 2:12-cv-00202, Doc. 63; *OSS*, 2:12-cv-00602, Doc. 67; *WH*, 2:12-cv-00103, Doc. 89 (collectively "Previous Reply Briefs").

2

Plaintiffs argue that their general allegations must be sufficient here because the Court allowed other auto parts cases to proceed. Opp. Br. at 4-6. But Plaintiffs ignore the differences between these cases and the prior auto parts cases. Unlike the parts at issue in the other cases, two of the parts here – motor generators and HID ballasts – are not installed in all vehicles. *See Motor Generators*, 13-cv-01503, Doc. 27 at 5-6. Thus, without allegations regarding the specific vehicles that Plaintiffs purchased (and there are none) this Court cannot determine whether Plaintiffs have standing to assert their claims in those cases.

Plaintiffs point to a 2005 source stating that 95 different car models contained HID ballasts. Opp. Br. at 6. But even if that were true, Plaintiffs do not allege – as they must – that they purchased any of those 95 vehicles. EP Compl. ¶¶ 25-82; AD Compl. ¶¶ 23-112. Indeed, as Defendants explained in their opening brief, the evidence that Plaintiffs have produced in the *WH* case suggests that most of them did not. *HID Ballasts*, 2:13-cv-01702, Doc. 70 at 3. Plaintiffs challenge Defendants' ability to cite to that evidence in support of a 12(b)(6) motion to dismiss, but they do not dispute it. Opp. Br. at 6. And nowhere in their complaint (or in their opposition) do they affirmatively allege that they actually purchased any vehicles that contain those products, a basic element of their claims. Facts relating to each Plaintiff's purported purchases are readily available to Plaintiffs. The Constitution requires that they plead them.

## II. NOTHING IN PLAINTIFFS' OPPOSITION CURES THE DEFICIENCIES OF THEIR STATE LAW CLAIMS

Plaintiffs fail to respond to Defendants' state law arguments, and none of the new authorities they cite cure the deficiencies of their state law claims. For the Court's convenience, Defendants respond here to Plaintiffs' arguments regarding states for which Plaintiffs claim there is new legal authority. For all other states, Defendants incorporate by reference the arguments

contained in the Previous Reply Briefs.  Defendants also note those states for which the Court previously ruled in Defendants' favor and should do so again here.

### A.   California

Despite conceding that the Court dismissed plaintiffs' California unjust enrichment claims in *Bearings*, *Fuel Senders*, *IPC*, *HCP*, and *OSS* on the ground that unjust enrichment *does not exist* as a cause of action under California law, *see Bearings*, 12-cv-00502, Doc. 104; *Fuel Senders*, 12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *HCP*, 12-cv-00402, Doc. 130; *OSS*, 12-cv-00602, Doc. 75, Plaintiffs ask the Court to rule differently here.  Yet they offer no support for that argument.  Opp. Br. at 12.  The Court should dismiss Plaintiffs' California unjust enrichment claims for the same reasons it has done so in the previous cases.

### B.   Florida

Plaintiffs argue that their failure to allege unfair or deceptive *conduct* that occurred within Florida is not fatal to their Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim because the FDUTPA does not contain language limiting its scope to *harm* that takes place solely in Florida.  *Id.* at 16.  There is no support for Plaintiffs' argument.  Numerous courts have held that plaintiffs must allege *conduct* in Florida to assert a claim under the FDUTPA.  *See Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012) ("[T]he Court shares the Defendants' concern that the Complaint does not contain sufficient specificity for the location of the conduct giving rise to the FDUTPA claim.  FDUTPA applies only to actions that occurred within the state of Florida"); *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000) ("As we read FDUTPA, it seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired *within* the territorial boundaries of this state" (emphasis added)); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012) (dismissing

4

FDUTPA claims "[b]ecause none of the alleged misconduct occurred within Florida"); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (noting that "FDUTPA applies only to action that occurred within the state of Florida" and dismissing claims based on actions that occurred outside of Florida).

