FILED UNDER SEAL – HIGHLY CONFIDENTIAL          REDACTED PUBLIC VERSION

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: HID BALLASTS | |
| THIS RELATES TO:<br>DEALERSHIP ACTION<br>END-PAYOR ACTION | No. 2:13-cv-1702-MOB<br>No. 2:13-cv-1703-MOB<br>**Oral Argument Requested** |

**REPLY MEMORANDUM IN SUPPORT OF MELCO DEFENDANTS' MOTION TO DISMISS THE END-PAYORS' AND THE AUTO DEALERS' <u>CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS</u>**

FILED UNDER SEAL – HIGHLY CONFIDENTIAL

REDACTED PUBLIC VERSION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 1

I. Plaintiffs Fail To Allege That The MELCO Defendants Participated In The Alleged Conspiracy ................................................................................................ 1

II. Plaintiffs Fail To Allege That The MELCO Subsidiaries Participated In The Alleged Conspiracy ................................................................................................ 3

III. Plaintiffs' Fail To Allege Plausibly A Threat Of Future Injury Sufficient To State A Claim For Injunctive Relief. ................................................................................ 6

IV. Plaintiffs Lack Constitutional Standing. ................................................................. 6

V. Plaintiffs Lack Antitrust Standing Under *AGC*. .................................................... 6

VI. Plaintiffs Fail to Adequately Plead Their State Law Antitrust, Consumer Protection, and Unjust Enrichment Claims. ............................................................ 7

VII. State Statutes of Limitations Bar Plaintiffs' Claims. .............................................. 7

CONCLUSION ..................................................................................................................... 8

FILED UNDER SEAL – HIGHLY CONFIDENTIAL               REDACTED PUBLIC VERSION

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Associated Gen. Contractors v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................1

*In re Automotive Parts Antitrust Litig. (Bearings Cases)*,
   2:12–cv–00502, 2:12–cv–00503, 2014 WL 4248430 (E.D. Mich. August 27, 2014)...............4

*L.A. v. Lyons*,
   461 U.S. 95 (1983)....................................................................................................5

# INDEX OF PREVIOUSLY UNCITED UNPUBLISHED AUTHORITY

| EXHIBIT 1 | *In re Automotive Parts Antitrust Litig. (Bearings Cases)*, 2:12–cv–00502, 2:12–cv–00503, 2014 WL 4248430 (E.D. Mich. August 27, 2014) |

## INTRODUCTION

Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. ("MELCO" or the "MELCO Defendants") submit this Reply to the End-Payor and Auto Dealer Plaintiffs' Opposition to MELCO's Motion to Dismiss the End-Payors' Consolidated Amended Class Action Complaints. As demonstrated in MELCO's Memorandum in Support of MELCO's Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints, Plaintiffs' Complaints fail to state a claim against the MELCO Defendants, and the Complaints should be dismissed as to all of the MELCO Defendants.[1]

## ARGUMENT

**I. Plaintiffs Fail To Allege That The MELCO Defendants Participated In The Alleged Conspiracy.**

The allegations in the Complaints are insufficient to state a claim against the MELCO Defendants. Plaintiffs' Opposition asserts that the Complaints sufficiently allege the MELCO Defendants' involvement in a "broad HID Ballast conspiracy to which three Defendants have pleaded guilty and that admittedly affected sales to major OEMs. . . ." Opp. 14. As the MELCO Defendants demonstrated in their opening brief, Plaintiffs' arguments are unavailing. MELCO Mem. 7-10. When viewed holistically and in the light most favorable to Plaintiffs, the Complaints fail to "raise a right to relief above the speculative level" and fail to demonstrate that relief "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[1] Capitalized terms have the same meaning as in Defendants' opening brief (No. 2:13-cv-1702, ECF 883; No. 2:13-cv-1703, ECF 831), which Defendants will cite as "MELCO Mem. __." Defendants will cite Plaintiffs' opposition brief (No. 2:13-cv-1702, ECF 1083; No. 2:13-cv-1703, ECF 1068) as "Opp __."

As Plaintiffs' Opposition makes clear, the Complaints rely primarily on bare allegations that the MELCO Defendants entered a guilty plea as to non-HID Ballast auto parts and that the MELCO Defendants manufacture or sell HID Ballasts. Opp. 14-17. As explained in MELCO's opening brief, these allegations are not sufficient to sustain Plaintiffs' claims. MELCO Mem. 7-10. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiffs' boilerplate statements do not suffice because allegations that defendants met, attended meetings, or reached an agreement are not sufficient to state a claim for antitrust conspiracy. MELCO Mem. 9-10 (citing *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257 (W.D. Wash. 2009); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011)).

