UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: HID BALLASTS | |
| This Document Relates to: DEALERSHIP ACTIONS END-PAYOR ACTIONS | 2:13-cv-01702-MOB-MKM 2:13-cv-01703-MOB-MKM **Oral Argument Requested** **REDACTED** |

**REPLY MEMORANDUM IN SUPPORT OF ICHIKOH INDUSTRIES, LTD.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION <u>COMPLAINTS FOR LACK OF PERSONAL JURISDICTION</u>**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

I.  PLAINTIFFS CONCEDE THAT THEY HAVE NO FACTS THAT ESTABLISH GENERAL JURISDICTION OVER ICHIKOH ................................................................2

II. NONE OF THE "FACTS" THAT PLAINTIFFS PUT FORTH IN THEIR OPPOSITION ESTABLISH THAT ICHIKOH PURPOSEFULLY AVAILED ITSELF OF THE PRIVILEGE OF DOING BUSINESS IN THE UNITED STATES, SUCH THAT THIS COURT MAY EXERCISE SPECIFIC PERSONAL JURISDICTION OVER IT ..........................................................................3

   A. Plaintiffs Have Not Given This Court Any Reason To Adopt The Conspiracy Theory Now, Having Rejected It As A Basis For Personal Jurisdiction In Two Prior Auto Parts Cases .............................................................3

   B. Plaintiffs Have Not Established That Ichikoh Targeted Consumers in the United States, As The Stream Of Commerce Theory Requires ...............................4

   C. Plaintiffs' Complaints Do Not Allege That Ichikoh Engaged In Conduct Expressly Aimed At The United States, Despite Plaintiffs' Characterizations To The Contrary ..........................................................................6

III. PLAINTIFFS FAIL TO ESTABLISH THAT THEIR CLAIMS ARISE FROM ICHIKOH'S SPARSE AND ATTENUATED INDIRECT CONTACTS WITH THE UNITED STATES ........................................................................................................7

IV. PLAINTIFFS FAIL TO ESTABLISH THAT JURISDICTION OVER ICHIKOH WOULD BE REASONABLE .........................................................................8

V.  THERE IS NO BASIS FOR JURISDICTIONAL DISCOVERY .......................................9

CONCLUSION .....................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

## **CASES**

*Almond v. ABB Indus. Sys., Inc.*,
  No. C2-95-707, 2001 WL 242548 (S.D. Ohio Mar. 6, 2001)......................................................5

*Asahi Metal Indus. Co., Ltd. v. Superior Court*,
  480 U.S. 102 (1987)..................................................................................................................6, 9

*In re Automotive Parts Antitrust Litig.*,
  2013 WL 2456610 (E.D. Mich. June 6, 2013)..............................................................4, 5, 10

*In re Automotive Parts Antitrust Litig.*,
  2013 WL 2456611 (E.D. Mich. June 6, 2013)..........................................................3, 4, 5, 10

*In re Automotive Parts Antitrust Litig.*,
  2014 U.S. Dist. LEXIS 90745 (E.D. Mich. June 6, 2013)...........................................5, 6, 10

*In re Automotive Parts Antitrust Litig.*,
  2014 WL 2999271 (E.D. Mich. July 3, 2014) ..........................................................3, 4, 5, 10

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ......................................................................................................8

*Bridgeport Music, Inc. v. Still N The Water Publ'g*,
  327 F.3d 472 (6th Cir. 2003) ......................................................................................................6

*Brown v. Way*,
  No. 10-cv-13016, 2011 WL 3555631 (E.D. Mich. Mar. 31, 2011) ........................................10

*Calder v. Jones*,
  465 U.S. 783 (1984)....................................................................................................................6

*ESAB Group, Inc. v. Centricut, Inc.*,
  126 F.3d 617 (4th Cir. 1997) ......................................................................................................7

*General Motors Corp. v. Ignacio Lopez de Arriortua*,
  948 F. Supp. 656 (E.D. Mich. 1996)..........................................................................................4

*Harris v. Lloyds TSB Bank, PCL*,
  281 F. App'x 489 (6th Cir. June 18, 2008)................................................................................9

*IMO Indus., Inc. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998)........................................................................................................7

*Singh v. Daimler, AG*,
  902 F. Supp. 2d 974 (E.D. Mich. 2012) ....................................................................................4

