UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| IN RE: HID BALLASTS | |
| THIS DOCUMENT RELATES TO:<br><br>DEALERSHIP ACTIONS<br>END-PAYOR ACTIONS | 2:13-cv-01702-MOB<br>2:13-cv-01703-MOB<br><br>**Oral Argument Requested** |

**REPLY IN SUPPORT OF DEFENDANT NORTH AMERICAN LIGHTING, INC.'S MOTION TO DISMISS THE END-PAYORS' AND THE AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS**

i

## **TABLE OF CONTENTS**

                                                                                         **Page**

INTRODUCTION ..........................................................................................................1
ARGUMENT ................................................................................................................1
I.      **PLAINTIFFS' RELIANCE ON KOITO'S PLEA AGREEMENT WITH THE DEPARTMENT OF JUSTICE IS MISPLACED AND WHOLLY IRRELEVANT AS TO NAL.**..........................................................................1
II.     **PLAINTIFFS' COMPLAINTS FAIL TO STATE A CLAIM AGAINST NAL.**........................................................................................................2
CONCLUSION.............................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 2, 4, 5

*In re Graphics Processing Units Antitrust Litig.*,
  527 F. Supp. 2d 1011 (N.D.Cal.2007) ...................................................................................... 2

*In re Hawaiian & Guamanian Cabotage Antitrust Litig.*,
  647 F. Supp. 2d 1250 (W.D. Wash. 2009) ................................................................................ 4

*Hyland v. HomeServices of Am., Inc., No. 12-5947*, (6th Cir. Nov. 13, 2014), 2014
  WESTLAW 2861775 ................................................................................................................ 4

*In re Travel Agent Comm'n Antitrust Litig.*,
  583 F.3d 896 (6th Cir.2009) .................................................................................................. 2, 3

*Monsanto Co. v. Spray–Rite Serv. Corp.*,
  465 U.S. 752 (1984) ................................................................................................................. 3

*Stanislaus Foods Prods. Co. v. USS-POSCO Indus.*,
  782 F. Supp. 2d 1059 (E.D. Cal. 2011) .................................................................................... 4

## INTRODUCTION

Defendant North American Lighting, Inc. ("NAL") submits this reply to the End-Payor and Auto Dealership Plaintiffs' Opposition to NAL's Motion to Dismiss the Dealership and End-Payor Complaints. As demonstrated in NAL's opening brief and the arguments set forth below, Plaintiffs fail to plead sufficient facts to establish a claim against NAL. As a result, the Complaints should be dismissed as to NAL.[1]

## ARGUMENT

### I. PLAINTIFFS' RELIANCE ON KOITO'S PLEA AGREEMENT WITH THE DEPARTMENT OF JUSTICE IS MISPLACED AND WHOLLY IRRELEVANT AS TO NAL.

In January 2014, Koito Manufacturing Co., Ltd. ("Koito"), the parent company of NAL, entered into a plea agreement with the U.S. Department of Justice ("DOJ"). Included in the plea agreement is an ongoing cooperation obligation for Koito and its subsidiary companies. That obligation includes providing relevant documents and granting access to employees for interviews in the U.S., should DOJ so request. *See* Ex. 3 of Opp. Plaintiffs go to great lengths to argue that the inclusion of NAL in Koito's cooperation obligation somehow imputes liability to NAL. It does not. Admission of criminal wrongdoing and an agreement to cooperate are wholly separate; one has nothing to do with the other. The fact that Koito pled guilty to criminal wrongdoing does nothing to implicate NAL in any unlawful activity. Nor does the fact that Koito agreed, as part of its plea agreement, to provide information from NAL—should such information be requested—implicate NAL or in any way render Plaintiffs' claims against NAL

---

[1] NAL will cite its opening brief (No. 2:13-cv-1702, ECF 65; No. 2:13-cv-1703, ECF 45) as "NAL Mem. __" and Plaintiffs' opposition brief (No. 2:13-cv-1702, ECF 91; No. 2:13-cv-1703, ECF 71 as "Opp __."

plausible.[2]  Indeed, it would have been anomalous for Koito to agree to provide documents and materials to a U.S. government agency, should it be requested to do so, yet exclude its wholly-owned U.S. subsidiary as a potential source of information.

