UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION                     MASTER FILE NO. 12-md-02311

_____

In re: HID Ballasts                              HON. MARIANNE O. BATTANI

_____

THIS DOCUMENT RELATES TO:

Dealership Actions                               2:13-cv-01702
End-Payor Actions                                2:13-cv-01703
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISMISS THE DEALERSHIP AND END-PAYOR COMPLAINTS**

Before the Court is Defendant North American Lighting, Inc.'s Motion to Dismiss the Dealership and End-Payor Complaints. (Case No. 13-1702, Doc. No. 65; Case No. 13-1703, Doc. No. 45). The matter was set to be heard on January 28, 2015; however, the parties waived oral argument prior to the hearing. For the reasons stated below, Defendant's motion is **DENIED**.

**I.  STATEMENT OF FACTS**

Automobile Dealership Plaintiffs ("ADPs") and End-Payor Plaintiffs ("EPPs") (collectively referred to as "Indirect Purchaser Plaintiffs" or "IPPs") filed separate consolidated amended class action complaints alleging several federal and state law antitrust claims against Defendants. Specifically, IPPs allege that Defendants "engag[ed] in a long-running conspiracy to unlawfully fix, artificially raise, maintain and/or stabilize prices, rig bids for, and allocate the market and customers in the United States for HID Ballasts." (Case No. 13-1702, Doc. No. 25 at ¶ 1). HID Ballasts are

defined as "electrical device[s] that limit[ ] the amount of electrical current flowing to an HID headlamp, which would otherwise rise to destructive levels due to the HID headlamp's negative resistance." (Id. at ¶ 3). IPPs seek to represent all automobile dealers and consumers who purchased a vehicle "which included one or more HID Ballast(s) as a component part, or indirectly purchased one or more HID Ballast(s) as a replacement part, which were manufactured or sold by the Defendants . . . ." (Id. at ¶ 2; Case No. 13-1703, Doc. No. 9 at ¶ 2).

Defendant North American Lighting, Inc. ("NAL") is a Michigan corporation with its principal place of business in Illinois. (Case No. 13-1703, Doc. No. 9 at ¶ 92). NAL is alleged to be wholly owned and controlled by its parent company Defendant Koito Manufacturing Co., Ltd., a Japanese corporation with its principal place of business in Tokyo, Japan. (Id. at ¶ 91). IPPs allege that NAL "manufactured, marketed, and/or sold HID Ballasts that were purchased throughout the United States, including in this District, during the Class Period." (Id. at ¶ 92). In addition, IPPs assert that "[a]t all times during the Class Period the activities of North American Lighting, Inc. were under the control and direction of Koito Manufacturing Co., Ltd. which controlled its policies, sales, and finances." (Case No. 13-1702, Doc. No. 25 at ¶ 123).

On January 16, 2014, Koito pleaded guilty to criminal charges and agreed to pay a $56.6 million fine in connection with an investigation conducted by the Department of Justice Antitrust Division. (Id. at ¶ 171). Specifically, Koito admitted to participating in "a conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, to allocate the supply of, and to fix, stabilize, and maintain the prices of automotive parts, including HID Ballasts, sold to automobile manufacturers in

the United States . . . ." (Id.)  In the plea agreement, Koito expressly agreed both that it and NAL "will cooperate fully and truthfully with the [DOJ] in the prosecution . . . the current federal investigation of violations of federal antitrust laws and related criminal laws involving the manufacture or sale of . . . automotive HID lamp ballasts." (Case No. 13-1702, Doc. No. 92, Ex. 3 at ¶ 13).  Both Koito and NAL are required to provide documents and information to the DOJ, as well as help secure cooperation of current and former directors, officers, and employees of both companies with the ongoing investigation.  (Id.)

