**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00802 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**Automobile Dealership Plaintiffs' Motion to Authorize Dissemination of Class Notice and**
**to Conduct Hearing for Final Approval of Settlements and Application**
**for Interim Expenses, Attorneys' Fees, and Service Awards**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Automobile Dealership Plaintiffs move the Court for approval to disseminate class notice for a series of settlements with certain Defendants (the "Settlements") and to conduct a hearing for final approval of the Settlements and an application for an interim award of expenses, attorneys' fees, and class representative service awards.

In support of this Motion, Automobile Dealership Plaintiffs rely upon and incorporate by reference herein the facts and legal arguments set forth in the accompanying Memorandum of Law and the Declaration of Alan Vasquez.

The Automobile Dealership Plaintiffs and the settling Defendants do **not** request a hearing for this motion. The settling Defendants do not oppose this motion and consent to the entry of the proposed order.

Dated: August 25, 2016    Respectfully submitted,

          /s Gerard V. Mantese
          Gerard V. Mantese
          (Michigan Bar No. P34424)
          **MANTESE HONIGMAN, P.C.**
          1361 E. Big Beaver Road
          Troy, Michigan 48083
          Telephone: (248) 457-9200
          gmantese@manteselaw.com

          *Interim Liaison Counsel for Dealership Plaintiffs*

          Jonathan W. Cuneo
          **CUNEO, GILBERT & LADUCA, LLP**
          507 C Street, N.E.
          Washington, DC 20002
          Telephone: (202) 789-3960
          jonc@cuneolaw.com

Don Barrett
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
dbarrett@barrettlawgroup.com

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6618
sraiter@larsonking.com

*Interim Co-Lead Class Counsel for*
*Dealership Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS | : | Master File No. 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| In Re: Wire Harness | : | Case No. 2:12-cv-00102 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00202 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00302 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00402 |
| In Re: Bearings | : | Case No. 2:12-cv-00502 |
| In Re: Alternators | : | Case No. 2:13-cv-00702 |
| In Re: Anti Vibrational Rubber Parts | : | Case No. 2:13-cv-00802 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00902 |
| In Re: Radiators | : | Case No. 2:13-cv-01002 |
| In Re: Starters | : | Case No. 2:13-cv-01102 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01402 |
| In Re: Motor Generators | : | Case No. 2:13-cv-01502 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01702 |
| In Re: Inverters | | Case No. 2:13-cv-01802 |
| In Re: Electronic Powered Steering Assemblies | | Case No. 2:13-cv-01902 |
| In Re: Air Flow Meters | | Case No. 2:13-cv-02002 |
| In Re: Fan Motors | | Case No. 2:13-cv-02102 |
| In Re: Fuel Injection Systems | | Case No. 2:13-cv-02202 |
| In Re: Power Window Motors | | Case No. 2:13-cv-02302 |
| In Re: Automatic Transmission Fluid Warmers | | Case No. 2:13-cv-02402 |
| In Re: Valve Timing Control Devices | | Case No. 2:13-cv-02502 |
| In Re: Electronic Throttle Bodies | | Case No. 2:13-cv-02602 |
| In Re: Air Conditioning Systems | | Case No. 2:13-cv-02702 |
| In Re: Windshield Washer Systems | | Case No. 2:13-cv-02802 |
| In Re: Spark Plugs | | Case No. 2:15-cv-03002 |
| In Re: Automotive Hoses | | Case No. 2:15-cv-12893 |
| In Re: Power Window Switches | | Case No. 2:16-cv-03902 |
| In Re: Ceramic Substrates | | Case No. 2:16-cv-12194 |

THIS DOCUMENT RELATES TO
AUTOMOBILE DEALERSHIP ACTIONS

**Memorandum in Support of Dealership Plaintiffs' Motion to Authorize Dissemination of
Class Notice and to Conduct Hearing for Final Approval of Settlements
and Application for Interim Expenses,
<u>Attorneys' Fees, and Service Awards</u>**

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should grant leave for the Automobile Dealership Plaintiffs to Disseminate Notice of the Settlements to Potential Members of the Settlement Classes?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008)

*In re: Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483 (E.D. Mich. 2008)