Alternatively, Plaintiffs assert that even if the Court agrees with Defendants that the FDUTPA requires conduct within Florida, Plaintiffs satisfy the requirement nonetheless because they have alleged conduct *outside* Florida that caused supra-competitive price effects nationwide. Opp. Br. at 16.  Plaintiffs cite this Court's *WH* decision, in which the Court allowed plaintiffs' *California* – not Florida – consumer protection claims to proceed on that ground.  *WH*, 2:12-cv-00103, Doc. 119 at 53.  But the laws in California and Florida are not the same, and Plaintiffs cite no authority for the proposition that the Court's reasoning regarding California consumer protection law in *WH* should extend to the FDUTPA.  Opp. Br. at 16.  The Court should dismiss Plaintiffs' Florida consumer protection claims.

### C.    Hawaii

ADs do not dispute that they failed to file their original complaints under seal and, within seven days, provide those complaints to Hawaii's attorney general, pursuant to Haw. Rev. Stat. § 480-13.3(a).  *Id.* at 20.  For example, in *HID Ballasts*, ADs publicly filed their original consolidated complaint, in which they alleged a Hawaii claim but did not identify a plaintiff residing in Hawaii, on February 7, 2014.  14-cv-10600, Doc. 1.[2]  ADs amended that complaint to

---

[2] Similarly, ADs filed their original complaints in the other eight actions on April 9, 2013 (*Anti-Vibration Rubber Parts*, 13-cv-11593, Doc. 1; *Radiators*, 13-cv-11590, Doc. 1), February 7, 2014 (*Electronic Power Steering Assemblies*, 14-cv-10596, Doc. 1; *Power Window Motors*, 14-cv-10559, Doc. 1), February 19, 2014 (*Windshield Washer Systems*, 14-cv-10776, Doc. 1), February 26, 2014 (*Switches*, 14-cv-10884, Doc. 1; *Fan Motors*, 14-cv-10773, Doc. 1), and June 12, 2014 (*Motor Generators*, 14-cv-12309, Doc. 1).

name new defendants on June 21, 2014, *HID Ballasts*, 13-cv-01702, Doc. 25,[3] but still did not identify a plaintiff residing in Hawaii.  By failing to file under seal or provide to Hawaii's attorney general any of the original or amended consolidated complaints in the nine cases at issue in this Motion, ADs did not comply with § 480-13.3(a).  ADs identified a Hawaii plaintiff in another complaint, which was filed under seal in an individual action on June 30, 2014.  *HID Ballasts*, 14-cv-12554, Doc. 1.[4]  Yet ADs once again failed to comply with all of the requirements of § 480-13.3(a) because they did not provide that complaint to Hawaii's attorney general until August 13, 2014.  Opp. Br. Exhibits D-L.

ADs cite no authority that their repeated failure to comply with § 480-13.3(a) is curable.  Other courts have dismissed indirect purchaser claims under Hawaii's antitrust act for failing to meet the notification requirement.  *See In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1158 (N.D. Cal. 2009); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232 (M.D. Pa. 2010).  The Court should dismiss ADs' Hawaii antitrust claims.

   **D.    Illinois**

ADs argue that the Illinois Antitrust Act class ban does not apply to claims in federal court because such claims are governed by Federal Rule of Civil Procedure 23.  Opp. Br. at 22-23.  ADs cite *In re Lithium Ion Batteries Antitrust Litig.*, No.13-MD-2420 YGR, 2014 WL 4955377, at *21 (N.D. Cal. Oct. 2, 2014).  But this Court has already rejected similar reasoning

---

[3] ADs filed amended complaints in the other eight actions on June 20, 2014 (*Radiators*, 13-cv-01002, Doc. 31; *Switches*, 13-cv-01302, Doc. 23; *Motor Generators*, 13-cv-01502, Doc. 3; *Electronic Power Steering Assemblies*, 13-cv-01902, Doc. 17) and June 21, 2014 (*Anti-Vibration Rubber Parts*, 13-cv-00802, Doc. 28; *Fan Motors*, 13-cv-02102, Doc. 21; *Power Window Motors*, 13-cv-02302, Doc. 23; *Windshield Washer Systems*, 13-cv-02802, Doc. 29).