Plaintiffs' Opposition asserts that that the Complaints set forth additional "circumstantial" support from which MELCO's "involvement in the HID Ballast conspiracy can be inferred."[2] Opp. 15-16. Specifically, Plaintiffs argue that document destruction by MELCO employees supports Plaintiffs' allegations of a broad conspiracy on HID Ballasts. Opp. 16. However, the Complaints do not allege that any document destruction by MELCO employees

---

[2] Plaintiffs rely heavily on the MELCO parent company's guilty plea to a conspiracy as to other auto parts as providing circumstantial evidence in support of Plaintiffs' claims. Because MELCO's opening brief explained in detail why MELCO's guilty plea is not sufficient to sustain Plaintiffs' Complaints, MELCO will not repeat those points here. *See* MELCO Mem. 7-10.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL

REDACTED PUBLIC VERSION

related to a broad conspiracy on HID Ballasts, and Plaintiffs cannot retrospectively amend their Complaints to make this inference now.

Further, Plaintiffs' Opposition attempts to bolster the Complaints' thin allegations by introducing an entirely new allegation that was not pled in the Complaints, namely that *"related Mitsubishi entities have pleaded guilty to price fixing of compressors and condensers sold to automobile manufacturers in the U.S. and elsewhere."* Opp. 16 (emphasis added). This argument is frivolous. Plaintiffs point only to the plea of *Mitsubishi Heavy Industries* as to compressors and condensers. But Mitsubishi Heavy Industries has *no* corporate relationship with the MELCO Defendants—they are unaffiliated entities. Plaintiffs know this, since in these MDL proceedings, Mitsubishi Heavy Industries is represented by separate counsel from the MELCO Defendants. There is no basis for imputing Mitsubishi Heavy Industries' wrongdoing to MELCO.

## II. Plaintiffs Fail To Allege That The MELCO Subsidiaries Participated In The Alleged Conspiracy.

Plaintiffs have sued three MELCO entities: Mitsubishi Electric and two subsidiaries, Mitsubishi Electric Automotive America, Inc. ("MEAA") and Mitsubishi Electric US Holdings, Inc. ("MEUH"). Plaintiffs' claims against both MELCO subsidiaries should be dismissed.

*1. MEAA.* The Complaints' allegations against MEAA are completely non-specific. Plaintiffs merely bring the boilerplate accusation that MEAA "manufactured, marketed and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period." (EPP CACAC ¶¶ 94-95; Dealers CACAC ¶¶ 125-26.) The Dealers, but not the End-Payors, further allege that the activities of MEAA "were under the control and direction of Mitsubishi Electric Corporation which controlled its policies, sales, and finances." (Dealers CACAC ¶¶ 125-26.) But the Complaints contain no further elaboration on the role of

3

MEAA. Critically, the Complaints contain *no* specific allegations about *any* participation in *any* conspiracies by MEAA, other than that MEAA is in the MELCO corporate family.

Numerous courts have dismissed complaints containing indistinguishable allegations. MELCO Mem. 11-12. As explained in the opening brief, it is not enough to allege that MEAA sold automotive parts; Plaintiffs must allege that MEAA *participated in the conspiracy*. MELCO Mem. 11-12. The Complaint contains no such allegations beyond "boilerplate assertions of an agency relationship" and "conclusory allegation[s] of control," which courts have expressly held to be insufficient to state a claim against a subsidiary. MELCO Mem. 11 - 12 (citing case law).

Plaintiffs' response does not address these indistinguishable authorities. Instead, Plaintiffs rely solely on this Court's decisions in *Wire Harness* and *Bearings*. Opp. 17-19. But both those cases are inapplicable because the allegations against the subsidiaries went well beyond mere boilerplate. The *Wire Harness* complaint contained specific allegations about the subsidiary's conduct: the U.S. government raided the subsidiary's office, and the parent pleaded guilty to conduct that occurred at the subsidiary. MELCO Mem. 12 (quoting *In re Auto. Parts Antitrust Litig. (Wire Harness Cases)*, No. 2:12-cv-00100, 2013 WL 2456013, at *3 (E.D. Mich. June 6, 2013)). In *Bearings*, the complaint contained allegations about the subsidiary going beyond the generic allegations of control in this case, such as specifically identifying the executives that worked at the subsidiary. *In re Automotive Parts Antitrust Litig. (Bearings Cases)*, 2:12–cv–00502, 2:12–cv–00503, 2014 WL 4248430, at *3-4 (E.D. Mich. August 27, 2014). Here, Plaintiffs' allegations against MEAA are nothing more than that (a) MEAA sells auto parts, and (b) MEAA is Mitsubishi Electric's agent. (EPP CACAC ¶¶ 94-95; Dealers CACAC ¶¶ 125-26.) No court has sustained a lawsuit based on such threadbare allegations.