# TABLE OF AUTHORITIES
(continued)

Page

*Southmark Corp. v. Life Investors Inc.*,
 851 F.2d 763 (5th Cir. 1988) ........................................................................................7

*Tindall v. One 1973 Ford Mustang*,
 No. 05-cv-73467, 2006 WL 1329168 (E.D. Mich. May 16, 2006) (Battani, J.) .......................4

# INDEX OF PREVIOUSLY UNCITED UNPUBLISHED OPINIONS

| EXHIBIT A | *Almond v. ABB Industrial Systems, Inc.,* <br> No. C2-95-707, 2001 WL 242548 (S.D Ohio Mar. 6, 2001) |
|---|---|
| EXHIBIT B | *Brown v. Way,* <br> No.10-cv-13016, 2011 WL 3555631 (E.D. Mich. Mar. 31, 2011) |
| EXHIBIT C | *Harris v. Lloyds TSB Bank, PLC,* <br> 281 F. App'x 489 (6th Cir. June 18, 2008) |
| EXHIBIT D | *Tindall v. One 1973 Ford Mustant (Vin 3F03F139034),* <br> No. 05-cv-73467, 2006 WL 1329168 (E.D. Mich. May 16, 2006) |

**INTRODUCTION**

Plaintiffs have not met their burden to establish that this Court has personal jurisdiction over Ichikoh. Plaintiffs concede that there are no facts that support the Court's exercise of general jurisdiction, and focus entirely on specific jurisdiction.[1] But they have not satisfied – and cannot satisfy – the three part test that the Sixth Circuit requires to establish that the exercise of specific personal jurisdiction is proper: Plaintiffs have not shown that Ichikoh purposefully availed itself of the privilege of doing business in the United States under any theory; they have not established that any of Ichikoh's attenuated indirect contacts with the United States gave rise to their claims; and, given Ichikoh's tenuous connection to the United States, plaintiffs have not offered any basis for this Court to conclude that exercising jurisdiction over Ichikoh would be reasonable.

Although plaintiffs purport to attempt to satisfy each part of the test (and fail to do so), the crux of their argument appears to be that the Court should exercise personal jurisdiction over Ichikoh because plaintiffs' alleged conspiracy is plausible. There are two problems with that approach: First, this Court has already rejected the conspiracy theory of specific jurisdiction twice in this auto parts MDL, and there is no justification for the Court to revisit its position on that issue here. Second, although plaintiffs claim repeatedly in their opposition that their complaints allege conspiratorial conduct by Ichikoh *in the United States* and specifically *targeting the United States*, their complaints contain no such allegations *as to Ichikoh*. Plaintiffs' mischaracterizations of their own complaints cannot save their claims.

---

[1] Plaintiffs also no longer claim, as they incorrectly alleged in their complaints, that Ichikoh or its former subsidiaries "manufactured, marketed, and/or sold HID Ballasts." ADs Compl. ¶ 116; EPs Compl. ¶ 85; 2:13-cv-01702, Dkt. 74-1, Watanabe Decl. ¶¶ 16, 18; 2:13-cv-01702, Dkt. 74-2, Grenda Decl. ¶¶ 7-8, 22-23. Plaintiffs now recognize that Ichikoh makes and sells automotive lamps, which Plaintiffs obliquely refer to as "HID Ballast products," Opp. at 1, 3, 4, 12, despite that only a small percentage of Ichikoh's lamps actually contain HID ballasts as a component part. Watanabe Decl. ¶ 15.

1

This motion is not a test of the plausibility of plaintiffs' alleged conspiracy. The question is whether *Ichikoh's* contacts with the United States are sufficient to satisfy due process. They are not. The Court should dismiss plaintiffs' complaints with prejudice.

## ARGUMENT

**I. PLAINTIFFS CONCEDE THAT THEY HAVE NO FACTS THAT ESTABLISH GENERAL JURISDICTION OVER ICHIKOH**

Plaintiffs do not dispute the sworn facts that Ichikoh is a Japanese company that has never (1) been incorporated in the United States, or been licensed to do business in the United States, (2) qualified as a foreign corporation in any state in the United States or had a registered agent in the United States, (3) maintained an office or branch in the United States, or any address, phone number, or fax number in the United States, (4) owned or leased real estate in the United States, (5) conducted its directors' or officers' meetings in the United States, (6) paid taxes in the United States, (7) maintained a bank account or borrowed money in the United States, (8) sued any entity or individual in the United States, (9) been charged with a crime in the United States or entered a criminal plea in the United States, or (10) had a physical presence in the United States, conducted business in the United States, or manufactured or sold products in the United States. 2:13-cv-01702, Dkt. 74-1, Watanabe Decl. ¶¶ 3-13.

In the face of these facts, plaintiffs concede that there is no basis for the Court to assert general jurisdiction over Ichikoh. Opp. at 6 n.1. Although plaintiffs claim to preserve the general jurisdiction argument for another day, *id.*, if they had had facts to rebut Ichikoh's sworn facts, they would have presented them. Clearly, they have none.

**II.    NONE OF THE "FACTS" THAT PLAINTIFFS PUT FORTH IN THEIR OPPOSITION ESTABLISH THAT ICHIKOH PURPOSEFULLY AVAILED ITSELF OF THE PRIVILEGE OF DOING BUSINESS IN THE UNITED STATES, SUCH THAT THIS COURT MAY EXERCISE SPECIFIC PERSONAL JURISDICTION OVER IT**

Plaintiffs argue three alternative theories of specific jurisdiction: the conspiracy theory; stream of commerce; and the "effects test." The Court rejected plaintiffs' arguments regarding two of those theories (the conspiracy theory and the stream of commerce theory) in prior cases in this MDL, yet plaintiffs make no real attempt to distinguish the Court's decisions in those cases. As to the "effects test," plaintiffs have not cited any facts that show that Ichikoh – as opposed to its alleged co-conspirators – engaged in specific conduct that was expressly aimed at the United States. Thus, plaintiffs have not satisfied their burden to establish that Ichikoh purposefully availed itself of the privilege of doing business in the United States, and the Court should dismiss plaintiffs' claims against Ichikoh on that ground.

**A.    Plaintiffs Have Not Given This Court Any Reason To Adopt The Conspiracy Theory Now, Having Rejected It As A Basis For Personal Jurisdiction In Two Prior Auto Parts Cases**

Plaintiffs argue that the Court should impute the acts of Ichikoh's alleged co-conspirators to Ichikoh and exercise personal jurisdiction over Ichikoh under the conspiracy theory. *Id.* at 9-11. But this Court rejected the conspiracy theory and declined to exercise jurisdiction over foreign defendants based on the conduct of their alleged co-conspirators in two prior cases in this MDL – *Wire Harness* and *Bearings*. This case is no different. *In re Automotive Parts Antitrust Litig.*, 2014 WL 2999271, *6 (E.D. Mich. July 3, 2014) ("*Bearings (AB SKF)*"); *In re Automotive Parts Antitrust Litig.*, 2013 WL 2456611, *3 (E.D. Mich. June 6, 2013) ("*Wire Harness (S-Y)*").

Plaintiffs argue that here, unlike in those cases, plaintiffs have shown that Ichikoh participated in and benefited from the alleged conspiracy, and that its alleged co-conspirators

3

had contacts with the United States.  Opp. at 11.  But the Court did not consider any of those factors when it declined to apply the conspiracy theory in *Wire Harness* or *Bearings*.  *Bearings (AB SKF)*, 2014 WL 2999271, *6; *Wire Harness (S-Y)*, 2013 WL 2456611, *3.  Rather, the Court rejected the theory on the ground that "the Court has no basis for imputing the actions of one to another in analyzing jurisdiction in the absence of an explicit directive by the Sixth Circuit to do so."  *See id.*  The law has not changed.  Plaintiffs themselves concede that the Sixth Circuit has not adopted the conspiracy theory, Opp. at 9, and thus, this Court should decline to do so again now.

Plaintiffs also argue that *General Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656 (E.D. Mich. 1996) ("*GM*"), requires a different result.  *Id.* at 9-10.  But this Court was well aware of Judge Edmunds' decision in *GM* when it rejected the conspiracy theory in *Wire Harness* and *Bearings*.  *See, e.g.*, *Tindall v. One 1973 Ford Mustang*, No. 05-cv-73467, 2006 WL 1329168, *4 (E.D. Mich. May 16, 2006) (Battani, J.) (quoting *GM*, in discussing the reasonableness prong).  Thus, *GM* does not warrant a different outcome.  *See also Singh v. Daimler, AG*, 902 F. Supp. 2d 974, 981 (E.D. Mich. 2012) (discussing *GM* and nonetheless declining to apply the conspiracy theory).

### B. Plaintiffs Have Not Established That Ichikoh Targeted Consumers in the United States, As The Stream Of Commerce Theory Requires

Plaintiffs argue that the stream of commerce theory applies here because Ichikoh "purposely directed its sales activities at the U.S." Opp. at 8.  But none of the facts that plaintiffs cite to support that assertion establish that Ichikoh *targeted* consumers in the United States – a factor that this Court has held is critical to the stream of commerce analysis.  *In re Automotive Parts Antitrust Litig.*, 2013 WL 2456610, *6-7 (E.D. Mich. June 6, 2013) ("*Wire Harness (Leoni)*").

4

First, plaintiffs assert that Ichikoh had knowledge that its Japanese car manufacturer customers had "distribution channels" through which they sold cars in the United States, and based on that knowledge, plaintiffs conclude that Ichikoh sold its headlamps to those customers "with the intention" that those headlamps would be sold in the United States. Opp. at 7-8. Plaintiffs claim that that fact alone is "sufficient to support a finding of purposeful availment" under the stream of commerce theory. *Id.* at 8. Plaintiffs are wrong.

In both *Wire Harness* and *Bearings*, this Court held that a foreign auto parts supplier's knowledge that its customers outside the United States would install its products in cars later sold in the United States does not rise to the level of targeting. At most, such facts suggest that the supplier could have predicted that its goods would reach the United States. But that is not enough. *See In re Automotive Parts Antitrust Litig.*, 2014 U.S. Dist. LEXIS 90745, at *91-93 (E.D. Mich. June 6, 2013) ("*Bearings (Schaeffler)*"); *Bearings (AB SKF)*, 2014 WL 2999271, at *6; *Wire Harness (S-Y)*, 2013 WL 2456611, *4-5; *Wire Harness (Leoni)*, 2013 WL 2456610, at *6-7. To rise to the level of targeting, there must be evidence that the supplier controlled where its customers sold the cars into which they installed the supplier's products. *Id.* Plaintiffs do not dispute that Ichikoh had no such control. Watanabe Decl. ¶ 14.

Second, plaintiffs claim that Ichikoh "directly distributed" its lighting products to its alliance partner, Valeo Sylvania, "and other business entities in the U.S." Opp. at 8. The website printouts that plaintiffs cite as "evidence" are inadmissible hearsay and the Court should disregard them. *Almond v. ABB Indus. Sys., Inc.*, No. C2-95-707, 2001 WL 242548, *7-8 (S.D. Ohio Mar. 6, 2001) (finding plaintiffs' exhibits in support of personal jurisdiction to be inadmissible hearsay). But even if the Court were to consider them, at most they suggest a handful of shipments of unidentified component parts to entities in the United States in 2013 and 2014. Under the Sixth Circuit's "stream of commerce plus" standard, "the placement of a

5

product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479 (6th Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987)). Plaintiffs do not assert that Ichikoh engaged in any of the types of conduct (or, plus factors) that courts have held evidence an "intent or purpose to serve the market in the forum State," – *e.g.*, designing products for, advertising in, providing regular advice to customers in, or having a sales agent in the United States – and thus they have not established purposeful availment based on the stream of commerce theory. *Asahi*, 480 U.S. at 112 (O'Connor, J.).

### C. Plaintiffs' Complaints Do Not Allege That Ichikoh Engaged In Conduct Expressly Aimed At The United States, Despite Plaintiffs' Characterizations To The Contrary

Plaintiffs claim that the *Calder* "effects test" applies because "Ichikoh and its coconspirators specifically aimed their anticompetitive conduct at the U.S. markets." Opp. at 9. But, as this Court held in *Bearings*, "[a]llegations of conspiratorial conduct alone do not suffice;" to satisfy the effects test as to Ichikoh, plaintiffs must identify "specific conduct directly attributable to" Ichikoh that was "expressly aimed" at the United States. *Calder v. Jones*, 465 U.S. 783 (1984); *Bearings (Schaeffler)*, 2014 U.S. Dist. LEXIS 90745, *89-91. Plaintiffs have not done so.

Plaintiffs misrepresent throughout their opposition brief that their complaints allege that "Ichikoh . . . participated in meetings, conversations, and communications in the U.S.," "discuss[ed] . . . bids and price quotations of HID Ballasts to be submitted to automobile manufacturers in the U.S.," and "agreed . . . to allocate the supply of HID Ballasts sold to automobile manufacturers in the U.S." *See, e.g.*, Opp. at 2. *None of these representations is true.* Plaintiffs' complaints do not contain a single allegation that *Ichikoh* ever engaged in any conduct in the United States or directed at the United States. ADs Compl. at *passim*; EPs

6

Compl. at *passim*. Indeed none of the 36 paragraphs in the complaints that plaintiffs cite for the proposition that Ichikoh's alleged conduct was aimed at the United States, *see* Opp. at 9, alleges a single fact about *Ichikoh*. The only fact that plaintiffs allege is █████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████ Yet even this allegation does not describe conduct in or directed at the United States. The "effects test" simply does not apply. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-68 (3d Cir. 1998) (agreeing with the Fourth, Fifth, and Tenth Circuits that the *Calder* "effects test" requires plaintiff to "point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum," and finding plaintiff failed to do so where it alleged that defendant engaged in a series of phone calls, letters, and meetings with the intent to harm plaintiff but that none of the activity occurred in the forum); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625-26 (4th Cir. 1997) (defendants' alleged conspiracy was not expressly aimed at the forum because the only alleged contact was that defendants knew their scheme would reduce plaintiff's sales in the forum); *Southmark Corp. v. Life Investors Inc.*, 851 F.2d 763, 772 (5th Cir. 1988) ("no evidence that [defendant] expressly aimed its allegedly tortious activities" at the forum, where oral agreement with which defendant allegedly interfered was negotiated and to be performed outside the forum).

Plaintiffs' failure to establish the purposeful availment prong of the Sixth Circuit's three-prong test warrants dismissal. The Court need go no further.

### III. PLAINTIFFS FAIL TO ESTABLISH THAT THEIR CLAIMS ARISE FROM ICHIKOH'S SPARSE AND ATTENUATED INDIRECT CONTACTS WITH THE UNITED STATES

Plaintiffs acknowledge that even if they can prove that Ichikoh purposefully availed itself of the privilege of conducting business in the United States (and they cannot), to establish that

7

this Court has personal jurisdiction over Ichikoh, they also must show that their claims are substantially connected to, and thus arise from, Ichikoh's in-forum activities. Opp. at 12; *see also Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). Plaintiffs have not made that showing.

The only in-forum activities that plaintiffs identify are "Ichikoh's direct shipments of its HID lamp products to the U.S." and its "business transactions with its U.S. affiliates who sell HID Ballasts throughout the U.S." Opp. at 12. Plaintiffs have not established that either of those supposed contacts relates in any way to their claims.

With respect to the shipments, as discussed above, the website printouts that plaintiffs attach to their opposition do not show that Ichikoh shipped "HID lamp products to the U.S.," as plaintiffs claim. *Id*. at 4. In fact, not one shows a shipment of an "HID lamp product" at all. *See id.* at Ex. 8. But even if the printouts did show shipments of "HID lamp products," plaintiffs' alleged conspiracy relates not to lamp products, but to *HID ballasts*. And plaintiffs do not (and cannot) allege that any of the shipments contained HID ballasts. *Id.* at 4. Thus, plaintiffs have not established any connection between their claims and these supposed shipments.

Plaintiffs also have not shown that there is a substantial relationship between Ichikoh's alliance partnership with Valeo – the only "U.S. affiliate" of Ichikoh that plaintiffs identify in their opposition brief – and their conspiracy claims. Plaintiffs allege only that Ichikoh had an alliance with Valeo, and that Valeo sold HID ballasts in the United States. ADs Compl. ¶ 116. However, plaintiffs do not allege that Ichikoh supplied any of the HID ballasts that Valeo allegedly sold. *Id.*; Opp. at 4. And they do not allege that Valeo was involved in the alleged HID ballasts conspiracy. *Id.*

### IV. PLAINTIFFS FAIL TO ESTABLISH THAT JURISDICTION OVER ICHIKOH WOULD BE REASONABLE

Plaintiffs also have not established that jurisdiction over Ichikoh would be reasonable, despite Ichikoh's tenuous connection with the United States and the significant burden that

8

defending a lawsuit in the United States would impose on Ichikoh. The reasonableness requirement is not the rubber stamp that plaintiffs suggest. Opp. at 12-13. First, there is no inference of reasonableness here, as plaintiffs argue, because plaintiffs have not satisfied the first two requirements for specific jurisdiction. *Id.* at 12. Second, Ichikoh did not purposefully direct its activities at the United States, and thus need not present a "compelling" case that jurisdiction is unreasonable. *Id.* at 13.

Plaintiffs argue that the burden on Ichikoh of defending itself in a foreign nation's judicial system 6,400 miles from its home is "relatively small" because of Ichikoh's alleged size and business success. *Id.* Even crediting plaintiffs' hearsay evidence, their argument is meritless. First, the reasonableness test asks whether a defendant's conduct has "a substantial enough connection" with the forum to make jurisdiction reasonable, and plaintiffs offer no authority for the proposition that a defendant's size and success in the abstract has anything to do with gauging the burden on the defendant. *Harris v. Lloyds TSB Bank, PCL*, 281 Fed. Appx. 489, 496 (6th Cir. June 18, 2008) (finding jurisdiction over Lloyds Bank unreasonable because burden of defending lawsuit in Tennessee would be "significant"). Moreover, the burden on Ichikoh is "severe" regardless of its size or success. *Asahi*, 480 U.S. at 106, 114 (finding that burden on Japanese company of defending itself in California was "severe" based on the distance between the company and the forum and the defendant's unfamiliarity with the judicial system). Given Ichikoh's tenuous connection with the United States, requiring Ichikoh to defend itself in this litigation would be patently unreasonable. Plaintiffs fail the third prong of the test.

## V.    THERE IS NO BASIS FOR JURISDICTIONAL DISCOVERY

The Court should deny plaintiffs' request for jurisdictional discovery because there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction. Plaintiffs made the same request for each foreign defendant that moved to

dismiss for lack of personal jurisdiction in *Bearings* and *Wire Harness*, and this Court rejected plaintiffs' request each time. *Bearings (AB SKF)*, 2014 WL 2999271, *6-7; *Bearings (Schaeffler)*, 2014 U.S. Dist. LEXIS 90745, *93-94; *Wire Harness (Leoni)*, 2013 WL 2456610, *8; *Wire Harness (S-Y)*, 2013 WL 2456611, *5-6. Plaintiffs do not even attempt to distinguish the Court's rulings in those cases. Opp. at 14.

Should the Court even entertain the request here, plaintiffs are not entitled to discovery because they have not made a prima facie showing of jurisdiction. *Brown v. Way*, No. 10-cv-13016, 2011 WL 3555631, *4 (E.D. Mich. Mar. 31, 2011). They also do not identify the evidence that they seek to discover. Opp. at 14; *Wire Harness (Leoni)*, 2013 WL 2456610, *8 (denying jurisdictional discovery on the ground that plaintiffs did "not indicate what evidence they [sought] to discover" via their "fishing expedition"); *Bearings (AB SKF)*, 2014 WL 2999271, *6 (same); *Bearings (Schaeffler)*, 2014 U.S. Dist. LEXIS 90745, *93 (same).

It remains undisputed that Ichikoh has never (1) had a physical presence in the United States, (2) conducted business in the United States, (3) manufactured or sold any products in the United States, (4) been charged with a crime in the United States or entered a criminal plea in the United States, or (5) controlled where automobile manufacturers that purchase Ichikoh's lamps in Japan later sell their vehicles that contain those lamps. Watanabe Decl. ¶¶ 12-14. Given those facts, this Court lacks personal jurisdiction over Ichikoh under any theory. There is thus no basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction.

## CONCLUSION

For the reasons stated above, Ichikoh respectfully requests that the Court deny plaintiffs' request for jurisdictional discovery and dismiss with prejudice plaintiffs' Consolidated Amended Class Action Complaints against Ichikoh in their entirety for lack of personal jurisdiction.

Dated: November 17, 2014    Respectfully submitted,

 */s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
William H. Rawson
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com
william.h.rawson@lw.com

Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel.: (415) 391-0600
Fax: (415) 395-8095
dan.wall@lw.com

*Attorneys for Defendant*
*Ichikoh Industries, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2014, I caused a true and correct copy of the foregoing Defendant Ichikoh Industries, Ltd.'s Reply Memorandum In Support of Ichikoh's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaints for Lack of Personal Jurisdiction to be served electronically via the ECF system.

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
marguerite.sullivan@lw.com

*Attorney for Defendant*
*Ichikoh Industries, Ltd.*