An obligation to cooperate in conjunction with a parent's plea agreement provides no more of a basis to infer liability than receipt of a subpoena in a grand jury investigation.  And courts have held that the existence of a grand jury investigation into a defendant's potential criminal antitrust liability is irrelevant to the issue of whether civil plaintiffs have adequately alleged a Sherman Act violation.  *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D.Cal. 2007) (stating that a grand jury investigation carried out by the Antitrust Division of DOJ "carries no weight in pleading an antitrust conspiracy claim" and is a "non-factor.").  If NAL is requested to submit information to DOJ pursuant to its parent's cooperation obligation, it will be in the context of a continuing investigation, not in connection with any admitted wrongdoing on the part of NAL.  NAL has not pled guilty to any criminal conduct.  Plaintiffs' argument that Koito's plea agreement—and any cooperation obligations therein—somehow equates to culpability on the part of NAL is unavailing.[3]

## II.   PLAINTIFFS' COMPLAINTS FAIL TO STATE A CLAIM AGAINST NAL.

In order to meet the pleading standards established by *Twombly*, a complaint must contain sufficient factual matter that, taken as true, suggests an unlawful agreement was made by the defendant.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  Plaintiffs may satisfy this burden by offering allegations of either explicit agreements to restrain trade or sufficient

---

[2] NAL was not a party to the plea agreement.

[3] This also holds true for Plaintiffs' misplaced argument that somehow the actions of the JFTC and EC connect NAL to any wrongdoing in the U.S.  Opp. 8-9.  Plaintiffs note that Koito paid a surcharge to the JFTC and that a cease and desist order was issued.  *Id.*  However, the JFTC action Plaintiffs cite (i) did not involve HID ballasts, the product that is the subject of the complaints at issue here, and (ii) did not involve either NAL or the U.S. marketplace generally.

circumstantial evidence "that reasonably tends to prove that the [defendant] and others had a conscious commitment to a common scheme designed to achieve an unlawful objective." *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 907 (6th Cir.2009) (quoting *Monsanto Co. v. Spray–Rite Serv. Corp.,* 465 U.S. 752, 768 (1984)). In other words, facts must be alleged that either explicitly establish liability or suggest behavior that is inconsistent with independent unilateral interest. *See id.*

Plaintiffs allege no facts that, if true, would prove an agreement to restrain trade as to NAL. Plaintiffs only cite legal conclusions that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). NAL has not pled guilty in any jurisdiction to any wrongdoing related to HID ballasts, and Plaintiffs' Complaints do not include sufficient factual allegations to connect NAL to the same ballasts conspiracy in which other defendants have pled guilty. Plaintiffs have not alleged that *NAL* entered into explicit, illegal agreements with competitors. Instead, Plaintiffs rely on the vague notion of the "totality of the allegations and judicially noticeable facts regarding the HID [b]allasts conspiracy and Koito and NAL . . ." Opp. 2. Allegations pointing to specific wrongful acts by NAL are non-existent, and the only "judicially noticeable fact" about NAL is that it is covered by the cooperation obligation in Koito's plea agreement; information that is wholly irrelevant to whether NAL has engaged in any wrongdoing. *Id.* In addition, Plaintiffs vaguely assert that NAL is "Koito's U.S.-based wholly-owned and/or controlled subsidiary," that NAL "directly or indirectly manufactured, marketed, and/or sold" ballasts, and that NAL's "policies, sales, and finances" were under the control of Koito. Opp. 3. But none of these allegations attempt to explain *how* NAL was involved in any wrongdoing. These allegations are insufficient to state a claim for an antitrust conspiracy.

3

Plaintiffs also attempt to connect NAL to the alleged conspiracy by making various general allegations about the market for HID ballasts. Opp. 2. Plaintiffs' allegations fall well short of what is required to establish that NAL engaged in behavior inconsistent with its independent interest. Listing market factors that *may* give rise to a conspiracy and noting that a market *might be* structurally susceptible to collusion are insufficient to satisfy *Twombly*. Plaintiffs must allege pricing or other competitive behavior by NAL that is only explained as being the result of concerted action among competitors. *See Twombly*, 550 U.S. at 566 (allegations of parallel behavior must do more than describe behavior consistent with independent responses to natural market forces).[4] The only conduct Plaintiffs allege regarding NAL is that it "directly or indirectly manufactured, marketed, and/or sold" ballasts. Such conduct is hardly indicative of potentially collusive conduct.

Moreover, Plaintiffs' boilerplate statements that some defendants attended meetings and entered into agreements are not sufficient to state a claim for an antitrust conspiracy as to NAL, as they are not evidence that NAL participated. *See In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257 (W.D. Wash. 2009) (granting motion to dismiss plaintiffs' antitrust conspiracy claim where plaintiffs offered "no particulars concerning the locations or dates of any meetings" and did not "identify any individuals who might have been involved" in the conspiracy); *Stanislaus Foods Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011) (granting defendant's motion to dismiss, in part, because plaintiffs' allegations did not put defendant on sufficient notice as to where the agreements were made, who was involved, or whether there were multiple agreements). Here, Plaintiffs do not

---

[4] *See also Hyland v. HomeServices of Am., Inc.*, No. 12-5947, (6th Cir. Nov. 13, 2014), 2014 WESTLAW 2861775 (assertion of structural market factors meaningless absent additional allegations of defendant-specific anticompetitive behavior).

4

even allege that NAL participated in meetings, trade associations, or other perceived conspiratorial behavior. Without these details, Plaintiffs are merely making conclusory recitations that fall well short of their burden under *Twombly*.

When viewed holistically, and in the light most favorable to Plaintiffs, the Complaints still fail to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and similarly fail to demonstrate that relief is "plausible on its face," *id.* at 570. The existence of a plea agreement on behalf of a corporate parent, coupled with vague assertions as to market conditions alone simply do not satisfy the pleading requirements set forth in *Twombly*. As a result, the Complaints should be dismissed as to NAL.

## CONCLUSION

For the foregoing reasons, Defendant NAL respectfully requests that the Court dismiss with prejudice all claims asserted against it by the End-Payor and Dealership Plaintiffs.

Dated: November 25, 2014                                    Respectfully submitted,

**DYKEMA GOSSETT PLLC**                         **ARNOLD & PORTER LLP**
By: /*s/ Howard B. Iwrey*
Howard B. Iwrey (P39635)                            By: *s/ Franklin R. Liss*
Brian M. Moore (P58584)                              Franklin R. Liss (DC Bar #440289)
39577 Woodward Avenue                            Barbara H. Wootton (DC Bar #470764)
Bloomfield Hills, Michigan 48304                 Danielle M. Garten (DC Bar #976591)
T: (248) 203-0700                                           555 Twelfth Street NW
F: (248) 203-0763                                           Washington, DC 20004
Email: hiwrey@dykema.com                       T: (202) 942-5969
bmoore@dykema.com                                  F: (202) 942-5999
                                                                        Email: frank.liss@aporter.com
                                                                        barbara.wootton@aporter.com
                                                                        danielle.garten@aporter.com

                                                                        *Attorneys for Defendant North American Lighting, Inc.*

5

## CERTIFICATE OF SERVICE

    I, Howard B. Iwrey, hereby certify that on November 25, 2014, I caused the foregoing REPLY IN SUPPORT OF DEFENDANT NORTH AMERICAN LIGHTING, INC.'S MOTION TO DISMISS THE END-PAYORS' AND THE AUTO DEALERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            /*s/ Howard B. Iwrey*
                                            Howard B. Iwrey (P39635)
                                            39577 Woodward Avenue
                                            Bloomfield Hills, Michigan 48304
                                            Telephone: (248) 203-0700
                                            Facsimile: (248) 203-0763
                                            Email: hiwrey@dykema.com