In addition, several other alleged coconspirators pleaded guilty to anticompetitive conduct in the United States related to HID Ballasts, including Panasonic Corporation, Mitsubishi Electric Corporation, and Stanley Electric Co.  (Case No. 13-1702, Doc. No. 25 at ¶¶ 161, 165, 168).  IPPs allege that all Defendants, including Koito and NAL, participated in at least six meetings in order to discuss pricing of HID Ballasts.

IPPs also provide allegations regarding the structure and characteristics of the HID Ballasts market that render it conducive to conspiratorial anticompetitive conduct.  Specifically, the HID Ballasts market has high barriers to entry evidenced by substantial start-up costs faced by a new entrant along with the Defendants' collective ownership of multiple patents related to the manufacture of HID Ballasts.  (Id. at ¶¶ 145-46).  In addition, the market has inelastic demand, which describes a market where an increase in price of a product results in a marginal decrease in sales.  (Id. at ¶ 148).  IPPs assert that inelastic demand in the HID Ballasts market allowed the cartel to profit by increasing prices above competitive levels during the Class Period.  (Id. at ¶ 149).

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997).

When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In Twombly, the Supreme Court considered the pleading requirements necessary to withstand a motion to dismiss relative to a Section 1 Sherman Act claim. It held that the complaint must contain enough factual matter to "plausibly suggest" an agreement:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may

4

> proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

550 U.S. at 556.

### III. ANALYSIS

In its motion, NAL argues that IPPs' complaints fail to plausibly connect it to the alleged conspiracy to fix prices of HID Ballasts in the United States. It claims the allegations relating to Koito's plea agreement with the DOJ are irrelevant and asserts that IPPs fail to allege a single instance of wrongdoing against NAL. However, the allegations contained within IPPs' complaints are substantially similar to those alleged in other cases within this multidistrict litigation, which the Court found sufficient to defeat a Rule 12(b)(6) motion. See e.g. In re Automotive Parts Antitrust Litig. [Bearings], 2014 WL 4209588, at *3-4 (E.D. Mich. Aug. 26, 2014); In re Automotive Parts Antitrust Litig. [Wire Harness], 2013 WL 2456013, at *2-3 (E.D. Mich. June 6, 2013). The Court finds no reason to depart from its prior rulings.

In the case at hand, IPPs allege a conspiracy to fix the price of HID Ballasts, which is supported by several guilty pleas of the alleged coconspirators. Koito, the parent company of NAL, pleaded guilty to the same conduct alleged in IPPs' complaints. In addition, IPPs allege that Koito controlled the sales, policies, and finances of NAL, which sold price-fixed HID Ballasts in the United States under the direction of Koito.

The allegations here are similar to those in set forth in In re Automotive Parts Antitrust Litigation [Wire Harness], 2013 WL 2456613, at *3-4 (E.D. Mich. June 6, 2013). In that case, Defendant GS Electech, Inc., which was the parent company of two United States-based subsidiaries, pleaded guilty to price fixing another part in this multidistrict

5

litigation. Id. at *2-3. Its two subsidiaries filed a motion to dismiss, arguing that the allegations failed to specifically mention any illegal conduct other than their corporate relationship to GS Electech. Id. at *4. Citing the guilty plea, the Court found the allegations of GS Electech's control over its subsidiaries sufficient to create "an inference that [the subsidiaries] participated in the conspiracy aimed at the United States." Id. at *3.

Here, Koito pleaded guilty to participating in a conspiracy aimed at the United States. IPPs allege that Koito controlled NAL and sold HID Ballasts through NAL into the United States market. The guilty plea requires full cooperation of both Koito and NAL. Therefore, the analyses in the Wire Harness and Bearings cases are instructive, and the allegations are sufficient to state a claim for relief against NAL.

### IV. CONCLUSION

Accordingly, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Date: February 9, 2015                              s/Marianne O. Battani
                                                                          MARIANNE O. BATTANI
                                                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 9, 2015.

                                                                                                 s/ Kay Doaks
                                                                                                 Case Manager