# TABLE OF CONTENTS

**Page**

Pertinent Procedural History ........................................................................................... 1

    A.    Automobile Dealership Settlements with Certain Defendants ...................................... 1

    B.    Plan for Dissemination of Notice to Potential Members of the Settlement Classes .... 3

Argument .......................................................................................................................... 4

    I.    The Court Should Approve the Form and Manner of Notice to the Automobile Dealer Settlement Class Members ............................................................................ 4

        A.    Notice Standards and Requirements ................................................................ 4

        B.    The Proposed Manner of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) .............................................................................. 5

        C.    The Proposed Form of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) .............................................................................. 7

    II.    The Proposed Notices Provide Class Members with Sufficient Information About the Details of the Settlements ................................................................................. 8

    III.    The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines ................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) ..........................11

*Berland v. Mack*, 48 F.R.D. 121 (S.D.N.Y. 1969)............................................................................5

*Brotherton v. Cleveland*, 141 F. Supp.2d 907 (S.D. Ohio 2001) ..................................................12

*Carlough v. Amchem Prods.*, 158 F.R.D. 314 (E.D. Pa. 1993)........................................................5

*Connectivity Systems Inc. v. National City Bank*, 2011 WL 292008 (S.D. Ohio Jan. 26, 2011) ...................11

*Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 2008) ...........................................................................11

*Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 2005 WL 388562 (S.D.N.Y. Feb. 18, 2005) .................11

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ............................................................. ii, 4, 5

*Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240 (S.D. Ohio 1991).....................12

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) ...........................................................................ii, 5

*Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975) ..................................................5

*Hainey v. Parrott*, No. 1:02-cv-733, 2007 WL 3308027 (S.D. Ohio Nov. 6, 2007...................................12

*In re Air Cargo Shipping Serv. Litig.*, No. 06-md-1775, 2011 WL 2909162 (E.D.N.Y., Jul. 15, 2011) ....12

*In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987) ..........................................10

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003) ......................................12

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483 (E.D. Mich. 2008).....................ii, 8

*In re Diet Drugs Prod. Liab. Litig.*, 2002 WL 32154197 (E.D. Pa., Oct. 3, 2002) ......................................12

*In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534 (N.D. Ga. 1992)........................................*5*

*In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 631 (E.D. Pa. 2003)........................................9

*In re Packaged Ice Antitrust Litig.*, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ................................9, 10

*In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473 (E.D. Mich. Jan. 20, 2015).................11

*In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697 (M.D. Pa. 2008)............................9

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450 (D.N.J. 1997)..................................8

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362 (S.D.N.Y. 1996).................................................5

*In re Revco Sec. Litig.*, 1992 WL 118800 (N.D. Ohio May 6, 1992)..............................................................12

*In re Skelaxin Antitrust Litig.*, No. 12-cv-83, 2014 WL 2946459 (E.D. Tenn. June 30, 2014)..............11

*In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155379 (E.D. Tenn. May 17, 2013) ...........10

*In re Sterling Foster & Company, Ins. Sec. Litig.*, 238 F. Supp. 2d 480 (E.D.N.Y. 2002)............................12

*In re Washington Public Power Supply System Sec. Litig.*, 1988 WL 158947 (W.D. Wash. July 28, 1988) ...10

*In re WorldCom, Inc. Sec. Litig.*, 02-civ-3288 (DLC), 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) ........9

*Larson v. Spring Nextel Corp.*, No. 07-5325, 2009 WL 1228443 (D.N.J. Apr. 30, 2009)..........................7

*Liberte Capital Groupv . Capwill*, 2007 WL 2492461 (N.D. Ohio Aug. 29, 2007)....................................12

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ...............................................................5

*Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004) ......................................................................................9

*Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483 (D.C. Cir. 1992) ..........................................................4

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).....................................................................................4

*Weigner v. The City of New York*, 852 F.2d 646 (2d Cir. 1988) .....................................................................5

## Rules

Fed. R. Civ. P. 23 ......................................................................................................................................5, 8

Fed. R. Civ. P. 23(b)(3).................................................................................................................................4

Fed. R. Civ. P. 23(c)(2)(B).............................................................................................................2, 4, 5, 7

Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).............................................................................................................7

Fed. R. Civ. P. 23(c)(3) ................................................................................................................................7

Fed. R. Civ. P. 23(e)(1) ..................................................................................................................2, 3, 4, 5, 7

Fed. R. Civ. P. 23(h) ....................................................................................................................................8

## Other Authority

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.311 (2004) ................................................................5

MANUAL § 13.21 .............................................................................................................................................9

MANUAL § 21.312.............................................................................................................................10

MANUAL § 21.633...............................................................................................................................8

## Introduction

The Automobile Dealership Plaintiffs ("Dealership Plaintiffs") respectfully submit this Memorandum in support of their motion seeking Court approval to disseminate class notice for a second group of Dealership Plaintiff settlements (the "Settlements") in the various cases noted above and to conduct a hearing for final approval of the Settlements along with any corresponding request for an award of expenses, attorneys' fees, and class representative service awards.

The notice program used for the first group of Dealership Plaintiff settlements in this litigation resulted in excellent claims participation from thousands of automobile dealerships located in the indirect purchaser states. The Dealership Plaintiffs now seek approval to disseminate notice for a second round of settlements, which total approximately $125 million, thereby allowing the final approval process to be started. The Dealership Plaintiffs propose a notice plan similar to the one previously approved by the Court.

The Dealership Plaintiffs respectfully move the Court to approve the form and plan for dissemination of notice to the Dealership Plaintiff settlement classes. At a final approval hearing, the Dealership Plaintiffs will ask the Court to consider: (1) the fairness, reasonableness, and adequacy of the Settlements; (2) a request for an interim reimbursement of incurred litigation expenses; (3) a request for the establishment of an interim litigation expense fund for future costs; (4) a request for an interim award of attorneys' fees; and (5) a request for service awards for the named Dealership Plaintiffs.

## Pertinent Procedural History

### A.    Automobile Dealership Settlements with Certain Defendants.

On January 29, 2016, the Court granted preliminary approval to the Dealership Plaintiffs' settlement with Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc. (incorporating K&S Wiring Systems, Inc.), and Sumitomo Wiring

Systems (U.S.A.) Inc. and provisionally certified settlement classes. [Case No. 12-cv-00102, ECF No. 423; Case No. 12-cv-00402, ECF No. 188].

On June 1, 2016, the Court granted preliminary approval to the Dealership Plaintiffs' settlement with Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. and provisionally certified settlement classes. [Case No. 12-cv-00102, ECF No. 479; Case No. 13-cv-00702, ECF No. 90; Case No. 13-cv-01102, ECF No. 81; Case No. 13-cv-01402, ECF No. 94; Case No. 13-cv-01702, ECF No. 166; Case No. 13-cv-02202, ECF No. 180; and Case No. 13-cv-02502, ECF No. 146].

Preliminary approval motions were submitted by the Dealership Plaintiffs to the Court for settlements with DENSO Corporation, DENSO International America, Inc., DENSO International Korea Corporation, DENSO Korea Automotive Corporation, DENSO Automotive Deutschland GmbH, ASMO Co., Ltd. ASMO North America, LLC, ASMO Greenville of North Carolina, Inc., and ASMO Manufacturing, Inc. [Case No. 13-cv-2702, ECF No. 75; Case No. 13-cv-02002, ECF No. 54; Case No. 13-cv-00702, ECF No. 93; Case No. 13-cv-02402, ECF No. 56; Case No. 16-cv-12194, ECF No. 8; Case No. 13-cv-02602, ECF No. 46; Case No. 13-cv-02102, ECF No. 58; Case No. 13-cv-02202, ECF No. 189; Case No. 12-cv-00302, ECF No. 167; Case No. 12-cv-00402, ECF No. 203; Case No. 13-cv-01702, ECF No. 173; Case No. 12-cv-00202, ECF No. 167; Case No. 13-cv-01802, ECF No. 69; Case No. 13-cv-01502, ECF No. 98; Case No. 13-cv-02302, ECF No. 80; Case No. 13-cv-01002, ECF No. 122; Case No. 15-cv-03002, ECF No. 12; Case No. 13-cv-01102, ECF No. 85; Case No. 13-cv-02502, ECF No. 151; Case No. 13-cv-02802, ECF No. 79; Case No. 13-cv-00902, ECF No. 106; Case No. 12-00102, ECF No. 493]; NSK Ltd., NSK Americas, Inc., NSK Steering Systems Co., Ltd., NSK Steering Systems America, Inc. [Case No. 12-cv-00502, ECF No. 179; Case No. 13-cv-01902, ECF No. 151]; LEONI Wiring Systems, Inc. and Leonische Holding Inc. [Case No. 12-cv-00102, ECF No. 496]; Valeo Japan Co., Ltd., on behalf of itself and

2

Valeo Inc., Valeo Electrical Systems, Inc. and Valeo Climate Control Corp. [Case No. 2:13-cv-02702, ECF No. 76]; Sumitomo Riko Co. Ltd. and DTR Industries, Inc. [Case No. 2:13-cv-00802, ECF No. 141; Case No. 2:15-cv-03202, ECF No. 141]; Omron Automotive Electronics Co. Ltd. [Case No. 2:16-cv-03902, ECF No. 1]; Furukawa Electric Co., Ltd. and American Furukawa, Inc. [Case No. 2:12-cv-00102, ECF No. 498]; and Schaeffler Group USA Inc. [Case No. 2:13-cv-00502, ECF No. 179].

    As they did in the first round of Dealership Plaintiff settlements, the Dealership Plaintiffs deferred requesting leave to provide notice until notice could be provided for a group of settlements. The number of settlements between Dealership Plaintiffs and the settling Defendants make it appropriate to commence the notice process under Rule 23(c)(2)(B) and to conduct a final approval hearing for the Settlements so the second round of settlement funds may be disbursed to eligible dealerships.

## B.    Plan for Dissemination of Notice to Potential Members of the Settlement Classes.

    The Settlements provide cash benefits to dealerships that purchased certain parts and/or purchased vehicles containing those parts in jurisdictions that the Dealership Plaintiffs contend allow antitrust indirect purchasers to seek money damages: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. (the "Included States"). Through Gilardi & Co., the class action notice consultant approved by the Court in the first round of Dealership settlements, mailing addresses for approximately 20,000 potential dealer class members in the Included States were identified. (See Declaration of Allen Vasquez.) The notice consultant also obtained a list of approximately 124,000 deliverable email addresses associated with dealerships in the Included States. (Id.) Through the

3

claim process in the first round of Dealership Plaintiff settlements, the notice consultant received confirmed contact information from more than 3,000 potentially eligible dealerships.  (*Id.*)

To provide notice of the current Settlements to potential class members, Dealership Plaintiffs propose a multi-faceted notice program intended to provide the best notice practicable under the circumstances.  Dealership Plaintiffs again intend to use Gilardi & Co. to carry out the notice plan.  Gilardi & Co. has proposed a notice plan that includes:

- Direct email notice to the more than 3,000 dealerships that made claims in the first round of dealership settlements in this litigation;

- Direct mail notice to approximately 16,000 postal addresses of dealership locations potentially eligible for money benefits under the Settlements;

- Email notice to approximately 124,000 email addresses associated with dealerships potentially eligible for money benefits under the Settlements;

- Published notice in magazines like *Ward's AutoWorld*, *Automotive News*, and *Auto Dealer Monthly* and digital media designed to target new car automobile dealerships nationwide;

- Online media efforts through outlets like Facebook and Twitter; and

- Earned media efforts through a national press release and the settlement web site, www.AutoDealerSettlement.com

(See Vasquez Decl.)  This comprehensive notice plan will reach more than 95 percent of the potential class members in the Included States.  (*Id.*)

## Argument

## I.   The Court Should Approve the Form and Manner of Notice to the Automobile Dealer Settlement Class Members.

Fed. R. Civ. P. 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." For Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances,

4

including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

### A.    Notice Standards and Requirements.

The purpose of notice in a class action is to "afford members of the class due-process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)). Due process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action, and affording them the opportunity to opt out or object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable.  See *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); Manual for Complex Litigation (Fourth) § 21.311, at 288 (2004) ("Manual.").  The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).  Each class member need not receive actual notice for the due-process standard to be met, "so long as class counsel acted reasonably in selecting means likely to inform persons affected." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D. N.Y. 1996).

Where names and addresses of known or potential class members are reasonably available, direct-mail notice should be provided. *See, e.g.*, *Eisen*, 417 U.S. at 175-76; Manual, § 21.311, at 292. If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due-process clause and Rule 23. *Mullane v.*

*Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317-18 (1950); *Carlough v. Amchem Prods.*, 158 F.R.D. 314, 325 (E.D. Pa. 1993).

Due process is satisfied even if all class members do not receive actual notice, as long as the plan was reasonably likely to inform the persons affected. *See, e.g., Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Whether a notice dissemination plan is reasonable is a function of the plan's anticipated results. *In re Domestic Air Transp.*, 141 F.R.D. at 539; see also *Berland v. Mack*, 48 F.R.D. 121, 129-30 (S.D.N.Y. 1969).

**B.     The Proposed Manner of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1).**

Dealership Plaintiffs propose providing notice through several different channels. Individual notice (the "Postal Notice" Exhibit 1 to the Proposed Order) will be mailed to the more than 20,000 known postal addresses associated with current and former new vehicle dealerships in the Included States. The Postal Notice will also be sent to the dealerships that submitted claims in the first round of Dealership settlements. The Postal Notice will direct recipients to a settlement website ("Settlement Website") for additional information. (See Ex. 1.)

A summary form of notice (the "Email Notice," Exhibit 2 to the Proposed Order) will be sent by email to approximately 124,000 email addresses associated with dealers in the Included States. (See Ex. 2). Because a similar list was used in the first round of Dealership Plaintiff settlements, a high percentage of these email addresses are known to be deliverable. The Email Notice will direct recipients to the Settlement Website for additional information. A summary notice (the "Publication Notice") will be published in: (1) *Ward's AutoWorld*, (2) *Automotive News*, and (3) *Auto Dealer Monthly.* (Vasquez Decl.) The content of the Publication Notice will be the same as the Email Notice and will direct readers to the Settlement Website for further information. (*Id.*) A press release on a national newswire will be issued, directing readers to the Settlement Website for additional information. (*Id.*)

6

The Settlement Website will provide the definitions of the Settlement Classes, a detailed description of the Settlements, the settlement agreements, and the long-form Postal Notice (Ex. 1) that describes the options for participating in, seeking exclusion from, or objecting to the Settlements. The Settlement Website will also display, as the relevant information becomes available: (1) information about the proposed methods for allocating the settlement funds (the "Plans of Allocation"); (2) deadlines and Proof of Claim forms; (3) relevant court documents and filings; and (4) updates on the status of Court approval. The notices and the Settlement Website will also provide a toll-free telephone number that can be called for assistance or more information. (See Ex. 1 & 2).

To further supplement the Postal, Email, and Publication notices, online notice efforts will also be used. Banner ads prominently displaying the address of the Settlement Website will run in *Ward's* e-newsletter, which is distributed to 33,000 automobile dealer professionals throughout the United States. (Vasquez Decl.) Gilardi & Co. will also maintain Facebook and Twitter accounts to further publicize the Settlements and the Settlement Website. (*Id.*) The prior notice plan resulted in a high number of eligible dealerships filing claims and the notice plan in this second round of settlements will build on that success by providing additional emphasis on the notice methods that produced the greatest response.

The methods of notice proposed here are the best available under the circumstances. The proposed methods are well-designed to reach potential Settlement Class members and to comply with due process. Nearly all potential Settlement Class members in the Included States will receive direct, mailed notice. The more than 95 per cent "reach" for these potential class members far exceeds due process requirements. *See, e.g.*, *Larson v. Sprint Nextel Corp.*, No. 07-5325, 2009 WL 1228443, at *11 (D. N.J. April 30, 2009). The "reach" of the notice proposed here is well beyond the notice reach approved in other cases. *Id.* at *12. ("No case stands for the proposition that a

7

publication notice reach of 49-53 percent is disallowed."). The Court should approve the Dealership Plaintiffs' proposed notice plan and should allow the notice process to begin.

### C.    The Proposed Form of Notice Satisfies the Requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1).

The content of a class action settlement notice "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

The long form Postal Notice and short-form Email and Publication Notices are drafted in the "plain language" format preferred by federal courts and provide the information required by Rule 23. (See Vasquez Decl.) The notices were drafted with assistance from Gilardi & Co., a well-regarded class action notice expert that the Court approved for the first round of Dealership Plaintiff settlements.. Gilardi & Co. believes that the current notices are understandable and compliant with due process. (*Id.*) The notices closely follow those approved by the Court in the first round of settlements. There were no objections to those notices and the current proposed notices satisfy the content requirements of Federal Rule of Civil Procedure 23. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F.Supp. 450, 496 (D.N.J. 1997); MANUAL at § 21.633.

At final approval, the Dealership Plaintiffs will show that the form and content of the notices, together with the manners of dissemination, were reasonably calculated to reach the members of the Settlement Classes and were the best form of notice available under the circumstances, in satisfaction of federal law and due process

**II.    The Proposed Notices Provide Class Members With Sufficient Information About the Details of the Settlements.**

The notice plan also provides potential members of the Settlement Classes with information about the benefits available under the Settlements, their options, and the attorneys' fees, costs, and service awards that may be requested at final approval.

Counsel for the Dealership Plaintiffs will seek reimbursement of certain of the litigation expenses already incurred during the course of the litigation of the cases involved in the Settlements. *See, e.g.*, Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and untaxable costs that are authorized by law or by the parties' agreement."); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008) ("Under the common fund doctrine, class counsel are entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." (Citation and internal quotation marks omitted.)).

The full Postal Notice provides notice that counsel for the Dealership Plaintiffs will also request that they be permitted to use a portion of the Settlements to create a fund to pay future expenses incurred in the ongoing litigation against the non-settling Defendants.[1]  The Court granted similar requests from the Dealership Plaintiffs, the End Payors, and the Direct Purchasers to establish a fund to pay future litigation expenses and allowing a portion of the settlement funds to be used for future expenses is well-accepted. *See, e.g., In re Packaged Ice Antitrust Litig.*, 2011 WL 717519, at *13-14 (E.D. Mich. Feb. 22, 2011) (approving class counsel's request to use up to $750,000 of proceeds from early settlement to pay litigation expenses); *see also* MANUAL at § 13.21 ("[p]artial settlements may provide funds needed to pursue the litigation . . . . ").

---

[1] This fund will only be used in the parts cases in which the Settlements have been reached.

Counsel for the Dealership Plaintiffs will request that up to eight percent be set aside from the Settlements and used to fund future litigation expenses in the cases that continue against non-settling Defendants. Granting such a request is well within the court's authority. *See, e.g., In re Linerboard Antitrust Litig.*, 292 F. Supp.2d 631, 643 (E.D. Pa. 2003) (concluding that a partial "settlement provides class plaintiffs with an immediate financial recovery that ensures funding to pursue the litigation against the non-settling defendants"); see also *Newby v. Enron Corp.*, 394 F.3d 296, 302-03 (5th Cir. 2004) (affirming establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) (approving class counsel's request for $500,000 set aside to pay outstanding and future litigation costs); *In re WorldCom, Inc. Sec. Litig.*, 02-civ-3288 (DLC), 2004 WL 2591402, at *22 (S.D.N.Y. Nov. 12, 2004) (creating a $5 million fund for the continuation of litigation against non-settling defendants).

The notice plan will also advise Settlement Class members that information about the Plans of Allocation of the proceeds of the Settlements has been or will be published on the Settlement Website. The Court has granted approval of the Plans of Allocation for many of the parts at issue in these Settlements. Dealership Plaintiffs will seek approval of the Plans of Allocation for other involved parts but the Court may grant final approval before approving a plan of allocation. *See, e.g.,* MANUAL § 21.312 ("Often . . . the . . . details of allocation and distribution are not established until after the settlement is approved."); *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155379, at *3 (E.D. Tenn. May 17, 2013) (district court gave final approval to a settlement without a plan of allocation, noting that "[o]nce the claim processing procedure is completed, plaintiffs will submit a proposed plan of allocation of the settlement proceeds for the Court's approval"); *Packaged Ice*, 2011 WL 717519, at *2, *17 (E.D. Mich. Feb. 22, 2011) ("[c]lass Counsel explained at the Fairness Hearing that the final plan of allocation was not included in the original Notice in part because of

10

the potential for additional settlements with other Defendants which may affect the final plan of allocation," and finally approving the settlements that were presented, retaining jurisdiction to, among other things, "enter[] any Orders or conducting any hearings in connection with any final plan of distribution or claims submission process . . . . "); *see also In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d Cir. 1987) ("To impose an absolute requirement that a hearing on the fairness of a settlement follow adoption of a distribution plan would immensely complicate settlement negotiations and might so overburden the parties and the district court as to prevent either task from being accomplished."); *In re Washington Public Power Supply System Sec. Litig.*, [1989 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 94,326, at 92,143, 1988 WL 158947 (W.D. Wash. July 28, 1988) ("Such deferral of allocation decisions is routinely followed in partial settlements where the appropriate allocation among class members can best be determined when further settlements have been achieved or the litigation is completely resolved.").

Information about how the settlement money will be allocated through the Plans of Allocation are either already published on the Settlement Website or will be before the deadline for class members to exclude themselves from the Settlements. The Court previously approved the Dealership Plaintiffs engagement of Stuart A. Rosenthal, an attorney with extensive experience representing dealers, to assist in devising the Plans of Allocation. Subject to the Court's approval, Mr. Rosenthal helped devise Plans of Allocation that determine how the proceeds of the Settlements will be allocated to (1) dealers who purchased vehicle models that were subject to alleged collusion on bids for component parts, (2) dealers who purchased vehicles from manufacturers of vehicles allegedly affected by collusion on bids for component parts, (3) dealers who purchased allegedly affected component parts manufactured by the Settling Defendants or their alleged co-conspirators , and (4) a reserve fund for future allocation and distribution to eligible Settlement Class members.

11

Class representatives are "an essential ingredient of any class action" and incentive awards are appropriate to induce a business or consumer to participate in worthy class action lawsuits. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 2008). "Such "[i]ncentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006) (*citing Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 2005 WL 388562, at *31 (S.D.N.Y. Feb. 18, 2005)).

The notice plan advises Settlement Class members that interim service awards may be requested for the automobile dealerships that have served as class representatives in these cases. These dealerships have sustained a significant discovery burden and will continue to face depositions and additional document discovery for a considerable period of time. The Dealership Plaintiffs may seek an award from the Court recognizing the class representatives' efforts. *See In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473, at *5 (E.D. Mich. Jan. 20, 2015) (in a $19 million settlement, award of $50,000 to each class representative); *In re Skelaxin Antitrust Litig.*, No. 12–cv–83, 2014 WL 2946459 (E.D. Tenn. June 30, 2014) (settlement of direct purchaser pharmaceutical antitrust action, awarding $50,000 to each class representative); *Connectivity Systems Inc. v. National City Bank*, 2011 WL 292008, at *20 (S.D. Ohio Jan. 26, 2011) (in $10 million settlement, awarding $50,000 each to three named plaintiffs); *Liberte Capital Group v. Capwill*, 2007 WL 2492461, at *3 (N.D. Ohio Aug. 29, 2007) (awarding $97,133.83 and $95,172.47 to two named plaintiffs representing subclasses that received $11 million and $7 million); *Hainey v. Parrott*, No. 1:02–cv–733, 2007 WL 3308027 (S.D. Ohio Nov. 6, 2007) (approving service award of $50,000 for each class representative); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535-36 (E.D. Mich.2003) (awarding $75,000 to each class representative); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913–14 (S.D. Ohio 2001) (granting a $50,000 service award out of a $5.25 million fund); *In re Revco Sec. Litig.*, 1992 WL 118800, *7 (N.D. Ohio May 6, 1992) ($200,000 incentive award to named plaintiff); *Enter.*

*Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 251 (S.D. Ohio 1991) (approving service awards of $50,000 to six class representatives out of a settlement fund of $56.6 million).

The notice plan also provides notice of counsel for the Dealership Plaintiffs' intent to request an interim award of attorneys' fees and expenses as part of the final approval process. The Court may award attorneys' fees and expenses before the litigation is concluded. *See In re Air Cargo Shipping Serv. Litig.*, No. 06-md-1775 (JG) (VVP), 2011 WL 2909162, at *5-7 (E.D.N.Y., Jul. 15, 2011) (interim award granted); *In re Sterling Foster & Company, Inc. Sec. Litig.*, 238 F. Supp. 2d 480, 484-85, 489-90 (E.D.N.Y. 2002) (interim attorneys' fees awarded). Counsel for the Dealership Plaintiffs have litigated these cases for years and will continue to vigorously represent the interests of dealerships. *See In re Diet Drugs Prod. Liab. Litig.*, 2002 WL 32154197, at *12 (E.D. Pa., Oct. 3, 2002) (awarding an interim fee after four years of litigation and noting "to make them wait any longer for at least some award would be grossly unfair").

## III.    The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines.

Dealership Plaintiffs respectfully request that the Court hold a single final approval hearing in connection with the Settlements. At the hearing, the Court should consider whether the Settlements are fair, reasonable, and adequate; whether to approve a request for interim attorneys' fees and reimbursement of litigation expenses and any requested service awards for the named Dealership Plaintiffs.

The proposed order sets out the method and timing of requests for exclusion and for submitting any objections to the Settlements. Other dates are also set out in the proposed order. The Dealership Plaintiffs propose the following schedule:

| Event | Time for Compliance |
|---|---|
| Mailing of Postal Notice and Email Notice, Establishment of Settlement | 10    days    from |

| Website | Order allowing dissemination of notice |
|---|---|
| Commence Placement of Publication Notice | 10 days from Order allowing dissemination of notice |
| Filing of Motion in Support of Request for Attorneys' Fees, Reimbursement of Expenses, and Service Awards | October 12, 2016 |
| Deadline for filing Opt-Outs or objections to Settlements | October 28, 2016 |
| Deadline for appearance of Counsel regarding objections | October 28, 2016 |
| Deadline for Counsel to file notice of intent to appear at Final Approval Hearing | October 28, 2016 |
| Final Approval Hearing | November 16, 2016 at 1:30 p.m. |
| Proof of Claim deadline | April 28, 2017 |

14

Dated:  August 25, 2016                    Respectfully submitted,

                                           /s Gerard Mantese
                                           Gerard V. Mantese
                                           (Michigan Bar No. P34424)
                                           **MANTESE HONIGMAN, P.C.**
                                           1361 E. Big Beaver Road
                                           Troy, Michigan 48083
                                           Telephone: (248) 457-9200
                                           gmantese@manteselaw.com

                                           ***Interim Liaison Counsel for
                                           Dealership Plaintiffs***

                                           Shawn M. Raiter
                                           **LARSON KING, LLP**
                                           2800 Wells Fargo Place
                                           30 East Seventh Street
                                           St. Paul, MN 55101
                                           Telephone:  (651) 312-6500
                                           Facsimile:   (651) 312-6618
                                           sraiter@larsonking.com

                                           Jonathan W. Cuneo
                                           **CUNEO, GILBERT &
                                           LADUCA, LLP**
                                           507 C Street, N.E.
                                           Washington, DC 20002
                                           Telephone: (202) 789-3960
                                           jonc@cuneolaw.com

                                           Don Barrett
                                           **BARRETT LAW GROUP,
                                           P.A.**
                                           P.O. Box 927
                                           404 Court Square
                                           Lexington, MS 39095
                                           Telephone:  (662) 834-2488
                                           Facsimile:   (662)834-2628
                                           dbarrett@barrettlawgroup.com

                                           ***Interim Co-Lead Class
                                           Counsel for Dealership
                                           Plaintiffs***

1538582.

15

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 25, 2016 I electronically filed the foregoing papers with the

Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of

record.

/s/Sherri Sikorski
Sherri Sikorski
Mantese Honigman, P.C.
1361 E. Big Beaver Rd.
Troy, Michigan 48083
Telephone: (248) 457-9200
ssikorski@manteselaw.com

16