[4] Similarly, ADs filed this complaint on the same day in the other eight actions.  *Anti-Vibration Rubber Parts*, 14-cv-12549, Doc. 1; *Radiators*, 14-cv-12559, Doc. 1; *Switches*, 14-cv-12552, Doc. 1; *Motor Generators*, 14-cv-12556, Doc. 1; *Electronic Power Steering Assemblies*, 14-cv-12551, Doc. 1; *Fan Motors*, 14-cv-12553, Doc. 1; *Power Window Motors*, 14-cv-12558, Doc. 1; *Windshield Washer Systems*, 14-cv-12555, Doc. 1.

6

in multiple cases.  *See IPC*, 2:12-cv-00202, Doc. 82 at 31-32; *Fuel Senders*, 2:12-cv-00302, Doc. 104 at 46; *HCP*, 12-cv-00402, Doc. 130 at 46 (rejecting *In re Hydroxycut Mktg. & Sales Practices Litig.*, Nos. 09-md-2087 BTM (KSC), 09-cv-1088 BTM (KSC), 2014 WL 295302 (S.D. Cal. Jan. 27, 2014), which found South Carolina's indirect purchaser class bar did not apply in federal court).  Moreover, in finding the Illinois Antitrust Act inapplicable in federal court, the court in *In re Lithium* relied on *Freund v. Nycomed Amersham*, 347 F.3d 752 (9th Cir. 2003), a Ninth Circuit opinion interpreting a California rule of civil procedure.  ADs cite no authority from the Sixth Circuit or Illinois to support their argument.  Opp. Br. at 22-23.  Finally, other courts agree with this Court that Illinois does not allow indirect purchaser plaintiffs to assert antitrust claims as class actions.  *See, e.g.*, *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 415-16 (S.D.N.Y. 2011) (finding the Illinois Antitrust Act "so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy").  The Court should dismiss ADs' Illinois antitrust claims.

### E.       Montana

After Defendants filed their motion to dismiss, the Court allowed EPs' Montana consumer protection claim to proceed in *Bearings* and *OSS*.  *Bearings*, 12-cv-00502, Doc. 104; *OSS*, 12-cv-00602, Doc. 75.  Defendants nevertheless maintain that the Court should dismiss EPs' Montana consumer protection claim because Montana's Consumer Protection Act expressly bars class claims.  *HID Ballasts*, 2-cv-01702, Doc. 70 at 22.

### F.       New Hampshire

Despite conceding that the Court previously limited plaintiffs' New Hampshire antitrust claims in *Bearings*, *Fuel Senders*, *IPC*, *HCP*, *OSS*, and *WH* to bar claims that were based on conduct that allegedly occurred prior to the enactment of New Hampshire's indirect purchaser

statute on January 1, 2008, Plaintiffs ask the Court to rule differently here.  Opp. Br. at 48; *Bearings*, 12-cv-00502, Doc. 104; *HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-cv-00103, Doc. 119; *OSS*, 12-cv-00602, Doc. 75.  Plaintiffs offer no new authority in their opposition.  Opp. Br. at 48.  The Court should limit Plaintiffs' New Hampshire antitrust claims for the same reasons it has done so in the previous cases.

     **G.**    **Oregon**

     Plaintiffs argue that Oregon's indirect purchaser statute applies retroactively to conduct that predates its enactment based on language from the savings clause of the Act.  2009 Oregon Laws Ch. 304 (H.B. 2584) ("The amendments to ORS 646.780 by section 1 of this 2009 Act apply to actions commenced on or after the effective date of this 2009 Act"); *see* Opp. Br. at 59.  Yet the savings clause is silent on whether it applies retroactively, and Oregon courts have declined to infer retroactivity where the statute at issue was unclear as to retroactivity, as here.  *See, e.g.*, *State v. Burke*, 818 P.2d 511, 513 (Or. Ct. App. 1991) (noting, in construing an amendment to Oregon's criminal code, that, in Oregon, "when amendments are silent regarding their application to past events, we construe them to apply prospectively only").  This is because Oregon courts are reluctant to apply statutes retroactively when doing so imposes severe penalties.  *See Olson v. Wheelock,* 680 P.2d 719, 720 (Or. Ct. App. 1984) (declining to apply retroactively an amendment to Oregon's antitrust statute because it created criminal liability and "a new statutory civil remedy authorizing the recovery of treble damages by persons injured by a violation").  Plaintiffs ignore *Olson* because their indirect purchaser claims would impose similarly severe penalties.  In the absence of guidance from Oregon's higher courts, this Court should proceed cautiously, and decline to assume that the statute applies retroactively.

8

In support of applying the indirect purchaser statute retroactively, Plaintiffs also rely on *Whipple v. Howser*, 632 P.2d 782, 784 (Or. 1981). Opp. Br. at 59. However, *Whipple* has nothing to do with the statute at issue. In that case, the Oregon Supreme Court analyzed a savings clause with different language applying to an amendment in a different statute, which did not impose severe changes in liability. *Whipple*, 632 P.2d at 784 (considering an amendment changing the liability standard from gross negligence to negligence). Further, in his concurrence, Justice Linde noted that "the present decision cannot be taken to mean that hereafter the same [savings] clause will always be held to have this effect rather than the contrary effect." *Id*. at 791 (Linde, J., concurring). Plaintiffs cite no Oregon or Sixth Circuit authority extending the *Whipple* reasoning to Oregon's indirect purchaser statute.

The Court should dismiss or limit Plaintiffs' Oregon antitrust claims to the extent the claims are based on conduct that allegedly occurred prior to the enactment of Oregon's indirect purchaser statute on January 1, 2010, as it has previously ruled for similar reasons with respect to claims asserted under New Hampshire and Utah law. *Bearings*, 12-cv-00502, Doc. 104; *HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *OSS*, 12-cv-00602, Doc. 75; *WH*, 2:12-cv-00103, Doc. 119.

### H. South Carolina

As with Illinois, Plaintiffs cite *In re Lithium Ion Batteries Antitrust Litigation* for the proposition that the South Carolina Unfair Trade Practices Act ("SCUTPA") class action ban does not apply to claims in federal court because such claims are governed by Federal Rule of Civil Procedure 23. Opp. Br. at 63. That argument fails for the same reasons it fails under Illinois law. *See supra* at 6-7. Plaintiffs' citation to *In re Optical Disk Drive Antitrust Litigation* is similarly unpersuasive. Opp. Br. at 63. There, the court rejected without any explanation –

other than a passing reference to *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*,
559 U.S. 393 (2010) – defendants' motion to dismiss plaintiffs' consumer protection claims
under the SCUPTA.  No. 3:10-MD-2143 RS, 2012 WL 1366718, at *8 (N.D. Cal. Apr. 19, 2012)
(finding that *Shady Grove* required application of Federal Rule of Civil Procedure 23 and not the
SCUTPA's class action ban).  Yet this Court previously rejected similar reasoning in multiple
cases.  *See IPC*, 2:12-cv-00202, Doc. 82 at 31-32; *Fuel Senders*, 2:12-cv-00302, Doc. 104 at 46;
*HCP*, 12-cv-00402, Doc. 130 at 46 (rejecting *In re Hydroxycut Mktg. & Sales Practices Litig.*,
Nos. 09-md-2087 BTM (KSC), 09-cv-1088 BTM (KSC), 2014 WL 295302 (S.D. Cal. Jan. 27,
2014), which relied on *Shady Grove* in finding South Carolina's indirect purchaser class bar did
not apply in federal court).

Neither *Lithium* nor *Optical Disk Drive* require this Court to abandon its previous
holdings that the SCUTPA applies in federal court to bar class claims by indirect purchasers, and
Plaintiffs cite no authority from the Sixth Circuit to support their argument.  Other courts agree.
*See Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-cv-714, 2013 WL 6019320, *4 (D.S.C. Nov.
13, 2013) (distinguishing *Shady Grove* and holding that the text of the SCUTPA that prohibits
class actions, is part of the "substantive portions of South Carolina law and [is] not trumped by
Federal Rule of Civil Procedure 23, even in light of the Shady Grove decision"); *In re MI
Windows & Doors, Inc. Prods. Liab. Litig.*, No. 2:11–cv–00167–DCN, 2012 WL 5408563, at *5
(D.S.C. Nov. 6, 2012).  Moreover, this Court previously rejected the reasoning that another
California federal court relied on in finding the SCUPTA procedural and thus governed by Rule
23.  *IPC*, 2:12-cv-00202, Doc. 82 at 43-44; *Fuel Senders*, 2:12-cv-00302, Doc. 104 at 46; *HCP*,
12-cv-00402, Doc. 130 at 46.  It should do so again here, and dismiss Plaintiffs' SCUPTA claims
as it did in *Bearings*, *Fuel Senders*, *IPC*, *HCP*, and *OSS*.  *Bearings*, 12-cv-00502, Doc. 104; *IPC*,

2:12-cv-00202, Doc. 82; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *HCP*, 12-cv-00402, Doc. 130; *OSS*, 12-cv-00602, Doc. 75.

 **I.**  **Utah**

 Despite conceding that the Court previously limited plaintiffs' Utah antitrust claims in *Bearings*, *Fuel Senders*, *IPC*, *HCP*, *OSS*, and *WH* to the extent the claims were based on conduct that allegedly occurred prior to the enactment of Utah's indirect purchaser statute on May 1, 2006, Plaintiffs ask the Court to rule differently here, yet offer no new authority in their opposition.  Opp. Br. at 70; *Bearings*, 12-cv-00502, Doc. 104; *HCP*, 12-cv-00402, Doc. 130; *Fuel Senders*, 2:12-cv-00302, Doc. 104; *IPC*, 2:12-cv-00202, Doc. 82; *WH*, 2:12-cv-00103, Doc. 119; *OSS*, 12-cv-00602, Doc. 75.  The Court should limit Plaintiffs' Utah antitrust claims consistent with its previous rulings.

**III.** **AUTO DEALERS FAIL TO RESPOND TO DEFENDANTS' ARGUMENT THAT AUTO DEALERS' UNJUST ENRICHMENT CLAIMS CANNOT STAND WHERE THEIR STATUTORY CLAIMS HAVE BEEN DISMISSED**

 ADs argue that the Court should not dismiss their unjust enrichment claims under the laws of any states for which the Court dismisses their state law antitrust or consumer protection claims.  Opp. Br. at 78-80.  Yet the weight of authority dictates that where a plaintiff's statutory claims are dismissed, a court must also dismiss the parallel unjust enrichment claims.  *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 425 (E.D. Pa. 2010); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 232 (S.D.N.Y. 2012); *In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d at 412-13 (noting that there is no cause of action for unjust enrichment separate and apart from the predicate statutory causes of action); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1380 (S.D. Fla.

11

2001); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004).

ADs do not respond to Defendants' authority, and instead cite *In re Cardizem CD Antitrust Litigation*. Opp. Br. at 79. But that case is inapposite. Although the court in *Cardizem* noted that plaintiffs may plead unjust enrichment in the alternative, the court did not have occasion to decide whether plaintiffs' unjust enrichment claims could proceed absent predicate statutory claims, because the court *did not* dismiss plaintiffs' parallel statutory antitrust and consumer protection claims. *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 669 (E.D. Mich. 2000). *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-md-2343, 2013 WL 2181185 (E.D. Tenn. May 20, 2013), which ADs also cite, is unpersuasive for the same reason, Opp. Br. at 79; the court there did not decide whether unjust enrichment claims may proceed where their predicate statutory claims have been dismissed. Plaintiffs make no attempt to distinguish Defendants' authority or respond with new authority, and simply note that the Court has previously upheld unjust enrichment claims in states where it dismissed statutory claims. Opp. Br. at 80. Accordingly, this Court should dismiss ADs' unjust enrichment claims under the laws of any states for which the Court dismisses their state law antitrust or consumer protection claims.

If, in the alternative, the Court construes ADs' unjust enrichment claims to be autonomous, or "free-standing", unjust enrichment claims, the Court should nonetheless dismiss those claims because there is no cause of action for unjust enrichment separate and apart from the predicate statutory causes of action. *See In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d at 412-14. Plaintiffs make no attempt to distinguish Defendants' authority or respond with new authority, and simply note that the Court has previously upheld unjust enrichment claims in

12

states where it dismissed statutory claims.  Opp. Br. at 80.  Although the Court allowed such claims to proceed in other cases, the Court did not expressly rule on Defendants' argument that there is no cause of action for unjust enrichment separate and apart from the predicate statutory causes of action.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court dismiss ADs' and EPs' Consolidated Amended Class Action Complaints in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: November 17, 2014                  Respectfully submitted,

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
William H. Rawson
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
william.h.rawson@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel.: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Counsel for Defendant*
*Ichikoh Industries, Ltd.*

*/s/ Steven F. Cherry*  (with consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith

13

Kurt G. Kastorf
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com

*Counsel for DENSO Corporation,*
*DENSO International America, Inc., ASMO Co.,*
*Ltd., ASMO North America, LLC, and ASMO*
*Manufacturing, Inc.*

 */s/ Steven M. Zarowny*   (with consent)
Steven M. Zarowny (P33362)
General Counsel
DENSO INTERNATIONAL AMERICA, INC.
24777 DENSO Drive
Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
STEVE_ZAROWNY@DENSO-diam.com

*Counsel for Defendant DENSO International*
*America, Inc.*

 */s/ George A. Nicoud III*  (with consent)
George A. Nicoud III
Joel S. Sanders
Austin Schwing
Stuart C. McPhail
Leslie A. Wulff
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Tel.:  (415) 393-8200
Fax:  (415) 393-8306
TNicoud@gibsondunn.com
JSanders@gibsondunn.com
ASchwing@gibsondunn.com
SMcphail@gibsondunn.com

14

LWulff@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

*/s/ Terrence J. Truax*   (with consent)
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com


Gary K. August
ZAUSMER, KAUFMAN, AUGUST &
CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*


*/s/ Craig P. Seebald* (with consent)
Craig P. Seebald
Alden L. Atkins
 Lindsey R. Vaala
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, DC 20037
Tel.: (202) 639-6585
Fax: (202) 879-8995
cseebald@velaw.com

15

aatkins@velaw.com
lvaala@velaw.com

*Counsel for Hitachi, Ltd., Hitachi Automotive
Systems, Ltd., and Hitachi Automotive Systems
Americas, Inc.*


/s/ James L. Cooper  (with consent)
James L. Cooper
Danielle Garten
Adam Pergament
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Tel.: (202) 942-5000
Fax: (202) 942-5999
*james.cooper@aporter.com*
*danielle.garten@aporter.com*
*adam.pergament@aporter.com*

Fred K. Herrmann
Joanne G. Swanson
Kerr, Russell
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
fherrmann@kerr-russell.com
jgs@krwlaw.com

*Counsel for Yamashita Rubber Co., Ltd. and
YUSA Corporation*


/s/ J. Clayton Everett, Jr.  (with consent)
J. Clayton Everett, Jr.
Eyitayo St. Matthew-Daniel
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel.: (202) 739-3000

16

Fax: (202) 739-3001
jeverett@morganlewis.com
tstmatthew-daniel@morganlewis.com

*Counsel for Sumitomo Riko Company Limited and DTR Industries, Inc.*


*/s/ Steven A. Reiss*   (with consent)
Steven A. Reiss
Adam C. Hemlock
Kajetan Rozga
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
kajetan.rozga@weil.com

Frederick R. Juckniess
Schiff Hardin LLP
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Tel.: (734) 222-1504
fjuckniess@schiffhardin.com

*Counsel for Bridgestone Corporation and Bridgestone APM Company*


*/s/ Steven A. Reiss*  (with consent)
Steven A. Reiss
Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel.: (212) 310-8000
Fax: (212) 310-8007
steven.reiss@weil.com

17

adam.hemlock@weil.com

Fred K. Herrmann
Matthew L. Powell
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel.: (313) 961-0200
Fax: (313) 961-0388
fhermann@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Calsonic Kansei Corporation and CalsonicKansei North America, Inc.*

*/s/ David C. Giardina*  (with consent)
David C. Giardina
Courtney A. Rosen
SIDLEY AUSTIN LLP
One S. Dearborn St.
Chicago, IL 60603
Tel.: (312) 853-7000
Fax: (312) 853-7036
dgiardina@sidley.com
crosen@sidley.com

*/s/ Bradley J. Schram*  (with consent)
Bradley J. Schram (MI Bar # P26337)
HERTZ SCHRAM PC
1760 S. Telegraph Rd., Suite 300
Bloomfiled Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire North America OE Sales LLC, and Toyo Tire North America Manufacturing Inc.*

18

*/s/ Matthew J. Reilly*  (with consent)
Matthew J. Reilly
Abram J. Ellis
David T. Shogren
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, DC  20004
Tel.: (202) 636-5500
Fax: (202) 636-5502
matt.reilly@stblaw.com
aellis@stblaw.com
dshogren@stblaw.com

George S. Wang
Shannon K. McGovern
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

*Counsel for Defendants Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc. and II Stanley Co., Inc.*

*/s/ Franklin R. Liss*  (with consent)
Franklin R. Liss
Barbara H. Wootton
Danielle M. Garten
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004
Tel:  (202) 942-5969
Fax: (202) 942-5999
frank.liss@aporter.com
barbara.wootton@aporter.com

19

danielle.garten@aporter.com


Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel:  (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore @dykema.com

*Counsel for Defendants Koito Manufacturing Co.,
Ltd. and North American Lighting, Inc.*


*/s/ Heather L. Kafele*  (with consent)
Heather L. Kafele
Keith R. Palfin
Alison R. Welcher
SHEARMAN & STERLING LLP
801 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004
Tel.: (202) 508-8097
Fax: (202) 508-8100
heather.kafele@shearman.com
keith.palfin@shearman.com
alison.welcher@shearman.com


Brian M. Akkashian
PAESANO AKKASHIAN, PC
132 N. Old Woodward Avenue
Birmingham, MI 48009
Tel.: (248) 792-6886
bakkashian@paesanoakkashian.com

*Counsel for JTEKT Corporation and JTEKT
Automotive North America, Inc.*

20

_/s/ David F. DuMouchel_    (with consent)
David F. DuMouchel
George B. Donnini
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel.: (313) 225-7000
Fax: (313) 225-7080
dumouchd@butzel.com
donnini@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

_Counsel for Defendants TRAM, Inc. and_
_Tokai Rika Co., Ltd._

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2014, I caused a true and correct copy of the foregoing Reply Memorandum In Support of Defendants' Collective Motion to Dismiss End-Payors' and Auto Dealers' Consolidation Amended Class Action Complaints to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<div align="center" style="text-align:right">

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com

*Counsel for Defendant*
*Ichikoh Industries, Ltd.*

</div>