FILED UNDER SEAL – HIGHLY CONFIDENTIAL    REDACTED PUBLIC VERSION

Further, Plaintiffs' Opposition argues that a recently-filed indictment of three current and former Mitsubishi Electric employees expressly charges that "the [Mitsubishi Electric] employees participated in an auto parts conspiracy from January 2000 to February 2010; that one of the [Mitsubishi Electric] employees served as a Vice President and President of [MEUH]'s subsidiary, MEAA, during that time period; that the conspiracy was carried out, in part, in the U.S.; and that the FBI raided MEAA's sales offices in Michigan in July 2011" and that Mitsubishi Electric "has admitted to the destruction of files and paper documents in the U.S. in an effort to cover up its unlawful activity." Opp. at 18. But neither the indictments nor Mitsubishi Electric's plea agreement connects the alleged conduct by Mitsubishi Electric employees to MEAA's alleged participation in a conspiracy on HID Ballasts. Plaintiffs' claims against MEAA should be dismissed.

*2. MEUH.* Even if the Court sustains the claims against MEAA, the claims against MEUH should be dismissed. Aside from general statements that MEUH participated in the HID Ballast conspiracy, Plaintiffs' *sole* allegations against MEUH are that (1) MEUH is a subsidiary of MELCO; and (2) MEUH is MEAA's parent and controls MEAA. (EPP CACAC ¶¶ 94-95; Dealers CACAC ¶¶ 125-26.) Given that Plaintiffs have not sought to pierce the corporate veil, such accusations should not be enough to state a claim. Indeed, if Plaintiffs' claim against MEUH survived here, then in every case involving a subsidiary, the plaintiff could bring the parent into the lawsuit merely by asserting that the parent "wholly owned and/or controlled" the subsidiary – with nothing more. This unprecedented theory is completely contrary to principles of corporate personhood and goes far beyond this Court's decisions in *Wire Harness* and *Bearings.*

### III. Plaintiffs' Fail To Allege Plausibly A Threat Of Future Injury Sufficient To State A Claim For Injunctive Relief.

In order to obtain injunctive relief under the Clayton Act, Plaintiffs are required to plead facts that establish a "likelihood of substantial and immediate irreparable injury." *L.A. v. Lyons*, 461 U.S. 95, 103, 111 (1983). Because Plaintiffs have failed to meet this burden and because Plaintiffs cannot plausibly allege an ongoing threat of future harm, their request for injunctive relief under the Clayton Act should be dismissed.

### IV. Plaintiffs Lack Constitutional Standing.

Plaintiffs' Complaints fail to allege that Plaintiffs have standing under Article III to assert their claims. Pursuant to the Stipulation and Order entered by the Court (ECF Nos. 75 (dealer case), 55 (end-payor case)) (the "Stipulation"), the MELCO Defendants incorporate by reference the arguments as to constitutional standing made in the Reply In Support of Defendants' Collective Motion to Dismiss the End-Payors' and Auto Dealers' Consolidated Amended Class Action Complaints, No. 12-md-2311, Nos. 2:13-cv-00802, 803, 1002, 1003, 1302, 1303, 1502, 1503, 1702, 1703, 1902, 1903, 2102, 2103, 2302, 2303, 2802, 2803 (E.D. Mich. filed contemporaneously) ("Omnibus Reply").

### V. Plaintiffs Lack Antitrust Standing Under *AGC*.

Plaintiffs' fail to allege that they have antitrust standing under the principles announced in *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) and adopted by the states under their antitrust statutes. Pursuant to the Stipulation, the MELCO Defendants incorporate by reference the arguments as to antitrust standing made in the Omnibus Reply.

### VI. Plaintiffs Fail to Adequately Plead Their State Law Antitrust, Consumer Protection, and Unjust Enrichment Claims.

For a variety of reasons, Plaintiffs may not pursue their claims under state antitrust or consumer protection statutes or their state common law unjust enrichment claims. Pursuant to the Stipulation, the MELCO Defendants incorporate by reference the arguments as to the validity of Plaintiffs' state-law claims made in the Omnibus Reply.

### VII. State Statutes of Limitations Bar Plaintiffs' Claims.

Many of Plaintiffs' claims are barred in whole or in part by the statutes of limitations applicable to their various claims. Pursuant to the Stipulation, the MELCO Defendants incorporate by reference the arguments as to state statutes of limitation made in the Omnibus Reply.

## CONCLUSION

For the foregoing reasons, the MELCO Defendants respectfully request that the Court dismiss the Complaints.

Dated: November 17, 2014                 Respectfully submitted,

/s/ Terrence J. Truax

Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
ZAUSMER, KAUFMAN, AUGUST & CALDWELL, P.C.
31700 Middlebelt Road
Suite 150
Farmington Hills, Michigan 48334-2374
Telephone (248) 851-4111
gaugust@zkac.com

*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2014, I caused the foregoing REPLY MEMORANDUM IN SUPPORT OF MELCO DEFENDANTS' MOTION TO DISMISS THE END-PAYORS' AND THE AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all counsel of record.

/s/ Daniel T. Fenske
Daniel T. Fenske
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
312-222-9350

*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc*